ACCEPTED
01-14-00799-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/20/2015 4:09:18 PM
CHRISTOPHER PRINE
CLERK

CAUSE NO. 01-14-00799-cv

IN THE COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/20/2015 4:09:18 PM
CHRISTOPHER A. PRINE
Clerk

FOR THE FIRST DISTRICT OF TEXAS

HOUSTON, TEXAS

BARBARA REGINA SCHLEIN,

*Appellant,*

*vs.*

ANTHONY P. GRIFFIN,

*Appellee.*

## IDENTITY OF PARTIES & COUNSEL

| | |
|---|---|
| *Appellant:* | Barbara Regina Schlein |
| **Counsel for Appellant:** | Stephen H. Cagle, Jr. |
| | State Bar No. 24045596 |
| | *scagle@csj-law.com* |
| | Heather Panick |
| | State Bar No. 24062935 |
| | *hpanick@csj-law.com* |
| | 2302 Fannin, Suite 500 |
| | Houston, Texas  77002 |
| | Telephone: (713) 659-7617 |
| | Facsimile:  (713) 659-7641 |

-ii-

*Appellee:*  Anthony P. Griffin

*Counsel for Appellee:*  Ms. Norma Venso
State Bar No. 20545250
*nvenso@earthlink.net*
830 Apollo
Houston, Texas 77058
Facsimile: (281) 286-9990
Telephone: (409) 789-8661

*Trial Judge:*  Honorable Barbara E. Roberts

## PARTIES IN UNDERLYING DIVORCE MATTER

*Cross Plaintiff/Petitioner*:  Barbara Regina Schlein

*Counsel for Plaintiff/Petitioner*:  Anthony P. Griffin

*Cross Defendant/Respondent* :  Robert John Schlein

*Counsel for Defendant/Respondent*:  Bill De La Garza

*Trial Judge*:  Honorable Barbara E. Roberts

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUE PRESENTED FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    I.     The Trial Court Erred by Permitting Anthony Griffin, Individually, to Enforce This Agreement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        A. Standard for Privity and Capacity. . . . . . . . . . . . . . . . . . . . . . . . . 12

        B. Griffin Failed to Present Sufficient Evidence Establishing Capacity to Enforce the Fee Agreement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    II.    The Trial Court Erred by Excluding Evidence of Griffin's Habit, Custom or Routine Practice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

        A. Standard for Habit or Routine Evidence; Rule 406. . . . . . . . . . . . . . 15

        B. Griffin Opened the Door to the Grievances by Attempting to Establish that He Always Kept All of His Clients Informed. . . . . . . . . . . . . . . 16

        C. The Trial Court Erred by its Treatment of the Complaints. . . . . . . . 18

        D. Complaints were Admissible as Similar Happenings Evidence. . . . 21

      1. Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

      2. Texas Cases Examined. . . . . . . . . . . . . . . . . . . . . . . . . . . 21

   E. Exclusion of the Complaints Bolstered Griffin's Credibility while Damaging Schlein's. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

   F. The Complaints are Necessary Evidence for Exemplary Damages.. 25

III.  The Trial Court Erred in Permitting Undisclosed Character Witnesses to Testify as Rebuttal Witnesses. . . . . . . . . . . . . . . . . . . . . . . . . 26

   A. Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

   B. Griffin Cannot Meet the Standard.. . . . . . . . . . . . . . . . . . . . . 27

IV.  The Trial Court Erred in Charging the Jury on the Breach of Fiduciary Duty. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

V.   The Jury's Answers to the Court's Charge on Fiduciary Duty was Against the Great Weight and Preponderance of the Evidence. . . . . . . . . . . . . . 31

   A. Standard of Review.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

   B. Fiduciary Duties Owed by Attorneys.. . . . . . . . . . . . . . . . . . . 33

   C. The Evidence Admitted Established Breach Conclusively. . . . . . . . 34

VI.  The Trial Court Erred by Excluding Evidence which Established a Breach of Fiduciary Duty as a Matter of Law. . . . . . . . . . . . . . . . . . . . . . 35

   A. Admissibility of Superceded Pleading.. . . . . . . . . . . . . . . . . . . 36

   B. Griffin's Original Petition Establishes Breach of Fiduciary Duty as a Matter of Law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

VII. The Jury's Refusal to Find Actual Damages Resulting from Griffin's Unconscionable Conduct was Against the Great Weight and Preponderance

of the Evidence.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

    A. The Jury's Verdict Should be Disregarded Because Some Evidence of
       Damages was Provided.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

VIII. Griffin's Expert Witness, Genevieve McGarvey, Should Not Have Been
    Permitted to Testify. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

    A. Procedural Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

    B. Trial Court Erred by Ignoring the Rules Governing Experts and its Own
       Discovery Control Order. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

IX. McGarvey's Testimony was Legally Insufficient to Prove that Griffin's
    Fees were Reasonable. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

    A. There is no Evidence to Support the Jury's Finding of Damages
       in Question No. 5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

CONCLUSION AND RELIEF REQUESTED.. . . . . . . . . . . . . . . . . . . . . . . 49

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

# INDEX OF AUTHORITIES

*Cases*

*Aluminum Co. of Am. v. Bullock,* 870 S.W.2d 2 (Tex. 1994). . . . . . . . . . . . . . . 27

*Alvarado v. Farah Mfg.,* 830 S.W.2d 911 (Tex. 1992).. . . . . . . . . . . . . . 43, 44, 45

*Anglot-Dutch Petroleum Int'l, Inc. v. Greenberg Peden, P.C.,*
352 S.W.3d 445 (Tex. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Archer v. Griffith,* 390 S.W.2d 735 (Tex. 1965).. . . . . . . . . . . . . . . . . . . . . . . . 33

*Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812 (Tex. 1997). . . . 46

*Brown v. Green,* 302 S.W.3d 1
(Tex. App.–Houston [14th Dist.] 2009, pet. denied). . . . . . . . . . . . . . . . . . . . . 34

*Burrow v. Arce*, 997 S.W.2d 229 (Tex. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . 48

*Cas. Underwriters v. Rhone,* 134 Tex. 50 (Tex. 1939).. . . . . . . . . . . . . . . . . . . 48

*Castillo v. American Garment Finishers Corp.,* 965 S.W.2d 646
(Tex. App.–El Paso 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

*City of Brownsville v. Alvarado,* 897 S.W.2d 750 (Tex. 1995). . . . . . . . . . . . . . 20

*City of Keller v. Wilson,* 168 S.W.3d 802 (Tex. 2005). . . . . . . . . . . . . . . . . . . . 32

*City of San Antonio v. Pollock*, 284 S.W.3d 809 (Tex. 2009). . . . . . . . . . . . . . . 48

*Coastal Liquids Transp., L.P. v. Harris Cnty. Appraisal Dist.*, 46 S.W.3d 880
(Tex. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Conquest Drilling Fluids v. Tri-Flo Int'l, Inc.*, 137 S.W.3d 299
(Tex. App.–Beaumont 2004, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Croucher v. Croucher*, 660 S.W.2d 55 (Tex. 1983). . . . . . . . . . . . . . . . . . . . . . 32

*Custom Leasing, Inc. v. Tex. Bank & Trust Co. of Dall.,* 516 S.W.2d 138
(Tex. 1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Davis v. Raney Auto Company*, 249 S.W.878 *accord Kahn v. Imperial Airport, L.P.,*
308 S.W.3d 432 (Tex. App.–Dallas 2010). . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Davis v. State*, 177 S.W.3d 355 (Tex. App.–Houston [1ˢᵗ Dist.] 2005). . . . . . . . . 36

*Dow Chem. Co. v. Francis,* 46 S.W.3d 237 (Tex. 2001). . . . . . . . . . . . . . . . . . . 31

*Durbin v. Dal-Briar Corp.,*
871 S.W.2d 263 (Tex. App.–El Paso 1994, writ denied). . . . . . . . . . . . . . 21, 22, 24

*Exxon Corp. v. Perez*, 842 S.W.2d 629 (Tex. 1992).. . . . . . . . . . . . . . . . . . . . . . 30

*First Texas Sav. Ass'n of Dallas v. Dicker Center, Inc.,* 631 S.W.2d 179
(Tex. App.–Tyler 1982, no writ.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

*Fleming v. Curry,* 412 S.W.3d 723
(Tex. App.–Houston [14ᵗʰ Dist.] 2013, pet. filed). . . . . . . . . . . . . . . . . . . . . 33

*Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394 (Tex. 1989). . . . . . . . . . . . . . 20

*Goffney v. Rabson,* 56 S.W.3d 186
(Tex. App.–Houston [14ᵗʰ Dist.] 2001, pet. denied). . . . . . . . . . . . . . . . . . . . 33

*Golden Eagle Archery, Inc. v. Jackson,* 24 S.W.3d 362 (Tex. 2000).. . . . . . . . . . 21

*Hoover Slovacek, LLP v. Walton,* 206 S.W.3d 557 (Tex. 2006). . . . . . . . . . . . . . 33

*Interstate Northborough P'ship v. State*, 66 S.W.3d 213 (Tex. 2001).. . . . . . . . . 20

*In re Allied Chemical*, 227 S.W.3d 652 (Tex. 2007). . . . . . . . . . . . . . . . . . . . 14, 15

*In re J.F.C.*, 96 S.W.3d 256 (Tex. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*John C. Flood of DC, Inc. v. SuperMedia, LLC,* 408 S.W.3d 645
(Tex. App.– Dallas 2013, no pet.).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Kahn v. Imperial Airport L.P.,*308 S.W.3d 432 (Tex. App.–Dallas 2010).. . . . . . 14

*Keck, Mahin & Cale v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,*
20 S.W.2d 692 (Tex. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Kurtz v. Kurtz*, 158 S.W.3d 12 (Tex. App. 2004). . . . . . . . . . . . . . . . . . . . . . . . 46

*Landry's Seafood House-Addison, Inc. v. Snadon*, 233 S.W.3d 430
(Tex. App.–Dallas 2007, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Mediacomp, Inc. v. Capital Cities Communication,* 698 S.W.2d 207
(Tex. App.–Houston [1ˢᵗ Dist.] 1985, no writ. . . . . . . . . . . . . . . . . . . . . . . 15

*McCraw v. Maris*, 828 S.W.2d 756 (Tex. 1992).. . . . . . . . . . . . . . . . . . . . . . . 20

*Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659 (Tex. 1996). . 12

*Oakwood Mobile Homes, Inc. v. Cabler,* 73 S.W.3d 363
(Tex. App.–El Paso 2002, writ denied).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Ortiz v. Glusman,* 334 S.W.3d 812 (Tex. App.–El Paso 2011, pet denied) . . . . 20

*Perez v. Kirk Carrigan*, 822 S.W.2d 261
(Tex. App.–Corpus Christi 1991, writ denied). . . . . . . . . . . . . . . . . . . . . . . . 34

*Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex. 1986).. . . . . . . . . . . . . . . . . . 33

*Sanders v. Total Heat & Air, Inc.*, 248 S.W.3d 907
(Tex. App.–Dallas 2008, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Serv. Corp. Intern. v. Guerra*, 348 S.W.3d 221 (Tex. 2011). . . . . . . . . . . . . . 18, 23

*Simplex, Inc. v. Diversified Energy Sys., Inc.*,
847 F.2d 1290 (7ᵗʰ Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Sterner v. Marathon Oil Co.,* 767 S.W.2d 686 (Tex. 1989). . . . . . . . . . . . . . . . 31

*Sturges v. Wal-Mart Stores, Inc.,*

39 S.W.3d 608 (Tex. App.–Beaumont 1998)
rev'd on other grounds, 52 S.W.3d 711 (Tex. 2001). . . . . . . . . . . . . . . . 23, 25, 26

*Texas Dep't of Transp. v. Able*, 35 S.W.3d 608 (Tex. 2000). . . . . . . . . . . . . . . . 20

*U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.2d 518 (Tex. 2012).. . . . . . . . . . . . . . . . 21

*Underwriters Life Ins. Co. v. Cobb,*
746 S.W.2d 810 (Tex. App.–Corpus Christi 1998, no writ).. . . . . . . . . . . . . 21, 22

*U.S. v. West,* 22 F.3d 586 (5th Cir. 1994).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Wadewitz v. Montgomery*, 951 S.W.2d 464 (Tex. 1997). . . . . . . . . . . . . . . . . . . 49

*Willis v. Maverick*, 760 S.W.2d 642 (Tex. 1988). . . . . . . . . . . . . . . . . . . . . . 33, 34

*Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.,* 422 S.W.3d 821
(Tex. App. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

**Statutes**

Tex. Bus. Comm. Code 17.49. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

Tex. Gov't §82.065(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

**Other Authorities**

PJC 104.2-3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Tex. R. Civ. P. 193.5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

Tex. R. Civ. P. 193.6. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44, 45

Tex. R. Civ. P. 194.2(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41, 45

Tex. R. Civ. P. 277. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Tex. R. Civ. P. 278. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Tex. Disc. R. Prof. Cond. 1.04. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

Tex. R. Evid. 401.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

Tex. R. Evid. 404.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Tex. R. Evid. 406.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

25 Tex. Jur. 3d *Evidence* 261 (2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

W. Wendell Hall et al., Hall's Standards of Review in Texas, 42 St. Mary's L.J. 3 (2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

## STATEMENT OF THE CASE

*Nature of the case.* This is a case involving breach of an attorney fee agreement. Appellant Barbara Regina Schlein ("Schlein") was persuaded to engage Appellee Anthony Griffin ("Griffin") in her ongoing divorce case. Parties to the fee agreement were Appellant and "A Griffin Lawyers/Anthony P. Griffin, Inc." (the "Firm"). After a final decree was entered in the underlying divorce case, Appellant was sued, alleging failure to pay on that case and other cases. [CR 3] The original plaintiff was Griffin, individually. Schlein answered with a general denial, a verified denial challenging Griffin's capacity to sue, and counterclaimed for breach of contract, legal malpractice, breach of fiduciary duty, fraud, fraud for failure to disclose, defamation, libel, libel per se, and violations of the Deceptive Trade Practices Act. [CR 363] Subsequently, in response to Schlein's traditional motion for partial summary judgment on Griffin's lack of capacity to maintain suit, Griffin amended his pleadings to identify the plaintiff as "Anthony Griffin d/b/a A Griffin Lawyers." [CR 3; CR 628]

*Course of proceedings.* The parties' claims were tried to a jury, which found for "Anthony Griffin d/b/a A Griffin Lawyers" on its breach of contract claim. The jury assessed $105,750 in actual damages, representing attorney's fees incurred by Griffin in representing Schlein in her divorce; $22,399.29 in costs related to same; and

$62,866 in attorney's fees for the instant action.  The jury also found that Griffin had knowingly engaged in an unconscionable action or course of action; it assessed actual damages in the amount of "0" and $5,000.00 in exemplary damages. [CR-Supp-25-26]

Griffin subsequently filed two motions for judgment notwithstanding the verdict and Schlein filed a motion for new trial, all of which were denied. [CR 1144; CR 1175; CR 1209; CR 1245]  The trial court entered judgment on the verdict on June 30, 2014. [CR 1249] This appeal followed.

## ISSUE PRESENTED FOR REVIEW

Appellant raises the following issues in this appeal:

(1)     The trial court permitted "Anthony Griffin d/b/a A Griffin Lawyers" to prosecute this case, although Anthony Griffin was not a party to the subject fee agreement.  A Griffin Lawyers is not a registered d/b/a and Anthony P. Griffin, Inc. is a corporation that has not been in good standing since 1998.  It further barred evidence that A Griffin Lawyers was a d/b/a, not of Anthony Griffin, but of Anthony P. Griffin, Inc.  Did the trial court err?

(2)     Griffin offered testimony that his habit and routine practice was to keep all of his clients informed about their cases.  In rebuttal, Schlein offered 32 grievances and lawsuits filed against Griffin by other clients since January 1, 2009 that raised issues about his fee and complained that he failed to keep clients informed .  While Griffin was permitted to call former clients to testify that he kept them informed, the trial court excluded all 32 of these grievances and lawsuits brought against him. Did the trial court err?

(3)     The trial court permitted Griffin to call undisclosed "rebuttal" witnesses to testify that he always keeps them informed.  They also provided favorable character testimony for Griffin.  Griffin failed to show good

cause for not disclosing these witnesses before trial. Did the trial court err?

(4)     The trial court placed the burden on Schlein, rather than Griffin, on the issue of breach of fiduciary duty. Schlein submitted a substantially correct form of the question, which placed the burden on Griffin. Schlein's question was rejected. Did the trial court err?

(5)     The jury's answers to the court's charge on breach of fiduciary duty were supported by insufficient evidence.

(6)     Schlein offered Griffin's original petition to establish that Griffin disclosed privileged communications and that Griffin sued Schlein on a non-existent contingency fee contact. The trial court excluded the original petition. Did the trial court err?

(7)     The jury's refusal to find actual damages resulting from Griffin's unconscionable conduct was against the great weight and preponderance of the evidence.

(8)     Griffin failed to timely produce a report or disclose the information relating to his expert witness, Genevieve McGarvey, as required by Rule 194.2(f), Rule 195, and the docket control order issued by the trial court. After pr4eviously ordering that McGarvey was stricken as a result of Griffin's failure to produce a report and make the requisite disclosures, the trial court changed her mind at trial, and allowed McGarvey to testify. Did the trial court err?

(9)     The testimony of Griffin's expert witness, Genevieve McGarvey, was legally insufficient to support a judgment awarding Griffin damages in the form of reasonable attorney's fees.

### STATEMENT OF FACTS

Schlein's divorce action had been ongoing for over thirteen months when she was introduced to Griffin by a volunteer attorney in a women's shelter. [RR 6, 42:6-

23] Griffin urged her to hire his firm to finish her difficult divorce action. Citing his firm's reputation as "the best," he told her that he could effectively counter the tactics of her husband's lawyer. [RR 6, 45:7-18; RR 6, 51:11-21] According to Schlein, Griffin also promised to finish her divorce case for a flat fee. [RR 6, 43:19-25] After two meetings, Schlein agreed to hire A Griffin Lawyers/Anthony P. Griffin, Inc. (the "Firm"). Schlein testified that the promised fee structure, and Griffin's statements about the reputation of the Firm, were key to her decision to accept the offer. [RR 6, 45:14-18]

On November 3, 2009, Schlein and Griffin executed the five-page fee agreement at issue in this case (the "Fee Agreement"). [RR 6, 49:12-50:9; PX-1 (Tab 3)] Also on November 3, Griffin tendered a "Letter of Explanation and Letter Agreement" ("Letter Agreement"). The Letter Agreement was signed by Griffin, referenced the Fee Agreement, and explained its terms and scope. [PX-2 (Tab 4)] Appellant testified that Griffin used the Letter Agreement to explain the Fee Agreement before she signed. [RR 6, 47:1-3] [PX-2] Read together, these two documents outlined the scope of the relationship as follows:

(a)     Schlein was hiring "A Griffin Lawyers/Anthony P. Griffin, Inc." to represent her in her divorce and certain listed claims involved in division of property. [PX-1, p. 1]

(b)     As consideration, Schlein agreed to pay a $35,000 nonrefundable retainer at a future date. [PX-1, p. 2-3] This retainer was set significantly higher than the firm's normal retainer for similar work. [PX-1, p. 2] "The retainer is set at an amount that is anticipated that no additional fees will be charged." [PX-2, p.1] Although Schlein was only required to pay a $35,000 retainer, the Fee Agreement entitled the Firm to seek recovery of its full reasonable fee from Schlein's ex-husband in the divorce proceeding. [PX-1, p. 3]

(c)     Two related claims – one involving a suit against a homebuilder (the "Builder Case") and one involving Schlein's son – would be handled outside the Fee Agreement. The Explanation Letter stated that for each of these matters "[a] separate contract will be drawn for this purpose; no retainer is contemplated (contingent fee)." [PX-2, p.2] No written fee agreements were drafted or executed in these matters. [RR 6, 48:1-9; RR 6, 48:10-15; RR 6, 48-49: 24-8; RR 7, 17:9-14]

(d)     The Firm promised to "produce copies of documents as related to this litigation and to keep the client fully informed." [PX-1, p. 5]

The divorce action was tried to a jury verdict in May 2011; a final decree was entered on October 24, 2011. [PX-6] However, the first and only bill by the Firm

was created months after trial.[1] [RR 4, 113-115; RR 6, 53] This bill was more than triple the $35,000 retainer and purported to include fees for work on matters other than the divorce proceeding, including the Builder Case. [PX-147 (Tab 5)] The Fee Agreement provided that the Firm would "not bill for any additional work unless and until the services rendered exceeded the retainer amount." [PX-1] Griffin testified that he rendered services in the amount of $35,000 on or about May 17, 2010. [RR 8, 103:2-5] However, Griffin created the only invoice on or about August 5, 2011, over a year later. [RR 8, 103:6-8] Schlein offered to pay Griffin the $35,000 retainer; instead, he terminated the relationship. [RR 4, 102:17-20; RR 4, 111:7-24; RR 4, 112-115:16-4; RR 4, 133:5] A day later, Griffin sent Schlein an email threatening: (1) to set aside the October 24th judgment by claiming fraud; (2) to retain the valuable tile entrusted to him during the divorce proceeding; (3) assert a lien for his costs and fees in the divorce proceeding; (4) to file a lien based on a contingent fee interest in the Builder Case; and (5) to hold onto Schlein's client file, comprised of approximately 30 boxes, for up to 30 days. [PX-146 (Tab 6)]

Griffin filed suit (in his individual capacity) on March 20, 2013. The Original Petition sought recovery for Griffin's work on both the divorce case and for a contingent interest in the Builder Case. [CR 3 (Tab 8)] Specifically, Griffin sought "a

---

[1] While the invoice [PX-147] is dated August 5, 2011, Schlein testified she did not see it until October 28. [RR 6 53:14-23]

declaratory judgment with respect to the contingent fee contract on the construction litigation that the contract is a valid and enforceable contract and remains in effect." [CR 3] Subsequently, Griffin amended his pleadings to drop this claim.  [CR 296]

Schlein challenged Griffin's capacity, claiming he could not recover against her because he was not a party to the contract and "Anthony P. Griffin, Inc." was not in good standing. [CR 481] Griffin claimed he was a party because "A Griffin Lawyers" was his assumed name, not the corporation's. [CR 633; RR 8, 87:10-20] This was contradicted by a bankruptcy petition filed on behalf of the corporation. [CR 522] The trial court refused to consider the bankruptcy petition and did not take judicial notice of same. [RR 10, 7-8:22-20]

Schlein's counterclaim against Griffin was centered on Griffin's breach of his duty to keep her reasonably informed. [CR 26] Lacking copies of signed letters or relevant emails, Griffin adduced testimony that it was his office's habit or routine practice to copy clients on all correspondence and pleadings. [RR 6, 165:7-18; RR 6, 125:7-15]  In response, Schlein sought to introduce evidence of 32 grievances and lawsuits filed against Griffin by clients whom he represented during the approximate time frame he represented Schlein.  Most, if not all of these grievances and lawsuits, were based on Griffin's fee and his failure to keep his clients informed. [RR 8, 67:3-14; DX-32-46 and 75-79] Although Schlein was allowed to mention limited portions

of three of the grievances, the trial court excluded all of the grievances and lawsuits. [CR 1143; RR 10, 90:18-92:7; RR 10, 172:2-5] The trial court then permitted Griffin to call undisclosed "rebuttal" witnesses to refute these grievances. [RR 10, 168:2-13; RR 10, 170:6-172:22]

After nine days of trial, the jury returned a verdict in favor of Griffin. This appeal followed.

## SUMMARY OF ARGUMENT

Griffin failed to demonstrate his capacity to enforce the fee agreement at issue. Griffin chose to contract with Schlein through a corporation that has not been in good standing with the Texas Secretary of State since 1998. Such a corporation is barred from using the courts of this state to enforce its obligations. And, as is apparent on the face of the Fee Agreement, A Griffin Lawyers purports to an assumed name of the Firm, not Griffin personally. Because Griffin is not a party to this contract, he cannot enforce it.

The trial court erred in excluding the 32 grievances and lawsuits offered to rebut Griffin's evidence of habit or routine practice. Notwithstanding Griffin's position taken at trial, the grievances and lawsuits were admissible as habit evidence, as evidence of similar happenings, and in support of Schlein's claim for exemplary damages. However, once Griffin testified that he always keeps his clients informed

of everything going on in their cases, he opened the door to allow Schlein to present this evidence to rebut Griffin's own habit evidence. The door was opened even further when Griffin was permitted to elicit testimony from his former clients that Griffin kept them informed. The sheer number of grievances and lawsuits filed against Griffin since January 1, 2009, conclusively rebutted any inference of habit or routine practice and destroyed any claim that Griffin kept all his clients informed. Therefore, by excluding this evidence, the trial court permitted Griffin to create a false impression, while depriving Schlein of the opportunity to prosecute her own claims.

The trial court compounded its error by permitting Griffin to rebut the mere mention of grievances with a parade of the aforementioned undisclosed "rebuttal" witnesses. These witnesses were permitted to testify as to the good character of Griffin and his habit of keeping them informed. Because these witnesses were undisclosed and because their testimony should have been reasonably anticipated, they should have been excluded.

Schlein established that Griffin breached his fiduciary duties as a matter of law. It is undisputed that Griffin took possession of Schlein's valuable imported Travertine tile during the underlying divorce. When Griffin terminated his relationship with Schlein, he refused to release her tile until his motion to set aside the verdict in the divorce case was heard. Griffin never filed this motion and never returned Schlein's

tile.  It is also undisputed that Griffin only sent Schlein one invoice for his services, an invoice that was created months after trial.  The chronology of events demonstrate conclusively that Griffin failed to keep Schlein informed, especially with respect to the amount of attorney's fees he was incurring.

Despite this evidence demonstrating Griffin's breach of fiduciary duty, the trial court rejected Schlein's jury issue, which placed the burden on Griffin to prove he complied with his fiduciary duty.

The trial court further erred by excluding Griffin's original petition in this action, which asserts an interest in a non-existent contingency fee agreement and discloses a privileged conversation between Schlein and Griffin.  Thus, the excluded petition establishes breach of fiduciary duty as a matter law.

Finally, Schlein was ambushed at trial not only by undisclosed rebuttal witnesses, but also by a  previously stricken expert who was permitted to testify when the issue was raised at trial.  Griffin failed to timely designate his expert, Genevieve McGarvey, in accordance with the docket control order, Rule 194.2(f), and Rule 195. Nevertheless, McGarvey was permitted to testify regarding the reasonableness of Griffin's attorney's fees in the underlying divorce matter over Schlein's objection.

McGarvey's conclusory testimony, however, was legally insufficient to support an award of attorney's fees for Griffin.

## ARGUMENT

**I.     The Trial Court Erred by Permitting Anthony Griffin, Individually, to Enforce This Agreement.**

The Fee Agreement listed "A Griffin Lawyers / Anthony P. Griffin, Inc." as the only party, other than Schlein, to the agreements at issue. [PX-1] When Anthony Griffin brought suit individually to enforce the Fee Agreement, Schlein raised the issue of capacity by verified pleading, and sought summary judgment on the issue. [CR 481] Attached to the Motion were discovery responses and deposition testimony from Griffin, establishing that Anthony P. Griffin, Inc. was not a party to the lawsuit. [CR 504-520] Also included was a Chapter 11 bankruptcy petition filed in 2012 by "Anthony P. Griffin, Inc.," which claimed "A Griffin Lawyers" as *its* assumed name. [CR 522 (Tab 7)]

In response, Griffin filed an amended petition, which added A Griffin Lawyers to the suit and listed "Anthony Griffin d/b/a A Griffin Lawyers" as Plaintiff. [CR 628] Anthony Griffin filed an affidavit asserting that, contrary to prior representations in the bankruptcy court and his deposition, A Griffin Lawyers was *not* an assumed name of "Anthony P. Griffin, Inc." but was his own. [CR 640]  Schlein objected, asserting that Griffin's response relied on a conclusory "sham" affidavit and failed to show compliance with the mandatory provisions of Tex. Bus. & Comm. Code 71.051-054, or display an assumed name record which was filed pursuant to that statute. [CR 699]

The trial court denied Schlein's motion for summary judgment. [CR 751] The trial court also denied Schlein's effort to raise the issue at trial. [RR 3, 30:8-31:16; RR 3, 33:17-42:17; RR 4, 108:3-20]

## A. Standard for Privity and Capacity

A party must have both standing and capacity to bring a lawsuit. "A plaintiff has standing when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex.1996). A challenge to a party's privity of contract is a challenge to capacity. *See John C. Flood of DC, Inc. v. SuperMedia, LLC*, 408 S.W.3d 645, 651 (Tex. App. - Dallas 2013, no pet.); *Landry's Seafood House - Addison, Inc. v. Snadon*, 233 S.W.3d 430, 433-34 (Tex. App. - Dallas 2007, pet. denied). Privity between the injured party and the party sought to be held liable is an essential element for recovery in any action based on contract. *Sanders v. Total Heat & Air, Inc.*, 248 S.W.3d 907, 912 (Tex.App.-Dallas 2008, no pet.). Privity is established by proving that the defendant was a party to an enforceable contract with either the plaintiff or a party who assigned its cause of action to the plaintiff. *Conquest Drilling Fluids v. Tri-Flo Int'l, Inc.*, 137 S.W.3d 299, 308 (Tex.App.-Beaumont 2004, no pet.).

Once the issue of capacity is properly raised by a verified pleading, a plaintiff

bears the burden of bringing forward evidence showing capacity to act. *Coastal Liquids Transp., L.P. v. Harris Cnty. Appraisal Dist.*, 46 S.W.3d 880, 884 (Tex. 2001). Failure to do so can result in waiver of a right to recovery. *Id.*

### B. Griffin Failed to Present Sufficient Evidence Establishing Capacity to Enforce the Fee Agreement

Because his capacity to sue had been challenged in the trial court, Griffin bore the burden of bringing forward sufficient evidence to demonstrate capacity to sue. *See Coastal Liquids Transportation L.P. v. Harris County Appraisal District,* 46 S.W.3d 880 (Tex. 2001). However, the only evidence presented by Griffin was his own conclusory affidavit, which contradicted his earlier deposition testimony without explanation. He produced no assumed-name certificate filed with any governmental agency and, in fact, admitted that no assumed-name certificate was ever filed. [RR 3, 38:23-39:1] Because Griffin failed to adduce competent, admissible evidence of his capacity to enforce the Fee Agreement, the trial court should have granted Schlein's motion for summary judgment. *See e.g., Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 20 S.W.3d 692, 699 (Tex. 2000). Instead, the trial court thwarted Schlein's efforts to raise the issue during trial. The trial court's actions resulted in the rendition of an improper verdict.

It is axiomatic that an assumed or trade name has no separate legal existence and cannot enter into a contract by itself. *See, e.g., Davis v. Raney Auto Company,*

249 S.W. 878; *accord Kahn v. Imperial Airport L.P.*, 308 S.W.3d 432, 438 (Tex. App. – Dallas 2010). As a matter of law, Griffin's signature on the Fee Agreement was on behalf of the only party which it *could* be – Anthony P. Griffin, Inc., which is also owned by Griffin. [RR 8 87:21-24] Because it was the corporation which Griffin bound by his signature; only the corporation could bring suit. *See Anglot-Dutch Petroleum International, Inc. v. Greenberg Peden, P.C.*, 352 S.W.3d 445, 450-51 (Tex. 2011). Griffin's own sister, who works for the Firm, testified at trial that the legal name for A Griffin Lawyers is Anthony P. Griffin, Inc. [RR 6, 130:22-25] Yet the corporation has never been a party to this suit. The trial court's pretrial decision to permit the suit to go forward is a clear abuse of discretion.

Further, no deemed finding can supply Griffin with the capacity to bring and maintain suit, because no evidence supports the finding. *See In re J.F.C.*, 96 S.W.3d 256, 263 (Tex.2002). When challenged pretrial, Griffin failed to produce evidence of compliance with mandatory filing requirements for assumed names. Tex. Bus. Comm. Code 71.051. *See* [CR 699] At trial, Griffin offered the bare conclusion that A Griffin Lawyers is the assumed name for him, individually. [RR 8, 87:7-20] These conclusions, which are contradicted by overwhelming evidence, are no evidence at all. At trial, the trial court intervened to keep Plaintiff's capacity arguments away from the jury. [RR 3, 30:8-31:16; RR 3, 33:17-42:17; RR 4, 108:3-20; DX-4; DX-26]. Cross-examination of Griffin was limited to Anthony P. Griffin, Inc., the other "party" to the

Fee Agreement. [RR 8, 87:1-88:11] Schlein's attorney was reduced to a running objection to any reference to Griffin as a party to the contract. [RR 4, 108:3-19]

Ultimately, it was Griffin's burden to secure a finding on capacity, and absent legally sufficient evidence, no finding can be deemed in his favor. *In re J.F.C.*, 96 S.W.3d at 263. Because no legally sufficient evidence was introduced, the error caused the entry of an improper judgment.

## II. The Trial Court Erred by Excluding Evidence of Griffin's Habit, Custom or Routine Practice

A significant portion of this trial boiled down to whether Griffin kept his client informed. This issue was relevant to whether Griffin complied with the Fee Agreement; it was also central to Schlein's claims that Griffin misrepresented the nature of their fee agreement and breached his fiduciary duty during and after he represented Schlein. Both Griffin and Schlein offered evidence of habit or routine practice pursuant to Texas Rule of Evidence 406. While Griffin's offer was permitted, Schlein's was largely rejected. The trial court's rulings on this issue fostered a mistaken impression which led to the rendition of an improper verdict.

### A. Standard for Habit or Routine Evidence; Rule 406

Texas Rule of Evidence 406 authorizes evidence of an entity's routine practice "to prove that the conduct of the person or organization on a particular occasion was in conformity" with that practice. *See, e.g., Mediacomp, Inc. v. Capital Cities*

*Communication*, 698 S.W.2d 207, 212 (Tex.App.-Houston [1st Dist.] 1985, no writ). For testimony of the routine practice of an organization to be admissible, it must show a regular response to a repeated specific situation. *Oakwood Mobile Homes, Inc. v. Cabler*, 73 S.W.3d 363, 375 (Tex. App. – El Paso 2002, writ denied). Under the nearly identical Federal rule, courts require a showing that the cited conduct is "more than a mere 'tendency' to act in a given manner;" the conduct must be "semi-automatic" in nature. *Simplex, Inc. v. Diversified Energy Sys., Inc.,* 847 F.2d 1290, 1293 (7th Cir. 1988). Such a showing necessarily requires comparing the number of transactions where the conduct occurred against the total number of transactions. *U.S. v. West,* 22 F.3d 586, 591-592 (5th Cir. 1994).

### B. Griffin Opened the Door to the Grievances by Attempting to Establish that He Always Kept His Clients Informed

On the crucial issue of whether Griffin kept Schlein informed, Griffin was forced to admit that he had no proof that the vast majority of electronic transmittal letters were actually sent to Schlein; that his firm did not bill copies to individual files; that he did not bill postage to individual files; and that he did not have any of the either. [RR 10, 9:1-19; RR 7, 21:12-14; RR 8, 63:5-10] Faced with this lack of direct evidence, Griffin turned to evidence of routine practice under Rule 406. He offered the testimony of himself and his sister/legal assistant, Linda Griffin, that it was the customary practice of his office to keep clients informed. [RR 6, 126:20-24; RR 6,

165:7-18]  In his enthusiasm to create this hypothetical paper trail, Griffin opened the door to the grievances and lawsuits at issue.

On direct examination, Griffin testified:

Q.    Did you keep Barbara Schlein informed of what you were doing on her behalf.

A.    Absolutely.  We have an office manual and we've always had this practice: If I write a letter and I send that letter to another lawyer, I copy the client on the letter and client gets a copy of everything. If somebody sends me something that relates to that client, I will then generate a letter to that client and sent it out to that client. There is – with the – if there's a fax send out, the client gets a copy.  If the client doesn't have a fax, I'd mail it to them.

[RR 6, 165:7-18]

Linda Griffin's testimony was in total agreement with her brother's:

Q.    Do you know if Barbara Schlein was mailed copies of any parts of her file as the file progressed?

A.    The practice of the office is all clients receive every piece of paper that goes out from the beginning to the end of the case.

Q.    So did Mr. Griffin give her copies of what the other side filed, as well?

A.    Yes.

[RR 6, 125:7-15]

On the strength of this testimony, Griffin was able to leverage the admission of literally dozens of unsigned electronic letters, which were not even on the Firm's letterhead, from his computer network as evidence of his communications with

Schlein. [RR 10, 10:17-19; PX-85-94; PX-96-117; PX-118-134; PX-136; PX-138-139; PX-142] Schlein's objection that these constituted no evidence of sending anything to Schlein was overruled. [RR 8, 14:10-16:6]

When Griffin raised the issue of his office's routine practice with respect to *all* his clients, he "opened the door." Put another way, he raised the issue first, inviting a response. Schlein was then entitled to offer evidence rebutting that issue. *Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 234-35 (Tex. 2011).

Griffin represented to the jury that *every* client got *every* piece of paper that was sent out or received in *every* case. [RR 6, 165:7-18] By doing so, he secured admission of 48 word documents as evidence that he kept Barbara Schlein informed. In doing so, he placed his regular practice with respect to *all* his clients at issue.

## C. The Trial Court Erred by its Treatment of the Complaints

Schlein responded to Griffin's evidence by offering the 32 grievances and lawsuits filed against Griffin between January 1, 2009 and the close of discovery (the "Complaints"). Each related to disputes regarding his "non-refundable retainer" and alleged that Griffin failed to keep his clients informed. *See* Tabs 9, 10 and 11 for samples of such grievances. The trial court limited Schlein's original discovery request to those which asserted malpractice, misrepresentation, breach of fiduciary duty or fraud. [RR 2, 25:20-24; RR 2, 29:23-30:6; RR 2, 31:19-24; DX-32-48; DX-75-79; see also CR 1015, p.2] Of the grievances offered, five were final; ten were

pending; the rest were dismissed by the disciplinary committee for various reasons. [DX-32-48; DX-75-79]

The trial court refused to admit the Complaints. [RR 10, 56-59; RR 10, 67:10-20; RR 11, 163-166] Schlein was restricted to questioning about only three of the Complaints, which involved agreed judgments or public reprimands. [RR 10, 56:14-57:9-64:22] Schlein was not allowed to discuss the findings in these cases, only their ultimate outcome. [RR 10, 62:21-22] The trial court excluded one Complaint because Griffin represented it was being appealed, though he never provided any documentation supporting the same. [RR 8, 70:22-72:9; RR 10, 6:19-7:9] This Complaint involved suspension of Griffin's license. [RR 8 70:20-22]

When the trial court refused to otherwise admit the Complaints, the trial court erred. The documents themselves were more reliable than the unsigned client letters previously admitted.

The Complaints were offered not only to rebut Griffin's Rule 406 evidence, but to establish the opposite. The sheer number of grievances and lawsuits speak directly to the way Griffin runs his law practice and the habits and routines that he uses in billing and communicating with his clients. Thus, under rule 406, the Complaints are evidence that "the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice." Tex. R. Evid. 406.

Whether to admit or exclude evidence is a matter committed to the trial court's sound discretion. *See City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex.1995). A complaint about exclusion of evidence requires a showing that the error probably resulted in an improper judgment. *McCraw v. Maris*, 828 S.W.2d 756, 758 (Tex.1992). This requires the reviewing court to review the entire record. *McCraw*, 828 S.W.2d at 756; *Gee v. Liberty Mut. Fire Ins. Co*, 765 S.W.2d 394, 396 (Tex. 1989). A successful challenge usually requires the complaining party to demonstrate that the judgment turns on the particular evidence excluded or admitted. *Texas Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex.2000); *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001).

The 32 excluded grievances and lawsuits were relevant to rebut Griffin's testimony about the "habit or routine practice" of his office. Griffin relied on Rule 406 to establish a presumption that he acted in accordance with his habit or routine of keeping his clients informed. The law affords a presumption based on Rule 406 only when a response is Pavlovian; that is, "the same one directed at the same specific stimulus." *Ortiz v Glusman*, 334 S.W.3d 812 (Tex.App–El Paso 2011, pet. denied). In the face of the sheer number of these Complaints, Griffin's right to this presumption is destroyed and admission of the 48 unsigned letters becomes a gross abuse of discretion. The trial court's error left an erroneous impression in the jurors' minds and likely led to the rendition of an improper verdict.

### D. Complaints Were Admissible as Similar Happenings Evidence

#### 1. Standard

The Complaints were also admissible for another reason: to show a common scheme or plan. While evidence of other wrongs or acts is generally not admissible to prove the character of a person in order to show action in conformity therewith, such evidence may be admissible for other purposes. Tex. R. Evid. 404(b). Such evidence is relevant and admissible for this purpose where the offering party can demonstrate sufficient similarity of subject matter and parties. *U-Haul Int'l Inc. v. Waldrip*, 380 S.W.2d 518 (Tex. 2012). They are especially relevant if the acts involve the same personnel. *See Durbin v. Dal–Briar Corp.,* 871 S.W.2d 263, 268–69 (Tex.App.-El Paso 1994, writ denied), overruled, in part, on other grounds by *Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362 (Tex.2000); *Underwriters Life Ins. Co. v. Cobb*, 746 S.W.2d 810, 815 (Tex. App.-Corpus Christi 1988, no writ).

#### 2. Texas Cases Examined

In *Durbin v. Dal-Briar Corp*., the plaintiff alleged the Defendant wrongfully terminated him after he sustained an on-the-job injury. *Durbin*, 871 S.W.2d at 268-69. The trial court excluded testimony and other evidence that referenced other lawsuits brought against the employer for illegal terminations after a workers compensation claim was filed and instances of other employees who had been similarly wrongfully terminated. *Id.* The appellate court held that evidence showing that prior employees

were terminated illegally was relevant and admissible. *Id.* The appellate court remanded the case for a new trial holding that "the trial court's exclusion of evidence prevented [the plaintiff] from receiving a fair trial." *Id.* at 273.

In *Cobb,* the plaintiff was permitted to offer evidence of the defendant underwriter's previous denials of claims. The court held they were admissible because they were denied around the same time as the plaintiff's claim was denied, they were denied on the same basis, and were admissible to show that the defendant's refusal to pay the plaintiff's claim was "committed or performed with such frequency as to indicate a general business practice." *Id.*, *Cobb*, 746 S.W.2d at 815. The court held that the evidence was necessary to establish the plaintiff's causes of action, especially the plaintiff's claim that the defendant had breached its duty of good faith and fair dealing. *Id.*

Here, the grievances involve the "same . . . personnel," the same law practice, and "the same pattern of conduct." *Id.* They all occurred in the same time period of Schlein's representation and establish an essential element of Schlein's claims, that Griffin breached the fiduciary duty of care owed to Schlein, that he made misrepresentations regarding the fee agreement, and that Griffin intended to defraud Schlein through a bait-and-switch scheme. The evidence the court ordered admitted in *Durbin* was for pending lawsuits and unresolved allegations. Here, Schlein has not only pending and dismissed grievances and lawsuits, but grievances that resulted in

public reprimands as well. Schlein also has substantially more instances than existed in *Durbin* which firmly establish the way Griffin ran his practice and communicated with his clients. Both issues are crucial to Schlein establishing her case and substantially more relevant than prejudicial under the *Durbin* court's analysis.

Such evidence is uniformly held admissible if it shows a party's material intent because the prior acts were "so connected with the transaction at issue that they may all be parts of a system, scheme or plan." *Sturges v. Wal-Mart Stores, Inc.,* 39 S.W.3d 608, 613 (Tex. App.-Beaumont 1998) rev'd on other grounds, 52 S.W.3d 711 (Tex. 2001). This is "shown through evidence of similar acts temporally relevant and of the same substantive basis." *Serv. Corp. Intern. v. Guerra*, 348 S.W.3d 221, 235 (Tex. 2011).

Here, like in *Cobb*, the grievances occurred around the same time, were made on the same basis as Schlein's claims, and are admissible to show Griffin's business practices. The grievances are essential to establish Schlein's claims that Griffin breached his fiduciary duties owed to her. Additionally, Griffin's failure to disclose his grievances and disputes with clients was a material omission made the basis of Schlein's fraud in the inducement and fraud by nondisclosure claim. Therefore, the grievances are also necessary for Schlein to establish her fraud claim against Griffin.

### E. Exclusion of the Complaints Bolstered Griffin's Credibility While Damaging Schlein's

In *Durbin*, the Court held that the trial court's exclusion of examples of other workers being fired after making compensation claims left a false impression with the jury that plaintiff was unable to rebut. The Court also considered the effect the excluded evidence likely would have had on the credibility of key witnesses:

> Minyard was himself terminated, and without specific examples of how the company policy was implemented, the jury may well have concluded he was simply a disgruntled ex-employee seeking revenge. *Allowing testimony from other witnesses corroborating Minyard would have added to his credibility*, but that was not an option for plaintiff, either. Precluding Minyard from discussing specific instances of termination following on-the-job injuries harmed plaintiff's case by seriously undermining the credibility of his star witness.
>
> Second, the trial court's ruling made it impossible for plaintiff to refute Dal–Briar's claim that "no one was ever fired as a result of a worker's comp claim." As plaintiff was prohibited from introducing examples of workers fired after making compensation claims, the jury was entirely justified in believing Dal–Briar's claim was correct. *Had Durbin been allowed to introduce the excluded evidence, Dal–Briar's claim would have been far less plausible.* We therefore conclude the exclusion of this evidence was reasonably calculated to lead to, and probably resulted in, an improper verdict. Tex.R.App.P. 81(b)(1).

*Durbin,* 871 S.W.2d at 271 (emphasis added).

In much the same way, if the jury had known that on 32 other occasions since January 1, 2009, clients have complained about Griffin's conduct, including his failure to keep them informed. Schlein certainly would have benefitted greatly by having her

story corroborated by other witnesses.  Likewise, Griffin's contention that he always keeps every client informed, would appear much less plausible.

### F.  The Complaints are Necessary Evidence for Exemplary Damages

Schlein must be able to put on evidence of Griffin's intent to establish her exemplary damages.  Griffin's intent is shown through the numerous grievances filed against him on the same basis on which Schlein brings her claims. Excluding the grievances impermissibly limits Schlein's ability to establish her damages and is therefore reversible error.

In *Sturges v. Wal-Mart Stores, Inc.,* the appellate court held that exclusion of prior lawsuits as evidence resulted in the improper rendition of judgment and sent the case back to the trial court for a new trial on damages.  *Wal-Mart Stores, Inc.*, 39 S.W.3d at 613.  The trial court excluded evidence of five prior lawsuits and their judgments that were brought on the same cause of action as the plaintiffs.  *Id.*  The court stated that while prior bad acts may be prejudicial, and exception lies where "they are so connected with the transaction under consideration in point of time that they may all be regarded as parts of a system, scheme or plan." *Id.*

The Court held that Wal-Mart's intent was required to establish exemplary damages and the prior lawsuits resulting in judgment against Wal-Mart served to establish Wal-Mart's intent.  Because the trial court excluded the evidence, the appellate court remanded the case for retrial on the issue of exemplarily damages.

Because the evidence admitted made it appear that Wal-Mart's actions had been an isolated incident, the court held that the prior judgments were necessary for the jury to properly award damages. *Id.* at 614. The Court further stated:

> The excluded prior lawsuit documents evidenced the frequency of similar wrongs Wal-Mart committed; the character of the conduct involved; the degree of Wal-Mart's culpability; the extent to which Wal-Mart's conduct offends a sense of public justice and propriety, and the amount needed to deter similar acts in the future. In addition, the prior lawsuits appellants sought to introduce were evidence of a course of conduct showing Wal-Mart's intent to interfere with prospective business relations.

*Id.*

Here, Schlein has requested exemplarily damages. Because the prior and current grievances and lawsuits filed by Griffin's clients are evidence of his intent, the grievances are relevant, admissible evidence that Schlein must be allowed to present to the jury.

### III. The Trial Court Erred in Permitting Undisclosed Character Witnesses to Testify as Rebuttal Witnesses.

Having excluded all 32 grievances and lawsuits, the trial court compounded its error by permitting Griffin to call undisclosed rebuttal character witnesses in response. Griffin claimed that the rebuttal witnesses were necessary to refute Schlein's accusation that he failed to keep her reasonably informed while representing her. [RR 9, 56:19-59:3] Thus, these surprise rebuttal witnesses were called for the purpose of establishing that Griffin kept them informed when he represented them and that they were satisfied with the services he provided. [RR 10, 168-173] Griffin's former

clients also provided character testimony that cast Griffin in a favorable light. [RR 11, 14-15:14-7; RR 11, 18:10-18; RR 11, 30:11-31:4] None of Griffin's rebuttal witnesses were disclosed in response to Schlein's Request for Disclosure or identified on Griffin's Witness List. [CR 63; CR 573]

## A. Standard

A party may introduce previously undisclosed rebuttal or impeachment evidence if (1) the evidence is solely for impeachment or rebuttal, (2) its use *could not* have been anticipated, and (3) the evidence is not responsive to a direct discovery request. *See Aluminum Co. of Am. v. Bullock,* 870 S.W.2d 2, 4 (Tex. 1994) (emphasis added).

## B. Griffin Cannot Meet the Standard

Griffin cannot satisfy the above standard for several reasons. First, Schlein's Original Amended Answer and Counterclaim filed on June 18, 2013, specifically alleges that Griffin breached his fiduciary duty owed to Schlein by failing to "inform client of matters material to the representation." [CR 29] Griffin knew for close to a year before trial that his office's practices with respect to keeping clients informed would be at issue. Therefore, the need for such witnesses was forseeable for at least that long.

Second, it is disingenuous for Griffin to contend they did not anticipate Schlein's attempt to introduce the grievances and lawsuits at trial, when Schlein fought so hard to obtain them. Schlein's interrogatories required Griffin to "[i]dentify

and describe the nature, source, substance, and disposition or resolution of every claim or complaint that has been made at or against you, including, but not limited to, claims or complaints related to malpractice, misrepresentations, fraud, mishandling of funds or any violation of the Texas Rules of Professional Conduct." [CR 152] As a result of Griffin's objection to this interrogatory, a hearing on Schlein's motion to compel was heard on October 31, 2013. [CR 196] The trial court narrowed the scope of Interrogatory No. 3 and ordered to Griffin to "[i]dentify and describe the nature, scope, substance, and disposition or resolution of every claim or complaint filed with the State Bar or in which a lawsuit was filed that has been made at or against Griffin, limited to claim or complaints relating to malpractice, misrepresentation, fraud and breach of fiduciary duty. [CR 308]

On February 14, 2014, Griffin supplemented his answer to Interrogatory No. 3 and the corresponding request for production and identified 32 separate lawsuits and grievances filed against him since January 1, 2009. [CR 624] Most, if not all of the Complaints arose from issues regarding Griffin's fee, usually his retainer, and his failure to keep the client informed as required by Disciplinary Rule 1.03. [DX-32-48; DX-75-79] Griffin was deposed regarding these lawsuits and grievances on February 28, 2014. [CR 624; RR 2, 32:22-34:12]

The Complaints brought by Griffin's former clients relating to Griffin's failure to keep clients informed, among other things, were squarely at issue throughout the

entire case. Consequently, Griffin was required to disclose the identity of these character witnesses prior to trial and the trial court erred in permitting the testimony.

At trial, Schlein objected to these witnesses on the grounds that they were not identified in Griffin's Responses to Request for Disclosure and were not listed on Griffin's witness list. [RR 9, 58:17-24; RR 10, 161:16-21] Thus, it was Schlein who was surprised by and unprepared for Griffin's undisclosed rebuttal witnesses.

The trial court's decision regarding Griffin's rebuttal witnesses led to the rendition of an improper verdict because the issue of whether Griffin keeps his clients informed was key to nearly all of Schlein's causes of action against Griffin. Because the undisclosed character witnesses were permitted to testify, the jury was left with an inaccurate impression regarding how Griffin treats his clients. Specifically, the jury was left with the impression that Griffin always kept his clients informed, provided periodic billings, and returned unearned fees.

## IV. The Trial Court Erred in Charging the Jury on Breach of Fiduciary Duty

Schlein's pleading raised the issue of breach of fiduciary duty. [CR 2, 764] The Court's original charge placed the burden on Griffin to prove he complied with his fiduciary duty. [RR 12 26:22-28:15; see State Bar of Texas, Texas Pattern Jury Charges Business-Consumer-Insurance-Employment 104.2] At the charge conference, Griffin persuaded the Court to instead submit a question placing the burden on Schlein. [RR 12 26:22-28:15; see PJC 104.3] Schlein tendered a substantially correct

question based on PJC 104.2 which was marked "Refused" by the trial court. [CR-Supp-31] Because the trial court erred in placing the burden of proof, reversible error is shown.

Schlein's breach of fiduciary duty allegations against Griffin center on actions *after* the attorney-client relationship arose. These claims include his failure to keep her informed of facts material to her case, his failure to safeguard property entrusted to his care, and failure to keep her apprised of the status of the amount of attorneys' fees incurred. As such, Schlein requested a jury question which placed the burden on Griffin to show that his actions were fair. *See* PJC 104.2-3.

The trial court is required to submit to the jury such questions and instructions as are raised by the pleadings and supported by the evidence. Tex. R. Civ. P. 278. Charge error is preserved by the proponent of a question or instruction by timely requesting an issue, and, where refused, submits a question or instruction in substantially correct form. Tex. R. Civ. P. 277. "[A] judgment cannot be permitted to stand when a party is denied proper submission of a valid theory of recovery or a vital defensive issue raised by the pleadings and evidence." *Exxon Corp. v. Perez*, 842 S.W.2d 629, 631 (Tex. 1992).

Because the acts complained of by Schlein were committed during the relationship, the burden should have been placed on Griffin to show the fairness and reasonableness of his actions. Griffin benefitted because he secured a claim for over

$100,000 in attorney's fees. The trial court's misplacing of the burden of proof probably led to the rendition of an improper verdict.

## V. The Jury's Answers to the Court's Charge on Fiduciary Duty was Against the Great Weight and Preponderance of the Evidence.

Schlein presented substantial evidence to the jury of Griffin's breaches of his duties during and after his representation. The jury's failure to find that Griffin breached his fiduciary duty was against the great weight and preponderance of the evidence. Alternatively, this failure to find breach of fiduciary duty was supported by factually insufficient evidence.

### A. Standard of Review

To prevail on her legal sufficiency challenge, Schlein must demonstrate that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241-42 (Tex. 2001); *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989). In reviewing a "matter of law" challenge, this Court must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Francis*, 46 S.W.3d at 241; *Sterner*, 767 S.W.2d at 690. If there is no evidence to support the finding, the reviewing court will then examine the entire record to determine if the contrary proposition is established as a matter of law. *Id*. The point of error should be sustained only if the contrary proposition is conclusively established. *Croucher v. Croucher,* 660 S.W.2d 55, 58

(Tex.1983). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony, and the fact-finder may choose to believe one witness and disbelieve another. *City of Keller v. Wilson,* 168 S.W.3d 802, 819 (Tex.2005). The Court should presume the fact-finder resolved all evidentiary conflicts in accordance with its decision, but only if a reasonable juror could have done so. *See Id.*

In this review, certain evidence contrary to the verdict cannot be disregarded by the reviewing court, even if it leads to a reversal of the verdict. Favorable evidence must always be placed in its proper context, even if that contextual evidence is not favorable to the verdict. Similarly, the reviewing court must consider evidence contrary to the verdict if it shows that favorable evidence is incompetent; this includes unqualified experts. Finally, undisputed or otherwise conclusive evidence may not be disregarded. *Keller*, 168 S.W.3d at 811-817; *see also* W. Wendell Hall et al., Hall's Standards of Review in Texas, 42 St. Mary's L.J. 3, 33-37 (2010).

When a party attacks the factual sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Francis*, 46 S.W.3d at 242; *Croucher*, 660 S.W.2d at 58. The court of appeals must consider and weigh all of the evidence, and can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *See Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635

(Tex.1986). In doing so, the court of appeals must "detail the evidence relevant to the issue" and "state in what regard the contrary evidence greatly outweighs the evidence in support of the verdict." *Pool*, 715 S.W.2d at 635.

### B. Fiduciary Duties Owed by Attorneys

In Texas, attorneys are held to the highest standards of ethical conduct in dealing with their clients. *Hoover Slovacek,* 206 S.W. 3d 557, 560 (Tex. 2006); *Archer v. Griffith,* 390 S.W.2d 735, 739 (Tex. 1965). Attorneys owe their clients "absolute perfect candor, openness and honesty, and the absence of any concealment or deception." *Goffney v. Rabson,* 56 S.W.3d 186, 193 (Tex. App.–Houston [14th Dist.] 2001, pet. denied). The duties owed by an attorney to his client include duties of loyalty; duties of confidentiality; and duties of candor.

The attorney's duty of candor includes a duty of "full and fair disclosure of facts material to the client's representation." *Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex. 1988). "A fact is material if it would likely affect the conduct of a reasonable person concerning the transaction in question." *Fleming v. Curry*, 412 S.W.3d 723, 736 (Tex.App.-Houston [14th Dist.] 2013, pet. filed) (applying definition to alleged breach of fiduciary duty by attorney); *see also Custom Leasing, Inc. v. Tex. Bank & Trust Co. of Dall.*, 516 S.W.2d 138, 142 (Tex.1974) (outlining same definition of "material" in context of fraud). Because the client must trust his attorney's advice, an attorney's

failure to disclose material facts is tantamount to concealment. *Willis*, 760 S.W.2d at 645.

The duty of loyalty includes a duty to safeguard client confidences and not make hostile use of those confidences. *Perez v. Kirk & Carrigan*, 822 S.W.2d 261 (Tex. App. – Corpus Christi 1991, writ denied); *Brown v. Green*, 302 S.W.3d 1, 8-9 (Tex. App. – Houston [14th Dist.] 2009, pet. denied).

### C. The Admitted Evidence Conclusively Established Breach

Here, the jury's verdict is contrary to the evidence, thus it cannot stand. Both Griffin and Schlein testified that she entrusted certain valuable tile from an unfinished house to Griffin's care, and Griffin stored this tile in his warehouse. [RR CR765; RR 8 6:14-21; RR 8 7:] Griffin then threatened to keep the tile until the trial court heard his motion to intervene and undo the verdict in Griffin's underlying divorce case. [PX-146 (Tab 6)] Griffin still had the tile on the date of trial, years later. [RR 6 91:20-22]

Lillian Hardwick, Schlein's expert on duties owed by lawyers, testified this action constituted a breach of the duty of safekeeping of the client's property. [RR 10 137:25-138:8] This undisputed evidence conclusively establishes Griffin's breach with respect to safekeeping of his client's property. This evidence established a breach of fiduciary duty as a matter of law; alternatively, the jury's verdict is against the great weight and preponderance of the evidence.

Similarly, Griffin's own testimony established that he failed to keep Schlein informed with respect to his billing. The Fee Agreement and Letter Agreement were dated November 3, 2009. [PX-1 (Tab 3); PX-2 (Tab 4)] His first bill was dated August 5, 2011; three months after trial and more than 21 months after engagement. [PX-147 (Tab 5)] Griffin testified that he did not send Schlein a bill during that time. [RR 8 72:20-73:18] The uncontroverted testimony of Schlein's expert, Lillian Hardwick, established that this alone was a breach of Griffin's duty to keep his client informed. [RR 10 132:5-25] These uncontroverted or undisputed pieces of evidence establish a breach of fiduciary duty as a matter of law; alternatively, the jury's failure to find this fact is a finding against the great weight and preponderance of the evidence.

## VI. The Trial Court Erred by Excluding Evidence Which Established a Breach of Fiduciary Duty as a Matter of Law.

Schlein offered Griffin's Original Petition as evidence of two further breaches of fiduciary duty. The trial court excluded Griffin's Original Petition because it was superceded by Griffin's amended petitions. [RR 10 44:2-12] By excluding Griffin's Original Petition, the trial court excluded evidence which presented a *prima facie* case of breach of the duties of confidentiality and loyalty and prejudiced Schlein's ability to establish her breach of fiduciary duty case. In doing so, the trial court erred.

## A. Admissibility of Superceded Pleadings

Superseded pleadings in a civil action are admissible, although not as judicial admissions. *See generally* 35 Tex.Jur.3d *Evidence* 261 (2015). Pleadings in a civil action that are inconsistent with the pleading party's position in another civil action are admissible as admissions of a party opponent. *Davis v. State*, 177 S.W.3d 355 (Tex. App. Houston 1st Dist. 2005, no pet.).

## B. Griffin's Original Petition Establishes Breach of Fiduciary Duty as a Matter of Law

The Original Petition sought recovery for a contract which never existed – a contingent-fee agreement in the Builder Case. *See* Tab 8. As a matter of law, contingent-fee agreements must be reduced to writing in order to be enforceable. *See* Tex. Gov't §82.065(a). Griffin is charged with knowing this because the Fee Agreement called for a separate, written agreement for any suit against Centre Builders, and Griffin knew he didn't have one. [RR 7 17:12-14]

Second, the trial court's refusal to admit the Original Petition filed in this case – a petition not superseded until just before trial – was a clear abuse of discretion. [RR 10, 44: 2-12] This Petition contained within its four corners two breaches of fiduciary duty with respect to Schlein. First, the Original Petition allegedly disclosed confidences revealed by Schlein within the context of the representation in the underlying divorce case. The Petition quoted a conversation with Schlein to establish

that she hid assets in the underlying divorce case. [CR-17] This disclosure, in a publicly filed document, constituted a breach of loyalty and confidentiality.

The trial court's action in excluding this previously-filed petition damaged both Schlein's breach of fiduciary duty claim and her claim for exemplary damages. These pleadings were admissible as statements against interest and admissions of a party opponent. No rule of evidence prevented their inclusion. The trial court's failure to admit these key pieces of evidence resulted in harmful error, which caused rendition of an improper verdict.

## VII. The Jury's Refusal to Find Actual Damages Resulting from Griffin's Unconscionable Conduct was Against the Great Weight and Preponderance of the Evidence.

The jury found that Griffin had engaged in an unconscionable course of conduct, and that he had engaged in that conduct knowingly and intentionally. [CR Supp 23-24; PJC 102.7; Tex. Bus. & Comm. Code 17.49] However, the jury answered the damages question as follows:

QUESTION NO. 20

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Barbara Schlein for her damages, if any, that resulted from such conduct?

a. The amount, if any, that Barbara Schlein paid in excess to Anthony Griffin for legal services promised by Anthony Griffin.

Answer: _____ [0] _____

b. the amount of reasonable and necessary attorney's fees incurred as a result of Barbara Schlein having to hire new attorneys to complete the divorce matter.

Answer: _____[0]_____

c. the amount of reasonable and necessary attorney's fee incurred as a result of Barbara Schlein having to hire new attorneys to complete the other matters started by Anthony Griffin.

Answer: _____[0]_____


QUESTION NO. 21

What sum of money, if any, in addition to actual damages, should be awarded to Barbara Schlein against Anthony Griffin because Anthony Griffin's conduct was committed knowingly or intentionally?

…

Answer: [$5,000.00]

## A.     The Jury's Verdict Should Be Disregarded Because Some Evidence Was Provided of Damages.

Schlein's expert, Gary Jewell, testified as to his firm's work directed at completing the following matters: offered the following testimony as to the reasonable and necessary fees accrued by Schlein and caused by Griffin's unconscionable conduct:

- Matters related to the underlying divorce action: $ 27,962.50 [RR 11 79:14-23]

- Matters related to the case against homebuilders: $ 9,896.25 [RR 11 81:11-24]

- Removal of wrongful lien against unfinished home: $ 2,800.00 [RR 11 81:25-82:11]

- Expunction of arrest record related to divorce:   $ 2,481.25 [RR 11 82:12-19]

- Resolution of tax case related to the house:   $7,498.75 [RR 11 82:20-83:3]

The trial court errred in entering judgment for no damages when some evidence supported Schlein's claim for damages.  The cause should be remanded for a redetermination of reasonable attorney's fees.

Generally, if evidence of reasonable attorney's fees is offered, a finding that the services of an attorney are without monetary value is factually insufficient. *First Texas Sav. Ass'n of Dallas v. Dicker Center, Inc.*, 631 S.W.2d 179, 188 (Tex.App.—Tyler 1982, no writ).

## VIII. Griffin's Expert Witness, Genevieve McGarvey, Should Not Have Been Permitted to Testify

The trial court erred in permitting Genevieve McGarvey ("McGarvey") to testify regarding whether the fees charged by Griffin in the divorce matter were reasonable and necessary.  At trial, the trial court reversed its previous order striking McGarvey's testimony without any showing of good cause by Griffin, or lack of surprise or prejudice. [RR 3, 12:13-13:6; RR 4, 95:16-20; RR 5, 13:18-19:18 17] The trial court's ruling violated both the Rules and its own discovery control order and probably resulted in rendition of an improper verdict.

### A. Procedural Background

On August 16, 2013, the trial court issued a docket control order (the "DCO") requiring experts for all plaintiffs to be designed by August 30, 2013. [CR 1, 85] Likewise, the DCO set the deadline to designate all other expert witnesses for September 27, 2013. *Id.* The DCO also stated the following:

> Any party designating a testifying expert witness is ORDERED to provide no later than the dates set for such designation, the information set forth in Rule 194.2(f) and a written report prepared by the expert setting the substance of the experts' opinions, unless a deposition is taken of the expert. Any expert not designated prior to the ordered deadlines shall not be permitted to testify absent a showing of good cause.

*Id.*

On September 13, 2013, Schlein served her Designation of Expert Witnesses, which disclosed the information called for by Rule 194.2(f). The designation also included a 51 page report from Schlein's expert, Lillian Hardwick. [CR 1, 312]

On September 23, 2013, the trial court entered an amended docket control order (the "Amended DCO"). The Amended DCO set the deadline for all plaintiffs and all other parties for September 30, 2013 and October 30, 2013, respectively. [CR 1, 115]. The Amended DCO contained the same disclosure requirements as the DCO, which are set forth above.

On October 3, 2013, a hearing was held on Schlein's Motion to Compel Discovery and the Court extended Griffin's deadline to designate his experts and

provide the requisite report required by the Amended DCO until October 31, 2013. [CR 1, 117; CR 1, 196; CR 2, 851. This October 31, 2013 deadline was never modified or extended.

On October 8, 2013, Griffin identified Genevieve McGarvey as an expert in his First Amended Response to Defendant's Motion for Disclosures. [CR 1, 573-582] However, Griffin neither disclosed the information required by Rule 194.2(f), nor produced a report. *Id.* Instead the designation stated:

> Witness can provide testimony with regards to work performed on behalf of Plaintiff and the issue of reasonable and necessary attorneys' fees in context of the breach of contract and the reasonable and necessary fees in context of the breach of contract and the reasonable and necessary attorneys' nature of fees for the representation of Defendant.

[CR 1, 579]

Because Griffin failed to designate McGarvey in compliance with Rule 194.2(f), as well as the Amended DCO, Schlein filed her Motion to Strike Expert Witnesses on January 31, 2014. [CR 2, 568] No response to this motion was filed by Griffin. [RR 4, 95:16-96:22].

On March 14, 2014, the trial court heard and granted Schlein's Motion to Strike as to experts Greg Enos, Becky Reitz, Marcia Zimmerman, Christopher Beck, Genevieve McGarvey and Norma Venso. [RR 3, 12:20-13:5; RR 4, 95-96; CR 2, 806]

On April 2, 2014, Griffin served his Second Amended Response to Defendant's Motion for Disclosures, which attempted to provide additional disclosures regarding

McGarvey's testimony. [CR 2, 814] However, this Second Amended Response was both late and insufficient. Specifically, McGarvey's export report attached to the Second Amended Response failed to identify any amount she claimed was a reasonable and necessary fee in the underlying divorce proceeding. [CR 2, 822]

On April 7, 2014–155 days after the court ordered deadline, 200 days after Schlein served its expert reports, and 63 days after Schlein moved to strike Griffin's experts–Griffin filed a Motion for Reconsideration of the trial court's order granting Schlein's Motion to Strike the Expert Designation of McGarvey and Norma Venso. [CR 2, 806; RR 4, 96:21-22]

Schlein filed her response on April 10, 2014[CR 2, 833] Griffin's Motion to Reconsideration was never set for hearing.

Nor did Griffin raise the Motion for Reconsideration at the May 2, 2014 pre-trial conference. *See* Tex. R. Civ. P. 248. [RR 4, 96:21-97:8] Not until the day before trial – May 7, 2014 – did Griffin seek to be heard on his Motion to Reconsider. [RR 3, 82:8-86:18; RR 4, 95:10-100:15; RR 5, 4:5-19:18] Despite Schlein's objections, he trial court reversed its earlier decision and held that McGarvey was permitted to testify. [RR 5, 4-8; RR 5, 12-13; RR 5, 16-17]

## B. Trial Court Erred by Ignoring the Rules Governing Experts and its Own Discovery Control Order

The trial court permitted Genevieve McGarvey to testify, despite her untimely designation and lack of an expert report. Griffin made no showing of good cause for her untimely disclosures; further, surprise and prejudice is established on the face of this record. The trial court erred in permitting her to testify.

Parties to a lawsuit are under a duty to make a "complete response, based on all information reasonably available to the responding party or its attorney at the time its response is made." Tex. R. Civ. P. 193.1. Such responses must be made timely; that is, "within the time provided by court order or these rules." *Id.* Failure to comply results in automatic exclusion of the evidence or the witness in question, unless the trial courts finds a) good cause; or b) that the opposing party was not surprised or prejudiced. Tex. R. Civ. P. 193.6. The burden is on the offering party, and such a finding must be supported by the record. Tex. R. Civ. P. 193.6(b).

The "trial court has no discretion to admit testimony excluded by the rule without a showing of good cause." *Alvarado,* 830 S.W.2d at 914; *Good v. Smith Cty. Judge Baker,* 339 S.W.3d 260, 271 (Tex. App.–Texarkana 2011, pet. denied). The burden of establishing good cause is upon the party offering the evidence and good cause **must be** shown in the record. *Castillo v. American Garment Finishers Corp.,* 965 S.W.2d 646, 652 (Tex. App.–El Paso, 1998, no pet.) (emphasis added). The good

cause exception "permits a trial court to excuse a failure to comply with discovery in *difficult* or *impossible* circumstances." *Id.* (emphasis added).

In this case, Griffin failed to produce any evidence to support a finding of good cause, or establishing a lack of surprise or prejudice. Griffin's Motion for Reconsideration and his argument in the trial court is devoted solely to explaining that, as long as he provided the material at issue within 30 days of the actual trial date, his designations and supplementations were timely. [CR 802; RR 4 95:10-100:8] This has not been the case since the discovery rules were amended in 1999; plaintiffs "can no longer simply choose to delay disclosure until the last minute." *In re Allied Chem. Corp.*, 227 S.W.3d 652, 657 (Tex. 2007)(citing Tex. R. Civ. P. 193.5 and 193.6).

Griffin's later attempt to supplement his expert disclosures on April 2, 2014, also failed to comply with the plain language of Rule 194, which requires disclosure of the "general substance of the expert mental impressions and opinions and brief summary of the basis for them," as well all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony." [CR 2, 818-823] Tex. R. Civ. P. 194.2(f). Likewise, the report attached to the supplemental disclosures failed to comply with the Amended DCO and Rule 195.5, which requires "factual observations, tests, supporting data, calculations, photographs, or opinions of an expert" to be reduced to tangible form. Schlein's attorney complained, on the first day

of trial, that while an "expert report" containing McGarvey's opinions was delivered thirty days before trial, the attachments supporting the substance of her testimony were not. [RR 4 99:3-100:8]

Schlein relied on the trial court's order striking McGarvey as a witness and, therefore, suffered surprise and prejudice by the trial court's change of heart at trial. In *Alvarado,* the Texas Supreme Court clearly holds that good cause must be demonstrated by the noncomplying party to provide the trial court with the opportunity to exercise discretion as to whether the untimely discovery should be admitted. *Alvarado,* 830 S.W.2d at 914. Griffin never tried to establish good cause for his failure to timely produce McGarvey's report. [RR 4, 99-100; RR 5, 5-17] Because a showing of good cause is mandatory, the decision to permit McGarvey to testify was reversible error. The evidence further supports a finding that the inclusion of McGarvey's testimony caused the rendition of an improper judgment, as McGarvey was the only witness designated to testify regarding the reasonableness of Griffin's attorneys' fees in the underlying divorce case. Therefore, the trial court's decision led to the rendition of an improper verdict because it provided credence to the amounts included on Griffin's invoice, which were otherwise unsubstantiated.

## IX. McGarvey's Testimony Was Legally Insufficient to Prove that Griffin's Fees Were Reasonable

Griffin was required to prove that the attorney's fees he sought to recover from Schlein were reasonable. Tex. Disc. R. Prof. Cond. 1.04; *Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812 (Tex. 1997). In addition to the requirement of Rule 1.04, Texas courts have held that "[w]here parties do not expressly agree as to the amount, the law raises a promise to pay that which is reasonable." *Kurtz v. Kurtz,* 158 S.W.3d 12, 18 (Tex. App. 2004)(citing *Girard Fire & Marine Ins. Co. v. Koenigsberg,* 65 S.W.2d 783, 785 (Tex.Civ.App.-Dallas 1933, no writ). The court in Kurtz agreed that, "as a matter of public policy, reasonableness is an implied term in any contract for attorney's fees." *Id.* The court concluded that their holding was consistent with Disciplinary Rule 104, governing a lawyer's fee arrangement with his clients. *Id*. at fn. 6.

In Texas, "[t]he issue of reasonableness and necessity of attorney's fees requires expert testimony." *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.,* 422 S.W.3d 821, 830 (Tex. App. 2014). McGarvey was Griffin's sole witness on the reasonableness of his fees in the underlying divorce case. Over Schlein's objection, McGarvey was permitted to testify. However, her testimony was legally insufficient to prove that the attorney's fees charged by Griffin were reasonable, as required by

Disciplinary Rule 1.04, which considers the following factors to determine the reasonableness of a fee:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

Of the 8 above-listed factors, McGarvey offered no evidence of numbers 1, 2, 4, 5 or 8. Moreover, McGarvey's opinion regarding numbers 3, 6 and 7 was merely conclusory and not evidence of the reasonableness of the entire fee charged by Griffin. For the issues McGarvey did mention, her testimony was the classic *ipse dixit* of a

credentialed witness, with no support or analysis. *Burrow v. Arce,* 997 S.W.2d 229, 235 (Tex. 1999).

Specifically, McGarvey testified that she is familiar with the reasonable and necessary attorney's fees in Galveston County, but offered little more than a bare opinion as to the reasonableness of the $300 hourly rate charged by Griffin to Schlein. [RR 10, 100:11-23 and 101:15-20).   At no time did McGarvey testify that a certain amount of attorney's fees charged by Griffin were reasonable and necessary. [*See generally* RR 10, 94-110]

Instead McGarvey offered irrelevant statements such as, "...[Griffin] spent about 700 days on this file..." (RR 10, 103:15-18).  The number of days spent on a file is not evidence of Griffin's actual time spent working on the case.

### A. No Evidence to Support Jury's Finding of Damages in Question No. 5

Lastly, McGarvey's opinion that the time included on Griffin's bill "was reasonable and necessary" is conclusory and not competent evidence.   Opinion testimony that is conclusory is not relevant evidence because it does not tend to make the existence of a material fact "more probable or less probable." *See* Tex. R. Evid. 401.  McGarvey provides no analysis or underlying facts supporting how the time spent was reasonable.  As such, McGarvey's testimony is incompetent evidence and cannot support a judgment awarding Griffin damages for attorney's fees.  [See Supp. CR 8] *See City of San Antonio v. Pollock,* 284 S.W.3d 809, 816 (Tex. 2009); *See Cas.*

*Underwriters v. Rhone,* 134 Tex. 50, 132 S.W.2d 97, 99 (1939); *Wadewitz v. Montgomery,* 951 S.W.2d 464, 466 (Tex.1997).

## CONCLUSION AND RELIEF REQUESTED

The trial court erred by allowing Griffin, individually, to prosecute this lawsuit. Griffin's attempt to cure was ineffective. As such, this court should reverse the judgment of the trial court and render a take nothing judgment based on Griffin's lack of capacity.

The trial court erred by excluding Schlein's offer of grievances and lawsuits filed against Griffin, which were admissible for purposes of establishing Schlein's affirmative claims against Griffin. Additionally, Griffin opened the door by presenting evidence that he keep all of his clients informed. Thus, the trial court permitted Griffin to create a false impression regarding his habits in dealing with clients. The trial court's treatment on this hotly contested issue, probably led to the rendition of an improper verdict.

The trial court erred in permitting undisclosed rebuttal witnesses to testify regarding Griffin's routine practice in keeping clients informed. This testimony, when viewed against the backdrop of the trial court's previous ruling, probably led to the entry of an improper judgment.

The trial court erred in placing the burden on Schlein with respect to her claim for breach of fiduciary duty. This improper submission probably led to the rendition of an improper verdict.

The jury's failure to find breach of fiduciary duty was against the great weight and preponderance of the evidence. Alternatively, the evidence conclusively established Griffin's breach of fiduciary duty.

The trial court erred by excluding evidence, which conclusively established Griffin's breach of fiduciary duty. This omission likely led to the rendition of an improper verdict.

The jury's finding of zero actual damages, in light of their findings on liability, is against the great weight and preponderance of the evidence. Alternatively, some evidence supported Schlein's actual damages on this issue.

The trial court erred by permitting an expert witness to testify, whose opinions were not timely disclosed and whose exclusion should have been automatic. Even if considered, her testimony was incompetent to support the reasonableness of Griffin's damages. Her testimony was key, as no other competent evidence supported Griffin's recovery of actual damages. This Court should reverse and render a take nothing judgment.

Appellant Barbara Schlein respectfully requests that this Court reverse the final judgment of the trial court and remand this matter for a new trial, or where

appropriate, render judgment in her favor, and for all further relief to which she may be justly entitled.

Respectfully submitted,

**CHRISTIAN , SMITH & JEWELL, LLP**

By: *//s// Stephen H. Cagle, Jr.*
  Stephen H. Cagle, Jr.
  State Bar No. 24045596
  *scagle@csj-law.com*
  Heather Panick
  State Bar No. 24062935
  *hpanick@csj-law.com*
  2302 Fannin, Suite 500
  Houston, Texas  77002
  Telephone: (713) 659-7617
  Facsimile:  (713) 659-7641

**ATTORNEYS FOR APPELLANT**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record via the Rules on this the 20th day of May, 2015

Ms. Norma Venso
830 Apollo
Houston, Texas 77058
Facsimile: (281) 286-9990
Telephone: (409) 789-8661

By: *//s// Stephen H. Cagle, Jr.*
STEPHEN H. CAGLE, JR.

## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4(i)(3), I hereby certify that Appellant's Brief contains less than 15,000 words (counting all parts of the document). Specifically, this brief was prepared using WordPerfect and according to its word-count function, this document contains 13,696 words. Further, the typeface used in this brief is no smaller than 14-point, except for footnotes, which are no smaller than 12-point.

By: *//s// Stephen H. Cagle, Jr.*
STEPHEN H. CAGLE, JR.

CAUSE NO. 01-14-00799-cv

---

IN THE COURT OF APPEALS

FOR THE FIRST DISTRICT OF TEXAS

HOUSTON, TEXAS

---

BARBARA REGINA SCHLEIN,

*Appellant,*

*vs.*

ANTHONY P. GRIFFIN,

*Appellee.*

---

APPELLANT'S APPENDIX

---

LIST OF DOCUMENTS

1.  Trial Court's Judgment dated June 30, 2014, CR 3:1249. . . . . . . . . . Tab 1

2. The jury charge and verdict, RR 13:4-5. . . . . . . . . . . . . . . . . . . . . . . Tab 2

3. November 3, 2009 Retention Agreement, P. Ex. 1.. . . . . . . . . . . . . . Tab 3

4. November 3, 2009 Letter of Explanation, P. Ex. 2.. . . . . . . . . . . . . . Tab 4

5.  August 5, 2011 Invoice, P. Ex. 147. . . . . . . . . . . . . . . . . . . . . . . . . Tab 5

6. October 29, 2011 Email, P. Ex. 146. . . . . . . . . . . . . . . . . . . . . . . . Tab 6

7.  Anthony P. Griffin Lawyers, Inc. Bankruptcy Petition. . . . . . . . . . . . Tab 7

8.  Anthony P. Griffin Original Petition. . . . . . . . . . . . . . . . . . . . . . . . . Tab 8

9.  C. Vereen Grievance File. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 9

10. Guzman Grievance File. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 10

11. Reddin Grievance File. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 11

# TAB 1

001249

CAUSE NO. CV-0069481

| | | |
|---|---|---|
| ANTHONY P. GRIFFIN<br>*Plaintiff,* | §<br>§<br>§ | IN THE COUNTY COURT |
| V. | §<br>§ | AT LAW NO. 2 |
| BARBARA REGINA SCHLEIN<br>*Defendant.* | §<br>§<br>§ | GALVESTON COUNTY, TEXAS |

### ~~PROPOSED~~ FINAL JUDGMENT

On May 7, 2014, the above-entitled and numbered cause was called to trial. Plaintiff Anthony P. Griffin *and A. Griffin Lawyers* ~~D/B/A~~ and Defendant Barbara Schlein appeared and announced ready for trial. After a jury was empaneled and sworn, it heard evidence and arguments of counsel. At the conclusion of the evidence, the Court submitted the questions of fact in the case to the jury. In response to the jury charge, the jury made findings that the court received, filed and entered. The charge of the court and the verdict of the jury are incorporated for all purposes by reference.

The Court is of the opinion and finds that Final Judgment should be entered on the evidence and the verdict of the jury. The Court having considered the verdict of the jury finds that Plaintiff A *Anthony P. Griffin D/B/A* Griffin Lawyers is entitled to recover from Defendant Barbara Schlein, actual damages and attorneys' fees as set forth below.

It is therefore ORDERED, ADJUDGED and DECREED and FINAL JUDGMENT IS HEREBY RENDERED that Plaintiff A *Anthony P. Griffin D/B/A* Griffin Lawyers have and recover of and from Defendant Barbara Schlein, as follows:

a) Actual damages in the sum of ONE HUNDRED TWENTY EIGHT THOUSAND ONE HUNDRED FORTY NINE and 29/100 DOLLARS ($128,149.29);

b) The sum of SIXTY TWO THOUSAND EIGHT HUNDRED SIXTY TWO AND 00/100 DOLLARS ($62,862.00) for reasonable and necessary attorney's fees for preparation and trial;

*Dwight D. Sullivan*<br>COUNTY CLERK<br>GALVESTON COUNTY, TEXAS<br>Ex. 1

c) The sum of ~~FIFTY~~ *Fifteen* THOUSAND AND 00/100 DOLLARS ($15,000.00) in the event of an appeal to the Court of Appeals; for reasonable and necessary attorney's fees for representation through appeal to the Court of Appeals.

d) The sum of TWENTY FIVE THOUSAND DOLLARS ($25,000.00) in the event of an appeal to the Supreme Court of Texas for reasonable and necessary attorney's fees for representation at the petition for review stage in the Supreme Court of Texas.

e) Prejudgment interest on the sum of SIXTEEN THOUSAND EIGHTEEN AND 66/100 DOLLARS ($16,018.66).

f) Post judgment interest on the total sum awarded at the annual rate of Five Percent (5%).

g) Taxable costs of court.

It is further ORDERED, ADJUDGED and DECREED that Defendant/Counter-Plaintiff Schlein have and recover from Plaintiff/Counter Defendant Anthony Griffin *D/B/A A. Griffin Lawyers* damages in the sum of FIVE THOUSAND AND 00/100 DOLLARS ($5,000.00) resulting from Griffin's unconscionable action or course of action, which was committed knowingly or intentionally.

It is further ORDERED, ADJUDGED and DECREED that all writs and processes for the enforcement and collection of this Judgment or the costs of court may issue as necessary.

All relief not expressly granted is denied.

This is a final judgment which disposes of all claims and all parties and is appealable.

SIGNED this _30_ day of June, 2014.

_Barbara E. Roberts_
JUDGE PRESIDING

FILED
14 JUL -1 AM 8: 24

APPROVED AS TO FORM ONLY – Defendant (1) disagrees with the content of this judgment (2) agrees only to the form of this judgment, and (3) plans to appeal this judgment. Therefore, Defendant expressly reserves all rights to modify or appeal this proposed judgment. See First Nat.'s Bank v. Fojtik, 775 S.W.2d 632, 633 (Tex. 1989)

# TAB 2


FILED
2:49pm
MAY 2 3 2014
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denise Jordan

CAUSE NO. CV-0069481

| | | |
|---|---|---|
| ANTHONY GRIFFIN<br>*Plaintiff,* | §<br>§<br>§ | IN THE COUNTY COURT |
| v. | §<br>§ | AT LAW NO. 2 |
| BARBARA REGINA SCHLEIN<br>*Defendant.* | §<br>§<br>§ | GALVESTON COUNTY, TEXAS |

## COURT'S CHARGE

LADIES AND GENTLEMEN OF THE JURY:

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge. In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

1. Do not let bias, prejudice or sympathy play any part in your deliberations.

2. In arriving at your answers, consider only the evidence introduced here under oath and such exhibits, if any, as have been introduced for your consideration under the rulings of the court, that is, what you have seen and heard in this courtroom, together with the law as given you by the court. In your deliberations, you will not consider or discuss anything that is not represented by the evidence in this case.

3. Since every answer that is required by the charge is important, no juror should state or consider that any required answer is not important.

4. You must not decide who you think should win, and then try to answer the questions accordingly. Simply answer the questions and do not discuss nor concern yourselves with the effect of your answers.

5. You will not decide the answer to a question by a lot or by drawing straws, or by any other means of chance. Do not return a quotient verdict. A quotient verdict means that the jurors agree to abide by the result to be reached by adding together each juror's figures and dividing by the number of jurors to get an average. Do not do any trading on your answers; that is, one juror should not agree to answer a certain question one way if others will agree to answer another question another way.

6. Unless otherwise instructed, you may answer a question upon the vote of 5 or more jurors. If you answer more than one question upon the vote of 5 or more jurors, the same group of at least 5 of you must agree upon the answers to each of those questions.

7. Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. The bailiff will give your notes to me promptly after collecting them from you. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes. When you are released from jury duty, the bailiff will promptly destroy your notes so that nobody can read what you wrote.

These instructions are given you because your conduct is subject to review the same as that of the witnesses, parties, attorneys and the judge. If it should be found that you have disregarded any of these instructions, it will be jury misconduct and it may require another trial by another jury; then all of our time will have been wasted.

The presiding juror or any other who observes a violation of the court's instructions shall immediately warn the one who is violating the same and caution the juror not to do so again.

When words are used in this charge in a sense which varies from the meaning commonly understood, you are given a proper legal definition, which you are bound to accept in place of any other meaning.

Answer "Yes" or "No" to all questions unless otherwise instructed. A "Yes" answer must be based on a preponderance of the evidence *unless otherwise instructed.* If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No." The term "preponderance of the evidence" means the greater weight and degree of credible testimony or evidence introduced before you and admitted in this case. Whenever a question requires an answer other than "Yes" or "No," your answer must be based upon a preponderance of the evidence *unless otherwise instructed.*

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

If you answer questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of the instructions in or your answers to any other questions about damages. Do not speculate about what any party's ultimate recovery

may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

After you retire to the jury room you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror:

1. To preside during your deliberations;

2. To see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge;

3. To write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the court;

4. To vote on the questions;

5. To write your answers to the questions in the space provided; and

6. To certify your verdict in the space provided for the presiding juror's signature or to obtain the signature of all the jurors who agree with the verdict if your verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the court of this fact.

When you have answered all the questions you are required to answer under the instructions of the court and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return to the court with your verdict.



FILED
2:49pm
MAY 23 2014
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denise Jordan

JUDGE PRESIDING

## QUESTION NO. 1

Did Barbara Schlein fail to comply with the terms of the agreement for legal services dated November 3, 2009, between her and Anthony P. Griffin d/b/a A Griffin Lawyers?

Answer "Yes" or "No"

ANSWER: ___Yes___

FILED
12:15pm
MAY 27 2014
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denise Jordan

## QUESTION NO. 2

Did Anthony Griffin fail to comply with the agreement for legal services dated November 3, 2009?

A failure to comply must be material. The circumstances to consider in determining whether a failure to comply is material include:

a. the extent to which the injured party will be deprived of the benefit which he reasonably expected;

b. the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;

c. the extent to which the party failing to perform or to offer to perform will suffer forfeiture;

d. the likelihood that the party failing to perform or to offer to perform will cure his failure, taking into account the circumstances including any reasonable assurances;

e. the extent to which the behavior of the party failing to perform or to offer to perform comports with the standards of good faith and fair dealing.

Answer "Yes" or "No"

ANSWER: _No_

If you answered "Yes" to both Question 1 and Question 2, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 3

Who failed to comply with the Agreement first?

Answer "Anthony Griffin" or "Barbara Schlein."

ANSWER: _____N/A_____



Unofficial

FILED
MAY 27 2014 10:15pm
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denise Jordan

If you answered "Yes" to Question 1, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 4

Was Barbara Schlein's failure to comply excused?

Failure to comply by Barbara Schlein is excused by Anthony Griffin's previous failure, if any, to comply with a material obligation of the same agreement.

Failure to comply by Barbara Schlein is excused if compliance is waived by Anthony Griffin.

"Waiver" is an intentional surrender of a known right or intentional conduct inconsistent with claiming the right.

Failure to comply by Barbara Schlein is excused if the following circumstances occurred:

1. Anthony Griffin
   a. by words or conduct made a false representation or concealed material facts, and
   b. with knowledge of the facts or with knowledge or information that would lead a reasonable person to discover the facts, and
   c. with the intention that Barbara Schlein would rely on the false representation or concealment in acting or deciding not to act; and
2. Barbara Schlein
   a. did not know and had no means of knowing the real facts, and
   b. relied to her detriment on the false representation or concealment of material facts.

Failure to comply with one agreement is excused if the parties agreed that a new agreement would take its place.

Failure to comply with a term in an agreement is excused if the parties agreed that a new term would take its place.

Failure to comply with an agreement is excused if a different performance was accepted as full satisfaction of performance of the original obligations of the agreement.

Answer "Yes" or "No"

ANSWER: ___No___

FILED
MAY 27 2014 12:15pm
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denise Jordan

If you answered "Yes" to Question 1, then answer the following question. Otherwise, do not answer the following question

You are instructed that any monetary recovery for economic damages is subject to federal income taxes.

## QUESTION NO. 5

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Anthony P. Griffin d/b/a A Griffin Lawyers, for his damages, if any, that resulted from such failure to comply?

Consider the following elements of damages, if any, and none other.

a  Attorneys' fees incurred in the representation of Barbara Schlein in her divorce from Robert Schlein.

ANSWER: _$105,750_

b.  Costs incurred by Anthony P. Griffin in the representation of Barbara Schlein in her divorce from Robert Schlein.

ANSWER: _$22,399.29_

If you answered "Yes" to Question 2, then answer the following question. Otherwise, do not answer the following question

### QUESTION NO. 6

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Barbara Schlein for her damages, if any, that resulted from such failure to comply?

Consider the following elements of damages, if any, and none other.

a.      The reasonable and necessary attorney's fees and costs incurred to complete the divorce matter started but not finished by Anthony Griffin.

ANSWER: _____N/A_____

b.      The reasonable and necessary attorney's fees and costs incurred to complete the other matters started but not finished by Anthony Griffin.

ANSWER: ___N/A_____



FILED
MAY 27 2014 12:15 pm
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denise Jordan

## QUESTION NO. 7

What is a reasonable fee for the necessary services of Anthony P. Griffin's attorney in this case, stated in dollars and cents?

The following factors must be considered in determining the reasonableness of an attorney's fee award:

- The time and labor involved, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly;
- The likelihood that the acceptance of the particular employment will preclude other employment of the lawyer;
- The fee customarily charged in the locality for similar legal services;
- The amount involved and the results obtained;
- The time limitations imposed by the client or the circumstances;
- The nature and length of the professional relationship with the client;
- The experience, reputation, and ability of the lawyer or lawyers performing the services; and
- Whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

Answer with an amount for each of the following:

A. For preparation and trial.

ANSWER: $62,836 .

B. For an appeal to the Court of Appeals.

ANSWER: $15,000 .

C. For an appeal to the Supreme Court of Texas

ANSWER: $25,000 .

FILED
12:15pm
MAY 27 2014
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denise Jordan

If you answered "Yes" to Question 2, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 8

What is a reasonable fee for the necessary services of Barbara Schlein's attorney in this case, stated in dollars and cents?

Answer with an amount for each of the following:

a.      For pre-trial representation and representation in the trial court.

ANSWER: _____N/A_____

b.      For representation through an appeal to the Court of Appeals.

ANSWER: _____N/A_____

c.      For representation the petition for review stage in the Supreme Court of Texas.

ANSWER: _____N/A_____

d.      For representation in the merits briefing stage in the Supreme Court of Texas.

ANSWER: _____N/A_____

e.      For representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

ANSWER: _____N/A_____

FILED
12:15pm
MAY 27 2014
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denise Jordan

## QUESTION NO. 9

Did Barbara Schlein substantially rely to her detriment on Anthony Griffin's promise, if any, and was this reliance foreseeable by Anthony Griffin?

Answer "Yes" or "No."

ANSWER: No

FILED
12:15pm
MAY 27 2011
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denise Jordan

If you answered "Yes" to Question 9, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 10

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Barbara Schlein for her damages, if any, that resulted from her reliance on Anthony Griffin's promise?

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

a.    Answer separately in dollars and cents for damages, if any.

ANSWER: _____ N/A _____

b.    The reasonable and necessary attorney's fees and costs incurred to complete the divorce matter started but not finished by Anthony Griffin.

ANSWER: _____ N/A _____

c.    The reasonable and necessary attorney's fees and costs incurred to complete the other matters started but not finished by Anthony Griffin.

ANSWER: _____ N/A _____

FILED
MAY 2 12:15 pm 2014
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denise Jordan

# QUESTION NO. 11

Did Anthony Griffin fail to comply with his fiduciary duty to Barbara Schlein?

As Barbara Schlein's attorney, Anthony Griffin owed Barbara Schlein a fiduciary duty.

To prove Anthony Griffin failed to comply with his fiduciary duty, Barbara Schlein must show:

    a.    the transactions and actions in question were not fair and equitable to Barbara Schlein; or

    b.    Anthony Griffin did not make reasonable use of the confidences that Barbara Schlein placed in him; or

    c.    Anthony Griffin failed to act in the utmost good faith or exercise the most scrupulous honesty toward Barbara Schlein; or

    d.    Anthony Griffin placed his own interests before Barbara Schlein's, used the advantage of his position to gain a benefit for himself at the expense of Barbara Schlein, or placed himself in a position where his self-interest might conflict with his obligations as a fiduciary; or

    e.    Anthony Griffin failed to fully and fairly disclose all important information to Barbara Schlein concerning the transactions.

Answer "Yes" or "No."

ANSWER: _No_

FILED
MAY 27 2014 12:15pm
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denise Jordan

If you answered "Yes" to Question 11, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 12

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Barbara Schlein for her damages, if any, that were proximately caused by such conduct?

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

a.  The amount, if any, that Barbara Schlein paid in excess to Anthony Griffin for legal services promised by Anthony Griffin.

ANSWER: _____ N/A _____

b.  the amount of reasonable and necessary attorney's fees incurred as a result of Barbara Schlein having to hire new attorneys to complete the divorce matter started by Anthony Griffin.

ANSWER: _____ N/A _____

c.  the amount of reasonable and necessary attorney's fees incurred as a result of Barbara Schlein having to hire new attorneys to complete the other matters started by Anthony Griffin.

ANSWER: _____ N/A _____

FILED
MAY 27 2014 12:15 pm
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denise Jordan

d.    the difference between the sales price of Barbara Schlein's house located at 1628 Enterprise Avenue at foreclosure and the value of the house if repairs had been made because of the filing of an insurance claim.

ANSWER:_____N/A_____

e.    mental anguish sustained from November 3, 2009 to date.

"Mental anguish" means the emotional pain, torment and suffering experienced by Barbara Schlein.

ANSWER:_____N/A_____

FILED
12:15pm
MAY 27 2014
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denisa Jordan

## QUESTION NO. 13

Did Anthony Griffin commit fraud against Barbara Schlein?

Fraud occurs when:

a.     a party makes a material misrepresentation, and

b.     the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion, and

c.     the misrepresentation is made with the intention that it should be acted on by the other party, and

d.     the other party relies on the misrepresentation and thereby suffers injury; or

e.     a party fails to disclose a material fact within the knowledge of that party, and

f.     the party knows that the other party is ignorant of the fact and does not have an equal opportunity to discover the truth, and

g.     the party intends to induce the other party to take some action by failing to disclose the fact, and

h.     the other party suffers injury as a result of acting without knowledge of the undisclosed fact.

"Misrepresentation" means:

a.     A false statement of fact; or

b.     A promise of future performance made with an intent, at the time the promise was made, not to perform as promised; or

c.     A statement of opinion based on a false statement of fact; or

d.     A statement of opinion that the maker knows to be false.

Answer "Yes" or "No."

ANSWER: _NO_

FILED
MAY 27 2014 12:15pm
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denise Jordan

If you answered "Yes" to Question 13, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 14

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Barbara Schlein for her damages, if any, that resulted from such fraud?

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

a. the amount, if any, Barbara Schlein paid in excess to Anthony Griffin for legal services promised by Anthony Griffin.

ANSWER: _____N/A_____

b. the amount of reasonable and necessary attorney's fees incurred as a result of Barbara Schlein having to hire new attorneys to complete the divorce matter started by Anthony Griffin.

ANSWER: _____N/A_____

c. the amount of reasonable and necessary attorney's fees incurred as a result of Barbara Schlein having to hire new attorneys to complete the other matters started by Anthony Griffin.

ANSWER: _____N/A_____

d. mental anguish sustained from November 3, 2009 to date.

"Mental anguish" means the emotional pain, torment and suffering experienced by Barbara Schlein.

ANSWER: _____N/A_____

FILED
MAY 27 2011 12:15pm
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denise Jordan

If you answered "Yes" to Question 13, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 15

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Barbara Schlein for her damages, if any, that were proximately caused by such fraud?

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

a.     the amount, if any, Barbara Schlein paid in excess to Anthony Griffin for legal services promised by Anthony Griffin.

ANSWER: _____ N/A _____

b.     the amount of reasonable and necessary attorney's fees incurred as a result of Barbara Schlein having to hire new attorneys to complete the divorce matter started by Anthony Griffin.

ANSWER: _____ N/A _____

c.     the amount of reasonable and necessary attorney's fees incurred as a result of Barbara Schlein having to hire new attorneys to complete the other matters started by Anthony Griffin.

ANSWER: _____ N/A _____

FILED
12:15 pm
MAY 27 2014
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denisa Jordan

d.    mental anguish sustained from November 3, 2009 to date.

"Mental anguish" means the emotional pain, torment and suffering experienced by Barbara Schlein.

ANSWER: _____N/A_____

FILED
12:15pm
MAY 27 2014
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denise Jordan

Answer the following question only if you unanimously answered "Yes" to Question 11 or Question 13. Otherwise, do not answer the following question.

To answer "Yes" to any part of the following question, your answer must be unanimous. You may answer "No" to any part of the following question only upon a vote of 5 or more jurors. Otherwise, you must not answer that part of the following question.

## QUESTION NO. 16

Did you find by clear and convincing evidence that the harm to Barbara Schlein resulted from malice or fraud?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means a specific intent by Anthony Griffin to cause substantial injury or harm to Barbara Schlein.

Fraud occurs when:
a.    a party makes a material representation, and
b.    the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion, and
c.    the misrepresentation is made with the intention that it should be acted on by the other party, and
d.    the other party relies on the misrepresentation and thereby suffers injury, or
e.    a party fails to disclose a material fact within the knowledge of that party, and
f.    the party knows that the other party is ignorant of the fact and does not have an equal opportunity to discover the truth, and
g.    the party intends to induce the other party to take some action by failing to disclose the fact, and
h.    the other party suffers injury as a result of acting without knowledge of the undisclosed fact.

Answer "Yes" or "No."

ANSWER: N/A

FILED
12:15pm
MAY 27 20..
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denise Jordan

## QUESTION NO. 17

Did Anthony Griffin engage in any false, misleading, or deceptive act or practice that Barbara Schlein relied on to her detriment and that was a producing cause of damages to Barbara Schlein?

"Producing cause" means a cause that was a substantial factor in bringing about the damages, if any, and without which the damages would not have occurred. There may be more than one producing cause.

"False, misleading, or deceptive act or practice" means any of the following:

a. Making false or misleading statements of fact concerning the reason for, existence of, or amount of price reduction; or     no

b. Representing that an agreement confers or involves rights that it did not have or involve; or     no

c. Advertising goods or services with intent not to sell them as advertised, or     no

d. Failing to disclose information about goods or services that was known at the time of the transaction with the intention to induce Barbara Schlein into a transaction she otherwise would not have entered into if the information had been disclosed.     no

Answer "Yes" or "No."

ANSWER: __No__

FILED
MAY 27 2011  12:15pm
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By __Denise Jordan__

## QUESTION NO. 18

Did Anthony Griffin engage in any unconscionable action or course of action that was a producing cause of damages to Barbara Schlein?

"Producing cause" means a cause that was a substantial factor in bringing about the damages, if any, and without which the damages would not have occurred. There may be more than one producing cause.

An "unconscionable action" or "course of action" is an act or practice that, to a customer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree.

Answer "Yes" or "No."

ANSWER: Yes

FILED
MAY 27 2014   12:18 pm
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denise Jordan

If you answered "Yes" to Question 17 or Question 18, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 19

Did Anthony Griffin engage in any such conduct knowingly or intentionally?

"Knowingly" means actual awareness of the falsity, unfairness, or deceptiveness of the act or practice on which a claim for damages is based. Actual awareness may be inferred if objective manifestations indicate that a person acted with actual awareness.

Did Anthony Griffin engage in any such conduct intentionally?

"Intentionally" means actual awareness of the falsity, deception, or unfairness of the conduct in question, coupled with the specific intent that the consumer act in detrimental reliance on the falsity or deception. Specific intent may be inferred where objective manifestations indicate that a person acted intentionally.

In answering this question, consider only the conduct that you have found was a producing cause of damages to Barbara Schlein.

Answer "Yes" or "No."

ANSWER: ___Yes___

FILED
MAY 27 2011 12:15pm
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By DeniseJordan

If you answered "Yes" to Question 17 or Question 18, then answer the following question. Otherwise, do not answer the following question.

### QUESTION NO. 20

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Barbara Schlein for her damages, if any, that resulted from such conduct?

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

a.  the amount, if any, Barbara Schlein paid in excess to Anthony Griffin for legal services promised by Anthony Griffin.

ANSWER: _____ $0

b.  the amount of reasonable and necessary attorney's fees incurred as a result of Barbara Schlein having to hire new attorneys to complete the divorce matter started by Anthony Griffin.

ANSWER: _____ $0

c.  the amount of reasonable and necessary attorney's fees incurred as a result of Barbara Schlein having to hire new attorneys to complete the other matters started by Anthony Griffin.

ANSWER: _____ $0


FILED
MAY 27 2014 12:15pm
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denise Jordan

If you answered "Yes" to Question 19, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 21

What sum of money, if any, in addition to actual damages, should be awarded to Barbara Schlein against Anthony Griffin because Anthony Griffin's conduct was committed knowingly or intentionally?

Answer in dollars and cents, if any.

ANSWER: $5,000.00

FILED
MAY 27 2011 12:15pm
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denise Jordan

If you answered "Yes" to Question 17, then answer the following question. Otherwise, do not answer the following question.

## QUESTION NO. 22

What is a reasonable fee for the necessary services of Barbara Schlein's attorney in this case, stated in dollars and cents?

Answer with an amount for each of the following:

a.     For pre-trial representation and representation in the trial court.

ANSWER: _____ N/A _____

b.     For representation through an appeal to the Court of Appeals.

ANSWER: _____ N/A _____

c.     For representation the petition for review stage in the Supreme Court of Texas.

ANSWER: _____ N/A _____

d.     For representation in the merits briefing stage in the Supreme Court of Texas.

ANSWER: _____ N/A _____

e.     For representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

ANSWER: _____ N/A _____



FILED
12:15pm
MAY 27 2014
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denise Jordan

Answer the following question regarding Anthony Griffin only if you unanimously answered "Yes" to Question 16 regarding Anthony Griffin. Otherwise, do not answer the following question regarding Anthony Griffin.

## QUESTION NO. 23

You are instructed that you must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, should be assessed against Anthony Griffin and awarded to Barbara Schlein as exemplary damages for the conduct found in response to Question 16?

"Exemplary damages" means any damages awarded as a penalty or by way of punishment but not for compensatory purposes. Exemplary damages include punitive damages.

Factors to consider in awarding exemplary damages, if any are:
a. The nature of the wrong.
b. The character of the conduct involved.
c. The degree of culpability of the wrongdoer.
d. The situation and sensibilities of the parties concerned.
e. The extent to which such conduct offends a public sense of justice and propriety.

Answer in dollars and cents, if any.

ANSWER:_____N/A_____

FILED
12:15pm
MAY 27 2014
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denise Jordan

## Certificate

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return the same into court as our verdict.

(To be signed by the presiding juror if unanimous.)

_____
PRESIDING JUROR

_____
Printed Name of the Presiding Juror

David Simon

(To be signed by those rendering the verdict if not unanimous.)

| Jurors' Signatures | Jurors' Printed Names |
| --- | --- |
| _(signature)_ | David Simon |
| Andrea Tyra | Andrea Tyra |
| _(signature)_ | Jessika Bош |
| Ellen Lopez | Ellen Lopez |
| _(signature)_ | Tori Massey |
| Marylou Morales | MARylou Morales |

FILED
MAY 2 7 2014  12:15pm
DWIGHT D. SULLIVAN COUNTY CLERK
GALVESTON CO., TEXAS
By Denise Jordan

# TAB 3

November 3, 2009

## CONTRACTUAL AGREEMENT

### Parties to Agreement

This is to authorize A GRIFFIN LAWYERS/ANTHONY P. GRIFFIN, INC., hereinafter and sometimes referred to as LAWYERS, to act as lawyers for the undersigned, BARBARA REGINA SCHLEIN, hereinafter and sometimes referred to as CLIENT(S), relative to all matters concerning the divorce/family related matter/civil issues (tort issues) in a matter styled In the Matter of the Marriage of Barbara Regina Schlein and Robert Schlein; In the County Court at Law, No. 2; Galveston County, Texas; Cause No. 08FD2371.

### You are Hiring Us to Do What?

1. To investigate your case to determine the viability of the case.

2. To advise you as to the viability of same.

3. To work with you with respect to your case including appearing on your behalf before any corporation, official, board, department, administrative body or to



PLAINTIFF'S EXHIBIT 1

file suit and in any Court (Federal or State), if necessary and if warranted.

### Retainer/What is it?/What does It Mean?/What It Isn't?

1. In consideration of the services rendered and to be rendered to client by the said law firm, the client agrees to pay $35,000.00 (normal retainer $10,000.00 - $25,000.00) as a retainer fee.[1]

2. The retainer is based upon the history of the litigation, substituting in with a pending matter (mentioned above) and the firm's obligation to make sense of the disparate parts of the above matter and other related matters (amending pleadings, joining claims), etc.

2. Your retainer is the consideration to hire A GRIFFIN LAWYERS/ANTHONY P. GRIFFIN, INC., LAWYERS. As stated in the oral interview, the retainer herein and attorneys' fees are structured with the reputation of the firm, the related matters necessary to process the family matter (tort allegations by Petitioner and/or on behalf of the minor child), consistent with the

---

[1] Currently Petitioner is under an order of the Court that prevents the expenditure of funds without the approval of the Court. No payment of fees will take place unless and until the Court approves the payment of the retainer amount and/or an order is entered releasing the injunction overbroad scope (can be interpreted to include separate property of Petitioner). The attorneys anticipate filing a motion with the Court to address the broadness of the order and/or releasing of funds to pay the subject retainer.

concept of reasonable attorney's fees based upon the complexity of the issues at hand. The retainer is also based on the consideration for this office not taking other cases (time spent).

3. Said retainer is non-refundable. This means that once the fee is paid, it shall be deemed earned. This does not mean that the retainer represents the total attorney fees due the firm (see 4 herein).

4. This retainer fee should not be interpreted as constituting the full reasonable fee to which the Lawyers may be entitled for services performed pursuant to an award of the Court or settlement.

## Attorney·Fee Determination

The determination of attorneys' fees shall be made as follows:

1. The attorney will keep time records in this matter and will not bill for any additional work unless and until the services rendered exceed the retainer amount.

2. The client is informed that the attorneys' hourly rate ranges from $250.00 to $500.00 an hour in the civil rights arena. The rate depends on the nature of the case, the tasks to be performed, the reputation of the lawyers, and other factors defined by the relative case law and the civil rights industry/arena/practice.

The hourly rate for Anthony P. Griffin will be billed at $300.00 an hour; associate attorneys will be billed at $150.00 an hour.

## Cost - We Will Front Cost, Unless Agreed Otherwise.
### How Do We Get Our Money Back?

Costs are the Client's obligation, but the firm will front cost and bill for the costs.[2]   Costs reimbursement is due and payable thirty (30) days from any such billing.

### Guarantees - None

There are no guarantees held out with respect to the results of this litigation.

---

[2] Again, this is subject to approval of the Court and/or removal of the overbroad language affecting one's separate property.

## Withdrawal, Malfeasance, Breach of Contract

1. <u>Withdrawal</u>: Lawyers have an ethical obligation to represent the Client zealously within the bounds of the law, but the Lawyers also have an obligation, when material representation surfaces or where there is a breach of the terms of this contract by the Client, to withdraw from the representation of the Client. Nothing in this contract guarantees any results, including whether a suit will or will not be filed or any other matters that border on guarantees. The only guarantee relates to the representation within the confines of the Code of Professional Responsibility (zealously within the bounds of the law). It has been explained orally that the Lawyers' obligation to the Court and the rules of ethics require investigation and examination of the facts.

2. <u>Investigation/If No Case</u>: If the facts reveal no case exists, the Lawyer shall promptly advise the client and terminate the relationship. The retainer again is non-refundable.

3. <u>Investigation/Material Breach</u>: If the investigation reveals a material breach, lie, or misstatement by the client, the Lawyer will advise the Client as to how such breach affects the Lawyer's ability to proceed in

the representation. If termination is appropriate, the Lawyer(s) shall advise the client of her rights and shall promptly take any necessary acts to protect the Client (advise as to action) and the firm's rights. Again, the retainer shall be deemed non-refundable.

## Privilege of Firm

It shall be the exclusive privilege of Lawyers to determine when and where suits shall be filed. Again, Lawyers retain the discretion whether to obligate the office in the appeal process.

## Compromise

No compromise or settlement of Client's claims will be made without the consent of both Client and Lawyers.

## Power of Attorney

Lawyers are hereby granted full authority to sign all legal instruments, pleadings, drafts, authorizations and papers that shall be reasonably necessary to conclude settlement and/or reduce to possession any and all monies or other things of value due to Client under this claim as fully as Client could so do in person.

## Keeping the Client Informed

Lawyers agree to produce copies of documents as related to this litigation and to keep the client fully informed.

## Venue Lies in Galveston County

All sums due and payable at Lawyers' office in Galveston County, Texas.

SIGNED AND AGREED to on this the _3rd_ day of _NOV_, 2009.

_Barbara Schlein_

BARBARA REGINA SCHLEIN
2106 PLEASANT PALM CIRCLE
LEAGUE CITY, TEXAS   77573
832.738.6047
EMAIL:  brschlein@msn.com

SIGNED AND AGREED to on this the _3rd_ day of _NOV_, 2009.

ANTHONY P. GRIFFIN
A GRIFFIN LAWYERS
1115 MOODY
GALVESTON, TEXAS   77550
409.763.0386
1.800.750.5034
FACSIMILE NO. 409.763.4102
EMAIL:  agriffin@agriffinlawyers.com

c:word.schlein_barbara_retainer_contract

## NOTICE OF CLIENTS

The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys.

Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar Office of General Counsel will provide you with information about how to file a complaint.

For more information, please call 1.800.932.1900. This is a toll-free phone call.

# TAB 4

*Galveston Island*
*Galveston, Texas 77550*

November 3, 2009


Barbara Regina Schlein
2106 Pleasant Palm Circle
League City, Texas   77573

> RE:   CAUSE NUMBER 08FD2371; IN THE MATTER OF THE
> MARRIAGE OF BARBARA REGINA SCHLEIN AND ROBERT
> JOHN SCHLEIN; IN THE COUNTY COURT AT LAW, NO. 2;
> GALVESTON COUNTY, TEXAS
>
> (EXPLANATION OF CONTRACT AND LETTER AGREEMENT)

Ms. Schlein:

Please find attached the contract of employment.  This
letter is designed to explain our agreement and course of
action.  Please note the following:

- **Contract relates to Family Matters but
  Contemplates Amending Complaint**.  The contract
  relates to the family matter but contemplates
  adding claims and/or amending the pleading to
  address the abuse allegations the fraud in the
  marriage (forgery and misappropriation of
  identification that is the subject of pending
  criminal litigation.  The retainer is set at an
  amount that it is anticipated that no additional
  fees will be charged.

- **Separate Lawsuits that will be filed at the time
  of substitution and/or prior to substitution.  It
  is contemplated that a separate lawsuit will be
  brought against the builder at or near the
  substitution**.  It is my belief the builder should
  be placed in a position of payment for his breach
  of contract and that the house.  We can bring the
  lawsuit and add your spouse and a necessary

PLAINTIFF'S
EXHIBIT
2

PENGAD 800-631-6989

A separate contract will be drawn for this purpose; no retainer is contemplated (contingent fee).

- **Separate Lawsuits that will be filed at the time of substitution and/or prior to substitution. It is contemplated that a separate lawsuit will be brought against your spouse for the discovered abuse of minor child.** It is my belief a separate lawsuit broadens the playing field and makes the other side defend outside of the divorce and Dibrell's court. Of course there will be an attempt to move the matter back to the divorce court, but it is my belief that the action of your child is an independent action. A separate contract will be drawn for this purpose; no retainer is contemplated (contingent fee).

- **Unsure and will need to research the Reitz.** I am currently unsure on the breach of fiduciary lawsuit. The grievance matter can be addressed by obtaining a grievance form. After learning the file better, I will supplement and advise.

If you have any questions, please inform.

Sincerely,

Anthony P. Griffin
A Griffin Lawyers
1115 Moody
Galveston, Texas   77550
409.763.0386
1.800.750.5034
Facsimile No. 409.763.4102

APG/
files

Encl. – Contract of Employment

HAND DELIVERED

c:word.schlein_barbara.client_transmittal

# TAB 5

*A GRIFFIN LAWYERS*

---

*Galveston Island*
*Galveston, Texas 77550*

August 5, 2011

Barbara Regina Schlein
P. O. Box 1061
League City, Texas 77574

RE: CAUSE NUMBER 08FD2371; IN THE MATTER OF THE MARRIAGE
OF BARBARA REGINA SCHLEIN AND ROBERT JOHN SCHLEIN; IN
THE COUNTY COURT AT LAW NO. 2; GALVESTON COUNTY, TEXAS

BARBARA SCHLEIN V. ROBERT SCHLEIN, BILL DE LA GARZA,
DAVID M. OUALLINE AND BILL DE LA GARZA & ASSOCIATES;
IN THE 212TH JUDICIAL DISTRICT COURT; GALVESTON COUNTY,
TEXAS; CASE NO. 10CV0344

CAUSE NO. 10CV1237; BARBARA SCHLEIN V. CENTRE
INTEREST, INC. D/B/A CENTRE BUILDERS V. ROBERT
SCHLEIN; IN THE 10th JUDICIAL DISTRICT COURT; GALVESTON
COUNTY, TEXAS

(BILLING STATEMENT)

Ms. Schlein:

This is our billing statement with respect to the family
case. I have exercised billing discretion and have not billed
for telephone conferences, interviews or normal transmittal of
information to the client and postage (this cost under normal
circumstances would add another $30,000.00 to one's bill).
I am setting out the work performed and then setting our
proposal associated with the fee statement. It has been a
challenge and pleasure to have represented your interest.

Our statement of time and task is as follows:

---

PLAINTIFF'S
EXHIBIT
147
PENGAD 800-631-6989

| Date | Task/Function | Time Expended |
|------|---------------|---------------|
| 11.03.2009 | Letter addressed to client contract of employment; contract of employment; discussion of other lawsuit | 2.0 |
| 11.05.2009 | Beck's supplemental production of documents; review | 2.0 |
| 11.23.2009 | Letter to client transmitting mediator responsive documents; Beck's supplemental production | |
| 12.04.2009 | Letter to client transmitting Beck's letter; retrieving file and De La Garza's request for new mediation | -0- |
| 12.18.2009 | Letter to client with respect to protective order hearing for 2.17.2010 and cancellation of deposition | -0- |
| 12.20.2009 | Work on Petitioner's Motion for Summary Judgment | 4.0 |
| 12.21.2009 | Work on Petitioner's Motion to Withdraw Funds; Petitioner's Second Amended Petition; transmittal to court | 5.0 |
| 12.28.2009 | Letter to client; transmittal of affidavit | -0- |
| 12.31.2009 | Letter to client; mediation date for 1.27.2010 | -0- |
| 01.04.2010 | Transmittal to client/protective order | -0- |
| 01.11.2010 | Letter to client; hearing on motion to withdraw funds hearing set for January 25, 2010 | |
| 01.10.2010 | Work on writ of mandamus and motion to stay | 12.0 |
| 01.11.2010 | Work on writ of mandamus and motion to stay | 10.0 |
| 01.12.2010 | Work on writ of mandamus and motion to stay | 12.0 |
| 01.13.2010 | Work on writ of mandamus and motion to stay | 12.0 |
| 01.13.2010 | Transmittal of writ of | -0- |

2

| | | |
|---|---|---|
| | mandamus to client | |
| 01.19.2010 | Work on Petitioner's Motion for Summary Judgment; transmittal to court | 5.0 |
| 02.08.2010 | Work on Petitioner's Motion to Disqualify Counsel; transmittal to court | 3.0 |
| 03.28.2010 | Work on motion in opposition to appointment of receiver | 3.0 |
| 03.29.2010 | Letter to client/refund of Lillian Hardwick; transmittal hearing date for de novo hearing and opposing second amended motion for appointment of receiver | -0- |
| 04.05.2010 | Transmittal of letter to client/appointment of receiver date moved; preparation of writ of mandamus/court of appeals | 8.0 |
| 04.06.2010 | Preparation of writ of mandamus | 10.0 |
| 04.07.2010 | Preparation of writ and transmittal | 5.0 |
| 04.14.2010 | Amendment to mandamus | 3.0 |
| 04.12.2010 | Transmittal of letter to client/new hearing date on motion for enforcement | -0- |
| 04.21.2010 | Review and transmittal of ruling on mandamus | 1.0 |
| 05.04.2010 | Preparation and transmittal of writ of mandamus Supreme Court | 8.0 |
| 05.11.2010 | Transmittal of inventory found in the file | -0- |
| 05.24.2010 | Transmittal to client copy of order and respondent's motion to compel | -0- |
| 05.15.2010 | Work on mandamus to Texas Supreme Court | 5.0 |
| 05.16.2010 | Work on mandamus appeal to Supreme Court | 8.0 |
| 05.17.2010 | Work on mandamus appeal to Supreme Court | 8.0 |
| 05.24.2010 | Transmittal to client copy of order and respondent's motion to compel | -0- |
| 06.03.2010 | Transmittal to client; | 4.0 |

3

| | | |
|---|---|---|
| | confirmation of filing; hearing and preparation for hearing | |
| 07.06.2010 | Transmittal to client/confirmation of payment of vendor/Christopher Beck | -0- |
| 07.07.2010 | Transmittal of notice from Supreme Court | -0- |
| 07.10.2010 | Work on supplemental discovery | 8.0 |
| 07.11.2010 | Work on supplemental discovery response | 10.0 |
| 07.20.2010 | Letter to client/Schlein's Motion for Sanctions and Second Notice of Deposition on Written Questions to Custodian of Investment Center; review of documents | 2.0 |
| 08.03.2010 | Transmittal of Respondent's Motion for Preferential Setting and confirmation of motion for sanctions; review of Respondent's Response to Motion for Sanctions (interim attorney's fees issue) | 3.0 |
| 08.09.2010 | Transmittal of motion for jury trial setting and payment of jury fee | 1.0 |
| 08.13.2010 | Transmittal to client; hearing transcript of 06.03.2010 | -0- |
| 09.27.2010 | Order transmittal denial of Emergency Motion/Texas Supreme Court | -0- |
| 09.30.2010 | Transmittal of response to mandamus pending before Court of appeals; review of response; preparation of Petitioner's Emergency Motion to Allow Expenditure of Separate Property Funds | 4.0 |
| 10.22.2010 | Review of supplement documents submitted by Respondent; transmittal to client | 3.0 |
| 10.26.2010 | Supreme Court's order denying disqualification of counsel/Supreme | -0- |

4

| | | |
|---|---|---|
| | Court's decision; transmittal information to client | |
| 11.24.2010 | Transmittal of answer and cross-claim/Robert Schlein | -0- |
| 12.01.2010 | Petitioner's Motion to Recuse/preparation and filing | 3.0 |
| 01.07.2011 | Transmittal letter to client/ruling and referral of Administrative Judge/motion to recuse | -0- |
| 01.20.2011 | Petitioner's Motion for Reconsideration Special Exceptions to Petitioner's Second Amended Petition and Petitioner's Motion for Reconsideration of Court's Denial to Allow Expenditure of Funds from the Separate Property Account Funds of Petitioner | 4.0 |
| 01.24.2011 | Petitioner's Motion for Reconsideration of Interim Attorney's Fees Award and Motion for Preferential Setting | 3.0 |
| 01.31.2011 | Petitioner's Second Amended Petition/revision | 1.5 |
| 02.21.2011 | Preparation and amended petition/Petitioner's Third Amended Petition | 1.5 |
| 02.23.2011 | Letter to Court Coordinator with respect to proposed order | -0- |
| 02.25.2011 | Letter to client; amended motion to appoint and receiver; work on amended response to appointment of receiver | 1.5 |
| 02.28.2011 | Letter to client; plea of intervention | |
| 03.04.2011 | Transmittal of Schlein's motion to continue | -0- |
| 03.10.2011 | Notice of hearing; transmittal | -0- |
| 03.18.2011 | Preparation and Hearing/motion to continue | 5.0 |
| 04.14.2011 | Review and transmittal | 4.0 |

5

| | | |
|---|---|---|
| | of 902 Notice of Filings of JP Morgan Records | |
| 04.25.2011 | Transmittal of letter to client; reset of pretrial conference for 5.06.2011 | -0- |
| 05.02.2011 | Transmittal of letter to client; Rule 11 Agreement/Inventory and Appraisement; Respondent's Special Exceptions and Notice of Deposition; Barbara Regina Schlein | -0- |
| 05.03.2011 | Transmittal of Respondent's Amended Answer to Petitioner's Third Amended Petition | -0- |
| 05.06.2011 | Pretrial conference | 2.0 |
| 5.09.2011 | Work on inventory | 3.0 |
| 5.10.2011 | Work on inventory; deposition of Robert Schlein | 6.0 |
| 5.11.2011 | Work on inventory | 2.0 |
| 05.12.2011 | Deposition of Barbara Regina Schlein; Helen Stewart Truscott; preparation for deposition | 6.0 |
| 05.13.2011 | Transmittal of Respondent's Supplemental Answer to Production and Respondent's Inventory and Appraisement | -0- |
| 05.13.2011 | Preparation for Petitioner's First Amended Motion for Limine and Petitioner's Exhibit List | 12.0 |
| 05.14.2011 | "      "      " | 8.0 |
| 05.15.2011 | "      "      " | 8.0 |
| 05.17.2011 | Preparation and Hearing on Motion for Appointment of Receiver | 5.0 |
| 05.18.2011 | Notice of Conflicting Setting | -0- |
| 05.20.2011 | Preparation and filing Petitioner's Fourth Amended Petition and preparation for trial | 12.0 |
| 05.21.2011 | Preparation for trial | 12.0 |
| 05.22.2011 | Preparation for trial | 15.0 |
| 05.23.2011 | Trial | 15.0 |
| 05.24.2011 | Trial | 12.0 |

6

| 05.25.2011 | Trial | 12.0 |
|------------|-------|------|
| 05.26.2011 | Trial | 12.0 |
| 05.27.2011 | Trial | 12.0 |
| 06.10.2011 | Petitioner's Motion for Entry of Final Judgment and Proposed Division of Property | 8.0 |
| 06.20.2011 | Respondent's Motion to Disregard Jury Findings; review and transmittal | 4.0 |
| 06.27.2011 | Transmittal and review of Respondent's Proposed Division | 2.0 |

Total hours work expended = 352.5

Billable hours x $250.00 an hour

Total amount          = $88,125.00

Copy costs           $18,000.00[1]
Cost(s)              $4,399.29[2]

Total bill including attorneys' fees and costs =
                 $110,524.29
**Discounted amount of fees $81,000.00[3]**

---

[1] Total number of pages = 120,000 pages x.15 a page; internal costs billed in-house.

[2]
| | | |
|---|---|---|
| Charles Cannon | $75.00 | |
| Galveston [Clerk of Court] | $37.25 | |
| Galveston [Clerk of Court] | $200.00 | |
| Galveston [Clerk of Court] | $ 3.00 | |
| Galveston [Clerk of Court] | $104.00 | |
| Galveston [Clerk of Court] | $ 16.00 | |
| Galveston [Clerk of Court] | $ 30.00 | [jury fee] |
| Subpoena fees | $130.00 | |
| First Court of Appeals | $250.00 | [writs] |
| Supreme Court | $250.00 | |
| Sandra L. Powell | $1,630.00 | |
| Sandra L. Powell | $ 475.00 | |
| Bank of America | $528.15 | |
| JP Morgan | $477.95 | |
| Stephanie Mc Clure | $192.94 | |

[3] The following cases are not being billed, to-wit: Civil litigation pending in the Justice of the Peace Court (Bank of America v. Barbara Schlein (you prevailed in this litigation) (normal fee ($3,500.00); State of Texas v. Barbara Schlein, Municipal Court City of Manvel (you prevailed in this litigation) (normal fee ($500.00); State of Texas v. Austin Reed (League City, Texas) (normal fee ($500.00); State of Texas v. Barbara Schlein, County Criminal Court, Harris County (normal fee $7,500.00); County of Galveston, et

7

Total including discounted fees $103,383.29

Total discounted bill (discounting fees and costs)
→ $95,000.00 [amount due]

The relevant documents confirming the payment of the subject fees and/or costs are enclosed.  If you have any questions, please inform.

Sincerely,

/S/ Anthony P. Griffin

Anthony P. Griffin
A Griffin Lawyers
1115 Twenty First Street
Galveston, Texas   77550
409.763.0386
1.800.750.5034
Facsimile No. 409.763.4102

APG/
files

Encl(s). - Bills/confirmation of payment, etc.

EMAIL TRANSMISSION AND REGULAR MAIL

c:word.schlein_barbara.billing_statement

---

al. v. Barbara Schlein (tax suits) (normal fee $5,000 - $10,000.00).  This is roughly $22,000.00 - $25,000.00 in fees not billed).

8

# TAB 6



Anthony Griffin <anthonypgriffin@gmail.com>

# demand for payment/close of business on Tuesday, November 1, 2011
1 message

Anthony Griffin <anthonypgriffin@gmail.com>                                    Sat, Oct 29, 2011 at 10:03 AM
To: Barbara Schlein <brschlein@msn.com>

Ms. Schlein:

Please accept this email as confirmation of the termination of our services for non-payment of fees. Your statement seeking to pay $50,000.00 for our work is unacceptable. Your actions to hide funds to make them non-accessible for the payment of fees is intolerable. Your statements challenging my representation are insulting but are consistent with your previous actions associated with your underlying intent.

Please accept this our demand for payment of attorney's fees and costs ($95,000.00). **If we do not receive a cashier's and/or certified check on or before the close of business Tuesday, November 1, 2011 to pay both fees and costs incurred on your behalf, we will take actions, without future notice to protect our interest.** Any future action taken will encompass additional fees and costs associated with your non-payment (roughly an additional $75,000.00).

If payment is not made, please note we anticipate undertaking the following to protect our interest:

1. A motion to the trial court in the family case to set aside the verdict; we will do so in the form of a motion for intervention and motion for new trial as an adverse party (allegation fraud on the court and the hiding of assets). We will work to unwind the agreement (and thus unwind the transactions at the Investment Center; fraud will vitiate any such transactions undertaken and place the matter before the trial court to start all over again);
2. We will retain and secure the file in the warehouse until the motion is decided by the Court. We will not release any property until after the motion is decided by the Court;
3. We will bring on Wednesday of this week a lawsuit in the District Court with respect to our fees and costs. We will copy all parties in the other litigation in order to put them on notice of our lien and the dispute in question. We will sue for the non-discounted amount of fees and costs and not the discounted version (see previously billing statement of August 5, 2011). You have a copy of that bill and we have discussed the same (roughly $209,399.29 is non-discounted fees and costs will be the subject of the suit to recover all fees due and owing to our firm).
3. We will file motions to withdraw on the following cases, to-wit: i) Barbara Schlein v. Robert Schlein, in the County Court at Law, No. 3, Galveston County, Texas; ii) Barbara Schlein v. Robert Schlein and Bill De La Garza, in the 212th Judicial District Court, Galveston County, Texas; iii) Ex Parte Barbara Schlein (expunction proceeding in Houston, Texas); iv) tax case pending in Galveston County; v) Barbara Schlein v. Centre Builders/David Flores, in the 10th Judicial District Court, Galveston County, Texas. The motions will be on file by Wednesday of this week. On the Flores matter we will appear and obtain a trial setting in April/May 2012. We will file a lien in Flores matter in order to retain our interest; we will not waive our contingent fee in that case.

I will tender your file on or before December 1, 2011. You should make arrangements to travel to Galveston to retrieve the files. There are approximately thirty boxes of materials, therefore you should have a vehicle large enough to obtain all materials at one time. Any future interaction will be by fax, email or letter.

Anthony P. Griffin
A Griffin Lawyers
1115 Twenty First Street
Galveston, Texas 77550
409.763.0386
1.800.750.5034
Facsimile No. 409.763.4102

PLAINTIFF'S
EXHIBIT
146
PENGAD 800-631-6989


# TAB 7

B1 (Official Form 1) (12/11)

| UNITED STATES BANKRUPTCY COURT<br>For Southern District of Texas - Galveston | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (If individual, enter Last, First, Middle):<br>Anthony P. Griffin, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>N/A |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>A Griffin Lawyers | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>N/A |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>74-2071282 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>2531 |
| Street Address of Debtor (No. and Street, City, and State):<br>1115 Twenty First Street, Galveston, Texas<br><br>ZIP CODE 77550 | Street Address of Joint Debtor (No. and Street, City, and State):<br>N/A<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Galveston | County of Residence or of the Principal Place of Business:<br>N/A |
| Mailing Address of Debtor (if different from street address):<br>1115 21st Street<br>Galveston, Texas<br><br>ZIP CODE 7755- | Mailing Address of Joint Debtor (if different from street address):<br>N/A<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7 ☐ Chapter 15 Petition for<br>☐ Chapter 9     Recognition of a Foreign<br>☑ Chapter 11   Main Proceeding<br>☐ Chapter 12 ☐ Chapter 15 Petition for<br>☐ Chapter 13    Recognition of a Foreign<br>          Nonmain Proceeding |

| Chapter 15 Debtors<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | Tax-Exempt Entity<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☑ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☑ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>Check if:<br>☑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>-----------------------------------<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

477

EXHIBIT
D-4

tabbies

B1 (Official Form 1) (12/11)                                                                                                    Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | **Name of Debtor(s):**<br>Anthony P. Griffin, Inc. | |
|---|---|---|
| colspan=3 center: **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location<br>Where Filed:   N/A | Case Number: | Date Filed: |
| Location<br>Where Filed:   N/A | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor:<br>   N/A | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br><br>☐   Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)      (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

478

B1 (Official Form 1) (12/11)                                                            **Page 3**

| Voluntary Petition <br> *(This page must be completed and filed in every case.)* | Name of Debtor(s): <br> Anthony P. Griffin, Inc. |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. <br> [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. <br> [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). <br><br> I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. <br><br> X  /S/ Anthony P. Griffin <br>    Signature of Debtor <br><br> X  N/A <br>    Signature of Joint Debtor <br><br>    Telephone Number (If not represented by attorney) <br><br>    Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. <br><br> (Check only one box.) <br><br> ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. <br><br> ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. <br><br> X  N/A <br>    (Signature of Foreign Representative) <br><br>    (Printed Name of Foreign Representative) <br><br>    Date |
| **Signature of Attorney\*** <br><br> X  /S/ ANTHONY P. GRIFFIN <br>    Signature of Attorney for Debtor(s) <br>    ANTHONY P. GRIFFIN <br>    Printed Name of Attorney for Debtor(s) <br>    ANTHONY P. GRIFFIN, INC. <br>    Firm Name <br><br>    1115 21ST STREET, GALVESTON, TEXAS 77650 <br><br>    Address <br>    409.763.0386 <br>    Telephone Number <br>    04/04/2012 <br>    Date <br><br> \*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer** <br><br> I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. <br><br>    N/a <br>    Printed Name and title, if any, of Bankruptcy Petition Preparer <br><br>    Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |
| **Signature of Debtor (Corporation/Partnership)** <br><br> I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. <br><br> The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition. <br><br> X  /S/ ANTHONY P. GRIFFIN <br>    Signature of Authorized Individual <br>    ANTHONY P. GRIFFIN <br>    Printed Name of Authorized Individual <br>    President <br>    Title of Authorized Individual <br>    04/04/2012 <br>    Date |    Address <br><br> X <br>    Signature <br><br>    Date <br><br> Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. <br><br> Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual. <br><br> If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. <br><br> *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

479

B IA (Official Form 1, Exhibit A) (9/97)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# UNITED STATES BANKRUPTCY COURT

## Southern District of Texas - Galveston

In re   Anthony P. Griffin, Inc. _____ ,   )   Case No. _____

Debtor   )

)

)

)   Chapter 11

## EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  N/A _____ .

2. The following financial data is the latest available information and refers to the debtor's condition on 04.04.2012 _____ .

| | | |
|---|---|---|
| a. Total assets | $ | 987,633.00 |
| b. Total debts (including debts listed in 2.c., below) | $ | 1,200,000.00 |

c. Debt securities held by more than 500 holders:

Approximate number of holders:

| | | | | | |
|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

d. Number of shares of preferred stock _____ _____

e. Number of shares common stock _____ 1,000 _____ 1

Comments, if any: _____
Small business, closely held; 1000 shares all owned by Anthony P. Griffin.

3. Brief description of debtor's business:
Law practice/pre-development work in context of property acquisitions

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: _____
Anthony P. Griffin

480

B 1C (Official Form 1, Exhibit C) (9/01)

*[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]*

# UNITED STATES BANKRUPTCY COURT

## Southern District of Texas - Galveston

In re    Anthony P. Griffin, Inc.                              ,        )    Case No. _____

                               Debtor        )

                                         )

                                         )    Chapter   11   _____

## EXHIBIT "C" TO VOLUNTARY PETITION

1.  Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

    None.

2.  With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

    None.

481

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

In re_____          Case No._____
            Debtor                                    (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

482

B ID (Official Form 1, Exh. D) (12/09) – Cont.                                                                              Page 2

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

   ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
   ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
   ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

I certify under penalty of perjury that the information provided above is true and correct.

Signature of Debtor: Anthony P. Griffin

Date: 04/04/2012

483

Certificate Number: 01267-TXS-CC-017816773



01267-TXS-CC-017816773

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>April 4, 2012</u>, at <u>11:36</u> o'clock <u>AM CDT</u>, <u>Anthony P Griffin</u> received from <u>Money Management International, Inc.</u>, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>Southern District of Texas</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet and telephone</u>.

Date: <u>April 4, 2012</u>                   By:   <u>/s/Comfort Gayekpar</u>

                                            Name: <u>Comfort Gayekpar</u>

                                            Title: <u>Counselor</u>

\* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

484

B 4 (Official Form 4) (12/07)

# UNITED STATES BANKRUPTCY COURT

### Southern District of Texas - Galveston

In re __Anthony P. Griffin, Inc._____,          Case No. _____
                    Debtor
                                                      Chapter __11_____

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address, including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *Amount of claim [if secured also state value of security]* |

See attached

Date: __04.04.2012__

                                          /s/ ANTHONY P. GRIFFIN_____
                                                        Debtor

*[Declaration as in Form 2]*

| Creditors | Names and Address | Unliquidated/Unsecured | Amount Due* |
|---|---|---|---|
| Associated Court Reporters | 777 Post Oak Boulevard #875] Houston, TX 77056 (713) 963-9700 | √ | $15,000.00 [N/D] |
| Frances Carvey | 1704 Avenue K Galveston, Texas 77550 409.762.6931 | √ | $50,000.00 [N/D] |
| Kevin Correai | 6150 Westgate Drive Beaumont, Texas 77706 409.860.4007 | √ | $10,000.00 [N/D] |
| James Hobgood | P.O. Box 481 Texas City, Texas  77568 409.939.0006 | √ | $10,000.00 {N/D] |
| Michael Jordon | **695 Callaway Drive** Beaumont, Texas  77706 409.658.5544 | √ | $12,000.00 [N/D] |
| Lexis Nexis | Diversified Credit Service P.O. Box 21726 Cleveland, Ohio 44121 | | $6,197.68 |
| Pitney Bowes | P. O. Box 5010 Woodlands, Hills, Ca 91365 818.225.6000 | √ | 12,088.07 [N/D] |
| Randy Porter | 1195 County Road 150 Alvin, Texas  77511 713.828.4065 | √ | $10,000.00 [D] |
| Newton Savoie | 2475 Canal Street New Orleans, LA  70119 504.822.4010 | √ | $7,226.77 [N/D] |
| Joline Reese | **1502 17th Avenue North** Texas City, Texas 77590 409.771.2505 | √ | $10,000.00 [N/D] |

486

SST         4315 Pickett Road
            P. O. Box 801997
            Kansas City, Texas  64180-1997
            1.877.810.0594              √              $6,361.69 [N/D]


Ceasar Vereen
            192 County Road 698B
            Angleton, Texas  77515      √              $7,500.00   [N/D]


Glenda Wallace
            16031 Williwalk Drive
            Houston, Texas 77083        √              $5,000.00 [D][N/D]

---

Secured Debt


De Lage Landen
            c/o 1111 Old Eagle School Road
            Wayne, PA  19087         secured         $19,389.22

Internal Revenue
Service      1919 Smith
            Houston, Texas           secured         $800,000.00
            Agent:  Christopher Fletcher
            713.209.3507                             [accounting needed]

Property Taxes
            Galveston County         secured         $120,000.00
            City of Galveston
            Galveston Independent School District
                                  [property taxes]

Lamson Nguyen                        secured         $20,000.00
            Lamson Construction Co
            1011 61st Street
            Galveston, Texas  77550  secured
            409.457.7774

487

N/D – represented not disputed
D – represents disputed but intends to pay

488

# TAB 8

Filed
13 March 14 P6:43
Dwight D. Sullivan
County Clerk
Galveston County

CAUSE NO. CV-69481

ANTHONY P. GRIFFIN            IN THE COUNTY COURT

V.                           AT LAW NO.  2

BARBARA REGINA SCHLEIN        GALVESTON COUNTY, TEXAS

PLAINTIFF'S, ANTHONY P. GRIFFIN, ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

This lawsuit is brought to collect on outstanding debts due and owing to Anthony P. Griffin, hereinafter and sometimes referred to as Plaintiff, with regards to services rendered to Barbara Regina Schlein, hereinafter and sometimes referred to as Defendant.  Plaintiff would show unto the Court as follows, to-wit:

I.

This is a Schedule 2 matter and as such it is requested that the Court establish a scheduling order herein.

II.

At all times material to this action, Plaintiff is a licensed lawyer in the State of Texas engaged in the practice of law.

Defendant, Barbara Schlein, can be served with process by serving her at 2106 Pleasant Palm Circle, League City, Texas 77573.



EXHIBIT
D-26

All matters material to this action occurred in Galveston and/or Harris County, Texas.

III.

Breach of Contract Claim - Family Claim

In November 3, 2009, Plaintiff entered a contract of employment with Plaintiff. The contract called for the Defendant to pay to Plaintiff an initial retainer of $35,000.00 and for counsel to be paid a reduced hourly rate of $250.00 an hour for any work over $35,000.00. The contract was entered with knowledge of previous counsel's representation of the Defendant and the long-term and protracted nature of the underlying family/business law litigation.[1] Even though referenced in the contract, the Defendant never paid the initial retainer of $35,000.00, but explained to Plaintiff that she was trustworthy, that she always paid her bills and that if the Plaintiff took care of her interest, she would take care of him. Plaintiff explained that she simply had to abide with the terms of the contract.

Plaintiff represented Defendant in the family litigation and maintained business records during the course of the representation. At the end of the representation, Plaintiff

---

[1] In the Matter of the Marriage of Barbara Regina Schlein and Robert John Schlein; Case No. 08FD2371; in the County Court at Law, No. 2, Galveston, County, Texas.

2

forwarded a bill setting out the total amount of time expended on Plaintiff's behalf was 352.50 hours for a total of $88,125.00. Plaintiff's office also incurred some $22,339.29 in costs. The total attorneys' fee and costs incurred on behalf of the client and due and owing is $110,524.29.

Plaintiff sues for this amount and prays for judgment.

IV.

## Additional Work – Quantum Meruit

Plaintiff also engaged in other work for Defendant that was external to the contract of employment surrounding the family litigation. The agreement of representation was based upon trust and promises that Defendant was "honest, trustworthy and a Christian woman and that she paid her bills" (Defendant's words). Plaintiff was informed by Defendant on multiple occasions that if her money in the family case was cleared up she would immediately get Plaintiff paid – "trust me." The worked performed on Defendant's behalf included the following:

i)   Civil litigation over debt in Justice Court (Bank of America v. Barbara and Robert Schlein) – the defense was successful;

ii)  Criminal litigation in criminal case (State of Texas v. Barbara Schlein, in the County Criminal Court, Harris County, Texas) & ultimately work on an

3

expunction and filing an expunction in Harris County, Texas with respect to same – the defense was successful, the expunction matter is pending at this submission;

iii) Ticket work/criminal litigation in Manvel, Texas – (State of Texas v. Barbara Schlein) – the defense was successful;

iv) Representation of Defendant's son (State of Texas v. Austin Reed) – the defense was successful;

v) Representation of Barbara Schlein in tax litigation matter pending in Galveston County, Texas (pending) (County of Galveston v. Barbara Schlein and Robert Schlein);

vi) Representation of Barbara Schlein in contingent fee litigation with regards to builder's negligence (Barbara Schlein v. Centre Builders, et al.; in the 10th Judicial District Court; Galveston County, Texas);

vii) Representation of Barbara Schlein in litigation in real estate litigation and lien placed on community property (Barbara Schlein v. Robert Schlein and Bill De La Garza, et al., in the 212th Judicial District Court; Galveston County, Texas).

The reasonable value of the subject work is sixty

4

thousand ($60,000.00) dollars; this amount does not include the contingent fee in existence in the building negligence matter pending in Galveston County. Plaintiff sues for his reasonable and necessary attorney's fees and costs incurred on behalf of Plaintiff in these cases ($15,000.00 in costs). Plaintiff seeks a declaratory judgment with respect to the contingent fee contract on the construction litigation that the contract is a valid and enforceable contract and remains in effects.

V.

## Unjust Enrichment

Plaintiff incorporates by reference the above information for all purposes. In addition and/or in the alternative to the foregoing, Plaintiff would show that it is entitled to recover under the doctrine of unjust enrichment. According to this equitable principle of justice, equity, and/or good conscience, Plaintiff is entitled to recover for the products, materials, and services that Defendant received and benefited from without compensating Plaintiff. Under the theory of unjust enrichment, Plaintiff is entitled to recover all actual damages, together with attorneys' fees and costs of Court.

5

VI.

## Fraud Allegations

Plaintiff brings suit on the basis of fraud. It is
Plaintiff's contention that Defendant has defrauded both him and
the court during the course of the contractual relationship.
Plaintiff signed a contract imposing an obligation on the client
to be honest in her dealings with the Plaintiff and the court.
The applicable language under the contract reads as follows:

<u>Withdrawal, Malfeasance, Breach of Contract</u>
1. <u>Withdrawal</u>: Lawyers have an ethical obligation to
   represent the Client zealously within the bounds of the
   law, but the Lawyers also have an obligation, when
   material representation surfaces or where there is a
   breach of the terms of this contract by the Client, to
   withdraw from the representation of the Client.
   Nothing in this contract guarantees any results,
   including whether a suit will or will not be filed or
   any other matters that border on guarantees. The only
   guarantee relates to the representation within the
   confines of the Code of Professional Responsibility
   (zealously within the bounds of the law). It has been
   explained orally that the Lawyers' obligation to the
   Court and the rules of ethics require investigation and
   examination of the facts.
2. <u>Investigation/If No Case</u>: If the facts reveal no case
   exists, the Lawyer shall promptly advise the client and
   terminate the relationship. The retainer again is non-
   refundable.

6

3. Investigation/Material Breach: If the investigation reveals a material breach, lie, or misstatement by the client, the Lawyer will advise the Client as to how such breach affects the Lawyer's ability to proceed in the representation. If termination is appropriate, the Lawyer(s) shall advise the client of her rights and shall promptly take any necessary acts to protect the Client (advise as to action) and the firm's rights. Again, the retainer shall be deemed non-refundable.

Prior to the signing of the contract, the contract was explained to the client and Plaintiff relied upon Defendant's statements with regard to telling the truth, be forthright and honest and not to conceal any information during the process. Defendant affirmed her understanding and held out that she would remain honest and that she would not conceal information from Plaintiff and/or from the Court. However, during the course of the relationship, Defendants actions revealed fraud that struck at the fundamental relationship between the parties. These actions included the following:

1) Requesting to see banking records before the lawyer after banking records were tendered by the banking entity. After the lawyer learned that the client had gone through the records prior to his review, copying and tendering to the other side, he prohibited

7

the client's access to any such documents until after the lawyer touched the documents first;

2) In preparation for trial, the lawyer discovered a discrepancy in checks and the financial records and inquired of the client. In the discussion, the lawyer became angry and stated that "if I was the judge, I would put you in jail." The Defendant, instead of addressing the problem/discrepancy the client engaged in tears and continued to repeat …. "I don't know." When the contradiction was revealed in the examination, the client simply stated, "I just have to go to jail." The client was instructed that if the question was asked at a trial or hearing, Defendant had to answer honestly, even if it meant not answering and/or repeating her statement, "I just have to go to jail." The question was not asked at trial;

3) The client held out to Plaintiff that his fees would be paid. "I have the money, I will pay you. You trust me don't you?"

8

Defendant explained that when the process was over she would immediately get a check issued to pay Plaintiff. Plaintiff relied on these statements.

4) After the presentation of the bill, Plaintiff explained in the bill and orally that he would discount the bill (fees and costs), in order to make it better on the client and in order to receive compensation. On or about October 28, 2011, Plaintiff was informed by Defendant that she would not and could not pay Plaintiff's fees. Plaintiff had been informed that she had worked with her financial advisor, Ritchie Faulk to protect her funds from collection. In the conversation of October 28, 2011, Defendant said the funds were placed in an IRA and that she could not remove the same until she was 59. Presumably, Defendant wanted Plaintiff to wait until a period of in excess of ten (10) years for compensation. The Defendant's statement was related to the IRA is inconsistent with Defendant holding out that after taking out "your" lawyer's

9

fees, I will place my other funds in a protective status. Plaintiff relied on the Defendant's statements.

Plaintiff has been defrauded by Defendant and seeks a judgment finding that "fraud" has taken place.

## VII.

### Theft of Services – Theft Liability Act

Plaintiff incorporates by reference the above factual paragraphs setting out the factual history. Defendant misappropriated monies owed to Plaintiff with the intent to deprive Plaintiff of that property and/or without Plaintiff's consent. Defendant has engaged in theft of services under the Theft Liability Act by intentionally and knowingly securing the performance of services by deception, false token, and/or by securing the performance of those services by agreeing to provide compensation to Plaintiff and, after the services were rendered, by failing to make payment after receiving notice demanding payment. To the extent necessary or appropriate, Plaintiff incorporates the following provisions of the Texas Penal Code: §§ 31.01(1), 31.01(3), 31.01(4), 31.01(5), and 31.01(6).

10

Defendant has unlawfully diverted and/or held monies owed to Plaintiff for services rendered and, pursuant to the Theft Liability Act.

## VIII.

### Prayer for Relief

Plaintiff prays for the following relief in this matter:

1.    Actual damages incurred by Plaintiff associated with all claims asserted herein;

2.    A declaratory judgment that Defendant has engaged in fraud;

3.    A judicial finding that Plaintiff is entitled to quantum meruit and/or a finding of unjust enrichments on the portions of the work that no contract existed;

4.    A finding that Defendant has engaged in theft of services in violation of Texas law;

5.    Plaintiff seeks exemplary damages for Defendant's conduct;

6.    Plaintiff seeks pre-judgment interest, post judgment interest, court costs, and reasonable and necessary attorney's fees (fees associated when counsel is hired to represent the Plaintiff's interest) that Plaintiff is entitled to recover.

11

7.   Plaintiff seeks the recovery of all damages under law and equity that Plaintiff is entitled to recover.

DATE:   March 14, 2013.

Respectfully submitted,

/S/ NORMA VENSO

_____

NORMA VENSO
ATTORNEY AT LAW
830 APOLLO
HOUSTON, TEXAS 77058
409.789.8661
FACSIMILE NO. 281.286.9990

STATE BAR NO. 20545250

c:word.griffin_anthony_[schlein_barbara]_original_petition

12

# TAB 9

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

March 18, 2011

*CMRRR#: 70040750000067289519*

Mr. Anthony Paul Griffin
Attorney At Law
1115 21st Street
Galveston, Texas 77550-4624

Re:    H0021132504  Ceasar William Vereen - Anthony Paul Griffin

Dear Mr. Griffin:

The Office of Chief Disciplinary Counsel has received the above-referenced Grievance, a copy of which is enclosed with this notice. This office has examined the Grievance and determined that the information provided alleges Professional Misconduct. Pursuant to the Texas Rules of Disciplinary Procedure, this matter has been classified as a Complaint.

Please advise this office immediately if you are represented in this matter by an attorney.

You must furnish to this office a written response to the Complaint within thirty (30) days of receipt of this notice. The response should address specifically each allegation contained in the Complaint, and should further provide all information and documentation necessary for a determination of Just Cause as defined in the Texas Rules of Disciplinary Procedure. **Pursuant to Rule 2.10 of the Texas Rules of Disciplinary Procedure, you are required to provide a copy of your response directly to the Complainant.**

**Pursuant to Rules 8.01(b) and 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct, failure or refusal to timely furnish a response or other information requested by the Chief Disciplinary Counsel, without timely asserting legal grounds to do so, constitutes Professional Misconduct.**

The Office of Chief Disciplinary Counsel maintains as confidential Disciplinary Proceedings, except that the pendency, subject matter, and status of a Disciplinary Proceeding may be disclosed by the Chief Disciplinary Counsel if the Respondent has waived confidentiality or the Disciplinary Proceeding is based upon conviction of a serious crime. The Chief Disciplinary Counsel may provide appropriate information, including the response, to law enforcement agencies, under Rule 6.08 of the Texas Rules of Disciplinary Procedure.



EXHIBIT
D-45

You will be notified in writing of further proceedings in this matter.

Sincerely,

Jai L. Jones
Assistant Disciplinary Counsel
Office of the Chief Disciplinary Counsel
State Bar of Texas
JLJ/ra

Enclosure(s): Grievance **(Copy of Complaint)**

CF2-3.

I.    GENERAL INFORMATION

**Before you fill out this paperwork, there may be a faster way to resolve the issue you are currently having with an attorney.**

If you are considering filing a grievance against a Texas attorney for any of the following reasons:

~    You believe your attorney is neglecting your case.
~    Your attorney does not return phone calls or keep you informed about the status of your case.
~    You have fired your attorney but are having problems getting your file back from the attorney.

**You may want to consider contacting the Client-Attorney Assistance Program (CAAP) at 1-800-932-1900.**

CAAP was established by the State Bar of Texas to help people resolve these kinds of issues with attorneys quickly, without the filing of a formal grievance.

CAAP can resolve many problems without a grievance being filed by providing information, by suggesting various self-help options for dealing with the situation, or by contacting the attorney either by telephone or letter.

I have ___✓___  I have not _____ contacted the Client-Attorney Assistance Program.


II.   INFORMATION ABOUT YOU -- PLEASE KEEP CURRENT

1.    TDCJ/SID # ___N/A___        Ms.  Name: _____

      Address: _____

      _____

      City: _____  State: _____  Zip Code: _____

2.    Employer and address ___N/A_____

      _____

3.    Telephone number: Residence _____  Work: ___N/A___

Other: _____

4. Drivers License # _____ _____ Date of Birth _____

5. Name, address, and telephone number of person who can always reach you.

   Name _____ Address _. _____

   _____ Telephone _____

6. Do you understand and write in the English language? ___yes___
   If no, what is your primary language? _____
   Who helped you prepare this form? __myself__ _____
   Will they be available to translate future correspondence during this process? __N/A__

7. **Are you a member of the judiciary?** ___No___
   If yes, please provide Court, County, City, State: _____

III. INFORMATION ABOUT ATTORNEY

   Note: Grievances are not accepted against law firms. You must specifically name the attorney against whom you are complaining. A separate grievance form must be completed for each attorney against whom you are complaining.

1. Attorney name: _Mr. Anthony P. Griffin_ Address: _1115 Moody_

   City: _Galveston_ State: _Texas_ Zip Code: _77550_

2. Telephone number: Work _409-763-0381_ Home _____ Other _1-800-750-5034_

3. Have you or a member of your family filed a grievance about this attorney previously?
   Yes ___ No _✓_ If "yes", please state its approximate date and outcome. __N/A__

   _____

4. Please check one of the following:
   ___✓___ This attorney was **hired** to represent me.
   _____ This attorney was **appointed** to represent me.
   _____ This attorney was hired to represent **someone else.**

   Please give the date the attorney was hired or appointed and what the attorney was hired or appointed to do.
   _____ _3 OCT 2008_ _____

   _____

5. What was your fee arrangement with the attorney? _yes_

**If you signed a contract and have a copy, please attach.**
**If you have copies of checks and/or receipts, please attach.**
**Do not send originals.**

6. If you did not hire the attorney, what is your connection with the attorney? Explain briefly
_I hire the attorney._

7. Are you currently represented by an attorney? _NO_
If yes, please provide information about your current attorney: _N/A_

8. Do you claim the attorney has an impairment such as depression or a substance use disorder? If yes, please provide specifics (your **personal** observations of the attorney such as slurred speech, odor of alcohol, ingestion of alcohol or drugs in your presence etc., including the date you observed this, the time of day, and location).

_NO_

9. Did the attorney ever make any statements or admissions to you or in your presence that would indicate that the attorney may be experiencing an impairment such as depression or a substance use disorder? If so, please provide details.

_NO_

## IV. INFORMATION ABOUT YOUR GRIEVANCE

1. Where did the activity you are complaining about occur?

County: _Galveston_     City: _GAlVeston_

2. If your grievance is about a lawsuit, answer the following, if known:

a. Name of court _?_

b. Title of the suit _Racial Discrimination_

c. Case number and date suit was filed _____

d. If you are not a party to this suit, what is your connection with it? Explain briefly.
_____ _N/a_ _____

**If you have <u>copies</u> of court documents, please attach.**

3. Explain in detail why you think this attorney has done something improper or has failed to do something which should have been done. Attach additional sheets of paper if necessary.

   **If you have <u>copies</u> of letters or other documents you believe are relevant to your grievance, please attach. <u>Do not send originals</u>.**

   **Include the names, addresses, and telephone number of all persons who know something about your grievance.**

   **Also, please be advised that a copy of your grievance will be forwarded to the attorney named in your grievance.**

   _My Wife Kathleen Mc Vragen she Encourage me to go to Attorney Anthony P. Griffin._

_____

_____

_____

_____

_____

_____

_____

## V. HOW DID YOU LEARN ABOUT THE STATE BAR OF TEXAS' ATTORNEY GRIEVANCE PROCESS?

___     Yellow Pages

___     Internet

_✓_     Other

## VI. ATTORNEY-CLIENT PRIVILEGE WAIVER

I hereby expressly waive any attorney-client privilege as to the attorney, the subject of this grievance, and authorize such attorney to reveal any information in the professional relationship to the Office of Chief Disciplinary Counsel of the State Bar of Texas.

I understand that the Office of Chief Disciplinary Counsel maintains as confidential the processing of Grievances.

Signature: _Lewon M. Virner_     Date: _2/07/2011_

TO ENSURE PROMPT ATTENTION, THE GRIEVANCE SHOULD BE MAILED TO:

THE OFFICE OF CHIEF DISCIPLINARY COUNSEL
P.O. Box 13287
Austin, Texas 78711

October 3, 2008

Ceasar Vereen

RE:  CONTRACT OF EMPLOYMENT

Mr. Vereen:

Please find enclosed the contract of employment. Please retain the original for your records.

Sincerely,

Anthony P. Griffin
A Griffin Lawyers
1115 Moody
Galveston, Texas   77550
409.763.0386
1.800.750.5034
Facsimile No. 409.763.4102

APG/
files

Encl. - Contract of Employment

c:word.vereen.ceasar.client.transmittal

October 3, 2008

## CONTRACTUAL AGREEMENT

### Parties to Agreement

This is to authorize A GRIFFIN LAWYERS/ANTHONY P. GRIFFIN, INC., hereinafter and sometimes referred to as LAWYERS, to act as lawyers for the undersigned, CEASAR VEREEN, hereinafter and sometimes referred to as CLIENT(S), relative to all matters concerning the denial of bonding license (discrimination; section 1981 cause of action).

### You are Hiring Us to Do What?

1. To investigate your case to determine the viability of the case.

2. To advise you as to the viability of same.

3. To work with you with respect to your case including appearing on your behalf before any corporation, official, board, department, administrative body or to file suit and in any Court (Federal or State), if necessary and if warranted.

Retainer/What is it?/What does It Mean?/What It Isn't?

1. In consideration of the services rendered and to be rendered to client by the said law firm, the client agrees to pay $10,000.00 (normal retainer $10,000.00 - $25,000.00) as a retainer fee.

2. Your retainer is the consideration to hire A GRIFFIN LAWYERS/ANTHONY P. GRIFFIN, INC., LAWYERS. As stated in the oral interview, the retainer herein and attorneys' fees are structured consistent with the history of the Civil Rights Act and the recognized concept of the private Attorney General. The retainer is also based on the consideration for this office not taking other cases, the reality that there is a scarcity of civil rights lawyers in Texas generally and in the Gulf Coast area in particular, and the reputation of the firm.

3. Said retainer is non-refundable. This means that once the fee is paid, it shall be deemed earned. This does not mean that the retainer represents the total attorney fees due the firm (see 4 herein).

4. This retainer fee should not be interpreted as constituting the full reasonable fee to which the Lawyers may be entitled for services performed pursuant to an award of the Court or settlement.

## Attorney Fee Determination

The determination of attorneys' fees shall be made as follows:

1. The attorney has the right to petition the Court, in the event the plaintiff prevails in this litigation, for reasonable attorneys' fees, consistent with the Civil Rights Act. Any such fees awarded by the Court shall not be paid by the client or out of the client=s portion. The paragraph contemplates the attorney petitioning the Court for additional fees. This does not take place unless you are the prevailing party in the litigation.

2. The client is informed that the attorneys' hourly rate ranges from $250.00 to $500.00 an hour in the civil rights arena. The rate depends on the nature of the case, the tasks to be performed, the reputation of the lawyers, and other factors defined by the relative case law and the civil rights industry/arena/practice.

3. As explained orally, oft-times the corporation and/or defense counsel(s) will seek to pit the lawyer against the client and/or vice versa. In this regard, please note: The lawyers are entitled to forty percent (40%) of any and all recovery obtained on behalf of the client (gross recovery) which may be obtained by

virtue of compromise settlement/trial/verdict.

4. This provision allowing a contingent basis for recovery of attorneys' fees does not prevent the attorney from applying for the collecting attorney fees under the Civil Rights Attorney Fees Act (see paragraph 3 above). Any fee awarded by the Court shall be applied dollar for dollar to offset the contingent fee set out above (by way of example - if the client recovers $100.00, the attorney fee award shall derive "off the top" of the $100.00 and forty percent (40%) shall be deducted leaving the client a recovery of $60.00). If on application for reasonable attorney fees the Court awards $35.00 in lawyer fees, the client=s obligation shall be $5.00 (a dollar for dollar application).

5. In the event the reasonable attorney fee award exceeds the contingent fee award, there shall be no deduction of fees from the Client's portion and the fee award will be the attorney's sole recovery of fees. No excess over the contingent fee amount shall be applied to the Client's recovery.

6. In the event the contingent fee award exceeds the award by the Court, the Lawyers are awarded the greater of the two sums.

<u>Cost - We Will Front Cost, Unless Agreed Otherwise</u>.
How Do We Get Our Money Back?

Cost associated with this litigation shall be deducted from the client's portion. By way of example -

- If recovery is $100.00 (by compromise settlement) and

- Attorney fees deducted at 40% = $60.00

- Then costs would be deducted from the client's balance. Therefore,

- If costs associated with the suit was $10.00, then the client's recovery would be $60.00 minus $10.00 = $50.00.

The same type of deduction of costs takes place under circumstances where contingent fees do not apply.

<u>Guarantees - None</u>

There are no guarantees held out with respect to the results of this litigation.

## Withdrawal, Malfeasance, Breach of Contract

1. Withdrawal: Lawyers have an ethical obligation to represent the Client zealously within the bounds of the law, but the Lawyers also have an obligation, when material representation surfaces or where there is a breach of the terms of this contract by the Client, to withdraw from the representation of the Client. Nothing in this contract guarantees any results, including whether a suit will or will not be filed or any other matters that border on guarantees. The only guarantee relates to the representation within the confines of the Code of Professional Responsibility (zealously within the bounds of the law). It has been explained orally that the Lawyers= obligation to the Court and the rules of ethics require investigation and examination of the facts.

2. Investigation/If No Case: If the facts reveal no case exists, the Lawyer shall promptly advise the client and terminate the relationship. The retainer again is non-refundable.

3. Investigation/Material Breach: If the investigation reveals a material breach, lie, or misstatement by the client, the Lawyer will advise the Client as to how such breach affects the Lawyer=s ability to proceed in

the representation. If termination is appropriate, the Lawyer(s) shall advise the client of his/her/their rights and shall promptly take any necessary acts to protect the Client (advise as to action) and the firm=s rights. Again, the retainer shall be deemed non-refundable.

## Privilege of Firm

It shall be the exclusive privilege of Lawyers to determine when and where suits shall be filed. Again, Lawyers retain the discretion whether to obligate the office in the appeal process.

## Compromise

No compromise or settlement of Client=s claims will be made without the consent of both Client and Lawyers.

## Power of Attorney

Lawyers are hereby granted full authority to sign all legal instruments, pleadings, drafts, authorizations and papers that shall be reasonably necessary to conclude settlement and/or reduce to possession any and all monies or other things of value due to Client under this claim as fully as Client could so do in person.

## Keeping the Client Informed

Lawyers agree to produce copies of documents as related to this litigation and to keep the client fully informed.

## Venue Lies in Galveston County

All sums due and payable at Lawyers' office in Galveston County, Texas.

SIGNED AND AGREED to on this the 3rd _____ day of _____, 2008.

_____
CEASAR VEREEN

SIGNED AND AGREED to on this the 3rd _____ day of _____, 2008.

_____

ANTHONY P. GRIFFIN
A GRIFFIN LAWYERS
1115 MOODY
GALVESTON, TEXAS   77550
409.763.0386
1.800.750.5034
FACSIMILE NO. 409.763.4102
EMAIL:  agriffin@agriffinlawyers.com

c:word.vereen.ceasar.contract.employment

12/02/10

From: Vereen, Ceasar W.

Dear Anthony P. Griffin {Attorney},

I Ceasar W. Vereen regret to alert you under these circumstances in regards to my civil rights case. On or around the 21 September 2008 I enlisted your services in regards to an unfair act committed against me whenever I inquired about acquiring a bail bonds license. The following events led to this notification:

1. Before we even spoke on the fees of your services, I presented my case to you in which at that time you assured me we had a valid case. I gave you all required documents and credentials regarding this case. Once that was done we agreed on your cost of $10,000.00 to begin the process of alleviating this matter.

2. Mr. Griffin, It has been 26 months and no progression has been made on this case. You fail to notify me of our standings in resolving this matter. I have contacted your office over 21 different occasions on contacting you to speak on this case.

3. I have even spoken with you and your secretaries as well and have constantly received rescheduled appointments in which your party failed to comply with. I as one of your customers feel that your services are not sufficient considering the seriousness of this matter.

4. Lastly, on 18 November 2010, I called your office and your secretary put me on hold. She went to consult with you in which she returned and told me to call you at one o' clock. I called at one and you, yourself told me to call you back at five o' clock. I complied with that and then at that time, you then told me that you were leaving for the day and to call you Monday. That same Monday I called you back and you told me to call you at seven o'clock. It greatly upsets me of the level of professionalism portrayed on behalf of this case; therefore I feel, it is best for you to refund my $10,000.00 fee. I expect a reply at least within the next ten working days.

Thank You

Signed
Ceasar W. Vereen   W. Vereen

*Galveston Island*
*Galveston, Texas 77550*

August 13, 2008

Ceasar Vereen

RE:   THANK YOU

Mr. Vereen:

Thank you for visiting with our firm on August 11, 2008.[1]  Good luck in obtaining your retainer.[2]  Thank you for considering our firm.

Sincerely,

Anthony P. Griffin

---

[1] We would be required to show either the Board improperly and arbitrarily denied the permit after granting same (thus bringing the suit under state law/arbitrary act) and/or by bringing suit under federal law (racial discrimination in violation of federal law).

[2] The retainer is $10,000.00 and is deemed earned upon payment.  The retainer would be non-refundable.  In context of additional attorneys, no such attorneys' fees would be due and owing unless we are the prevailing party and would be on contingent basis.  Any costs associated with the litigation will be incurred by the firm and will not be reimbursed unless we are the prevailing party and/or the case settles.

A Griffin Lawyers
1115 Moody
Galveston, Texas   77550
409.763.0386
1.800.750.5034
Facsimile No. 409.763.4102

APG/
files

c:word.miscel27.vereen.ceasar.interviewedbutnotretained

# STATE BAR OF TEXAS



Bennie M. Ramirez
Program Director

Client-Attorney Assistance Program
1-800-932-1900

February 1, 2011

Mr. Ceasar W. Vereen

RE:     Mr. Anthony P. Griffin, Attorney at Law
Record:  #482965

Dear Mr. Vereen,

On December 28, 2010 you contacted our office regarding your concerns about the communication between you and Mr. Anthony P. Griffin, Attorney-at-law. Unfortunately, since then you have indicated that the issues which you had contacted the Client-Attorney Assistance (CAAP), remained unresolved to your satisfaction. Furthermore, you have decided to file a grievance against Mr. Griffin.

Enclosed, please find the State Bar of Texas' grievance form that you requested. If you should have any questions regarding the status of your grievance after it has been filed, please contact the State Bar of Texas Office of the Chief Disciplinary Counsel's by dialing 877-953-5535.

This letter also serves to advise you that CAAP will now be closing our file on this matter. The CAAP staff is pleased to have been able to provide you with some assistance and do hope you reach a satisfactory conclusion.

If CAAP services are not longer needed, please take a few minutes to fill out the enclosed postage-paid survey. Your response will be appreciated.

If you have any additional questions, please don't hesitate to contact me at 1-800-204-2222, ext. 1768.

Sincerely,

Nicole Garza
Program Associate

Enclosure

# STATE BAR OF TEXAS



Bennie M. Ramirez
Program Director

Client-Attorney Assistance Program
1-800-932-1900

January 13, 2011

Mr. Anthony P. Griffin
Attorney at Law
1115 21st St.
Galveston, TX 77550-4624

     RE:       Mr. Ceasar W. Vereen
     Record:   #482965

Dear Mr. Griffin:

Mr. Ceasar W. Vereen again contacted the Client-Attorney Assistance Program (CAAP) requesting assistance. He indicated that he had not yet received a response to his inquiries. As our previous letter to you stated, the role of CAAP is *to help resolve problems that if neglected may become a grievance.* Mr. Vereen has requested that you please contact him to address his concerns and answer any other questions he may have. He may be reached at the following address and telephone number:

*Mr. Ceasar W. Vereen*
*192 CR 698 B*
*Angleton, TX 77515*
*(979) 549-0000*

If I can be of any assistance to you, please contact me at (800) 204-2222, ext. 1777.

Sincerely,

Bennie M. Ramirez
Program Attorney

BMR/ng

Cc: Mr. Ceasar W. Vereen

# STATE BAR OF TEXAS



Bennie M. Ramirez
Program Director

Client-Attorney Assistance Program
1-800-932-1900

December 29, 2010

Mr. Ceasar W. Vereen

RE:       Mr. Anthony P. Griffin, Attorney at Law
Record:   #482965

Dear Mr. Vereen:

Thank you for contacting the Client-Attorney Assistance Program (CAAP) for assistance in resolving a problem you are experiencing with your attorney. CAAP is a statewide dispute resolution program of the State Bar of Texas. Its objective is to assist the public in resolving concerns, disputes, or misunderstandings with Texas lawyers and to facilitate and improve communications between clients and their lawyers.

The attorney grievance process exists to address lawyer misconduct or unethical behavior according to the Texas Disciplinary Rules of Professional Conduct.

The enclosed letter was mailed to Mr. Griffin. This is a formal but friendly effort intended to facilitate communications and to prompt an effective and positive solution.

Please allow a reasonable time for Mr. Griffin to respond to our letter. However, should you not hear from him, please contact me at 1-800-204-2222, ext. 1768 to discuss other options that may bring about resolution. If I do not hear from you in thirty (30) days, I will assume matters have been resolved and close your file.

Yours truly,

Nicole Garza
Program Associate

Enclosure

12/02/10

From: Vereen, Ceasar W.

Dear Anthony P. Griffin {Attorney},

I Ceasar W. Vereen regret to alert you under these circumstances in regards to my civil rights case. On or around the 21 September 2008 I enlisted your services in regards to an unfair act committed against me whenever I inquired about acquiring a bail bonds license. The following events led to this notification:

1. Before we even spoke on the fees of your services, I presented my case to you in which at that time you assured me we had a valid case. I gave you all required documents and credentials regarding this case. Once that was done we agreed on your cost of $10,000.00 to begin the process of alleviating this matter.

2. Mr. Griffin, It has been 26 months and no progression has been made on this case. You fail to notify me of our standings in resolving this matter. I have contacted your office over 21 different occasions on contacting you to speak on this case.

3. I have even spoken with you and your secretaries as well and have constantly received rescheduled appointments in which your party failed to comply with. I as one of your customers feel that your services are not sufficient considering the seriousness of this matter.

4. Lastly, on 18 November 2010, I called your office and your secretary put me on hold. She went to consult with you in which she returned and told me to call you at one o' clock. I called at one and you, yourself told me to call you back at five o' clock. I complied with that and then at that time, you then told me that you were leaving for the day and to call you Monday. That same Monday I called you back and you told me to call you at seven o'clock. It greatly upsets me of the level of professionalism portrayed on behalf of this case; therefore I feel, it is best for you to refund my $10,000.00 fee. I expect a reply at least within the next ten working days.

Thank You

Signed
Ceasar W. Vereen   w. Vereen

*Galveston Island*
*Galveston, Texas 77550*

August 13, 2008

Ceasar Vereen

RE:  THANK YOU

Mr. Vereen:

Thank you for visiting with our firm on August 11, 2008.[1]  Good luck in obtaining your retainer.[2]  Thank you for considering our firm.

Sincerely,

Anthony P. Griffin

---

[1] We would be required to show either the Board improperly and arbitrarily denied the permit after granting same (thus bringing the suit under state law/arbitrary act) and/or by bringing suit under federal law (racial discrimination in violation of federal law).

[2] The retainer is $10,000.00 and is deemed earned upon payment.  The retainer would be non-refundable.  In context of additional attorneys, no such attorneys' fees would be due and owing unless we are the prevailing party and would be on contingent basis.  Any costs associated with the litigation will be incurred by the firm and will not be reimbursed unless we are the prevailing party and/or the case settles.

A Griffin Lawyers
1115 Moody
Galveston, Texas   77550
409.763.0386
1.800.750.5034
Facsimile No. 409.763.4102

APG/
files

c:word.miscel27.vereen.ceasar.interviewedbutnotretained

## NOTICE OF CLIENTS

The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys.

Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar Office of General Counsel will provide you with information about how to file a complaint.

For more information, please call 1.800.932.1900.  This is a toll-free phone call.

BEFORE THE EVIDENTIARY PANEL OF THE
STATE BAR DISTRICT NO. 5B GRIEVANCE COMMITTEE

COMMISSION FOR LAWYER DISCIPLINE,        H0021132504
        PETITIONER,             [CEASAR W. VEREEN]

V.

ANTHONY P. GRIFFIN,
        RESPONDENT.

RESPONDENT'S ORIGINAL ANSWER

TO THE HONORABLE EVIDENTIARY PANEL:

Respondent, Anthony P. Griffin, submits this his original answer to the Original Evidentiary Petition and would answer as follows:

Response to Factual Allegations

1. Respondent admits that Complainant paid a retainer of ten thousand dollars ($10,000.00) and would assert that the retainer was non-refundable.

2. Respondent would admit that the Complainant called the office on a number of occasions and left messages with staff. Respondent denied that he did not make attempts to contact the client and call the Complainant. Respondent also denied that he didn't have time to talk with the Complainant/Client and that he answered the client's questions.

3. Respondent denies not working on the Complainant's/Client's file and denies that the only action taken was the making of an open records request.

4. Respondent denied paragraph 8 in that relationship was terminated prior to the letter from the client.

## Response to Rule Violations

5. Respondent denies neglecting the client's matters and violating Rule 101(b)(1). Respondent will admit to not working at his usual efficiency and such state had existed during the restructuring related to the hurricane.

6. Respondent denies keeping the client informed, denied comply with respect and any violation of 1.03(a).

7. Respondent denies taking steps to protect the client's interest and any violation of Rule 1.15(d). The time line associated with the facts prevent a violation of 1.15(d) and is inconsistent with the oral request of the client.

## Prayer for Relief

8. It is prayed that the relief requested be denied in all parts.

DATE: August 29, 2011.

Respectfully submitted,

ANTHONY P. GRIFFIN

A GRIFFIN LAWYERS
1115 TWENTY FIRST STREET
GALVESTON, TEXAS   77550
409.763.0386
1.800.750.5034
FACSIMILE NO. 409.763.4102

STATE BAR NO. 08455300

CERTIFICATE OF SERVICE

This is to certify that on this the 30th day of August, 2011, a true and correct copy of Respondent's Original Answer was forwarded to opposing counsel by facsimile transmission and regular mail, to-wit:

SHANNON BREAUX SAUCEDA
ASSISTANT DISCIPLINARY COUNSEL
600 JEFFERSON, SUITE 1000
HOUSTON, TEXAS   77002

_____
ANTHONY P. GRIFFIN

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

July 31, 2012    **RECEIVED AUG - 2 2012**

DISTRICT 5B EVIDENTIARY PANEL
Lindsay Glover, Chair                    Tim Beeton
Meredith J. Duncan                       Kelly M. Haas
Jerry W. Hamon                           William B. Harvey

RE:    NOTICE OF EVIDENTIARY HEARING
        Case No. H0021132504 [Ceasar Vereen], *Commission for Lawyer Discipline v.
        Anthony P. Griffin*, **Before the Evidentiary Panel of the State Bar District 5B
        Grievance Committee**

Dear Panel Members:

Attached please find Petitioner's *Original Evidentiary Petition, Respondent's Original Answer,*
and the *Notice of Evidentiary Hearing (08/13/12)* for the hearing scheduled on **Monday, August
13, 2012, at 9:00 a.m.,** at the **Galveston County Justice Center, 600 59th, 2nd Floor, Room
2100, Galveston, Texas 77551.**

Thank you for your attention to this matter. If you will not be able to attend the hearing, please
contact Rosie Solis, Docket Coordinator, as soon as possible.

Sincerely,

Shannon Breaux Sauceda
Assistant Disciplinary Counsel

SBS/sml
Enclosures

cc:    Anthony P. Griffin
        1115 21st Street
        Galveston, Texas 77550
        *Via Certified Mail No. 7005 2570 0000 1445 3047,*
        *Return Receipt Requested*

g:\general\griffin.a_sbs\504_vereen\correspondence\081312_hearing_packets_panel_respondent.073112.docx

**600 Jefferson, Suite 1000 Houston, Texas 77002**
**Phone: (713) 758-8200  Toll Free: (866) 224-5999  Fax: (713) 758-8292**

| COMMISSION FOR LAWYER DISCIPLINE, | § | H0021132504 [CEASAR W. VEREEN] |
|---|---|---|
| Petitioner, | § § § | |
| v. | § § | GALVESTON COUNTY, TEXAS |
| ANTHONY P. GRIFFIN, | § § § | RECEIVED AUG - 2 2012    FILED |
| Respondent. | § | AUG 0 9 2011 |

<u>ORIGINAL EVIDENTIARY PETITION</u>

STATE BAR OF TEXAS
HOUSTON-CDC

COMES NOW Petitioner, the **COMMISSION FOR LAWYER DISCIPLINE**, a

committee of the STATE BAR OF TEXAS, and would respectfully show unto the Evidentiary Panel

as follows:

## I. <u>PARTIES</u>

Petitioner is the **COMMISSION FOR LAWYER DISCIPLINE** (hereinafter referred to

as "Petitioner"), a committee of the STATE BAR OF TEXAS.

Respondent is **ANTHONY P. GRIFFIN** (hereinafter referred to as "Respondent"),

Texas Bar Card No. 08455300, a licensed attorney and a member of the STATE BAR OF TEXAS.

## II. <u>NATURE OF PROCEEDING</u>

Petitioner brings this disciplinary proceeding pursuant to the STATE BAR ACT, TEXAS

GOVERNMENT CODE ANNOTATED §81.001, *et seq.* (Vernon 2003); the TEXAS DISCIPLINARY

RULES OF PROFESSIONAL CONDUCT; and the TEXAS RULES OF DISCIPLINARY PROCEDURE. The

Complaint that forms the basis of this cause of action was filed on or after January 1, 2004.

## III. VENUE

Respondent's principal place of practice is Galveston County, Texas; therefore, venue is appropriate in Galveston County, Texas, pursuant to Rule 2.11B of the TEXAS RULES OF DISCIPLINARY PROCEDURE. **Respondent may be served at 1115 21st Street, Galveston, Texas 77550, or any place he may be found.**

## IV. PROFESSIONAL MISCONDUCT

The acts and omissions of Respondent, as hereinafter alleged, constitute professional misconduct as defined by Rule 1.06V of the TEXAS RULES OF DISCIPLINARY PROCEDURE.

## V. CAUSE OF ACTION

1. On or about October 3, 2008, **CEASAR W. VEREEN** (hereinafter referred to as "**VEREEN**") hired Respondent for representation in a discrimination claim associated with the revocation and/or denial of **VEREEN'S** bail bonding license.

2. **VEREEN** paid Respondent Ten Thousand and No/100 Dollars ($10,000.00) for the representation.

3. During the course of the representation, **VEREEN** made numerous attempts to contact Respondent to ascertain the status of the case.

4. Upon calling Respondent's office, **VEREEN** was usually informed that Respondent would have to answer his questions, but that Respondent was not available at that time.

5. Respondent did not return **VEREEN'S** calls.

6. On a few occasions **VEREEN** reached Respondent directly and during these brief calls, Respondent indicated that he did not have time to speak and told **VEREEN** to call back.

7. Meanwhile, Respondent failed to take any action to pursue **VEREEN'S** case, other than to make an open records request.

8. By letter dated December 2, 2010, **VEREEN** effectively terminated the representation and requested a refund of his fees; however, Respondent failed to return any unearned fees.

## VI. <u>RULE VIOLATIONS</u>

The acts and/or omissions of Respondent described above constitute conduct in violation of the following Rules of the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT:

- **1.01(b)(1)** in representing a client, a lawyer shall not neglect a legal matter;

- **1.03(a)** a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information; and

- **1.15(d)** upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payments of fee that has not been earned.

## VII.

The Complaint that forms the basis of this cause of action was brought to the attention of the Office of the Chief Disciplinary Counsel of the STATE BAR OF TEXAS by **CEASAR W. VEREEN'S** filing of a grievance on or about February 18, 2011.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE, PREMISES CONSIDERED,** Petitioner, the **COMMISSION FOR LAWYER DISCIPLINE**, respectfully prays that this Evidentiary Panel discipline Respondent, **ANTHONY P. GRIFFIN,** by reprimand, suspension or disbarment, as the facts shall warrant; order restitution to Complainant, if applicable; and grant all other relief, general or specific, at law or in equity, to which Petitioner may show itself to be justly entitled including, without limitation, costs and attorneys' fees.

Respectfully submitted,

**STATE BAR OF TEXAS**
*Office of the Chief Disciplinary Counsel*

**LINDA A. ACEVEDO**
Chief Disciplinary Counsel

**SHANNON BREAUX SAUCEDA**
Assistant Disciplinary Counsel
State Bar No. 24002896
600 Jefferson, Suite 1000
Houston, Texas 77002
Phone:          (713) 758-8200
Fax:            (713) 758-8292

**ATTORNEYS FOR PETITIONER,
COMMISSION FOR LAWYER DISCIPLINE**

## CERTIFICATE OF SERVICE

I hereby certify that on **August __9__, 2011**, a true and correct copy of the *Original Evidentiary Petition* was delivered to the following:

*Via Certified Mail*
*No. 7004 0750 0000 6728 4477*

**Anthony P. Griffin**
**1115 21st Street**
**Galveston, Texas 77550**

SHANNON BREAUX SAUCEDA

*A GRIFFIN LAWYERS*

*Galveston Island*
*Galveston, Texas 77550*

April 26, 2011


Jai L. Jones
Assistant Disciplinary Counsel
Office of the Chief Disciplinary Counsel
State Bar of Texas
600 Jefferson, Suite 1000
Houston, Texas   77002

     RE:   H0021132504 CEASAR WILLIAM VEREEN - ANTHONY P.
          GRIFFIN

     (RESPONSE TO GRIEVANCE MY APOLOGY)

Ms. Jones:

    Please accept this letter as my response to the
grievance.  My apology for the delay in transmitting; the
response was due in part to my being in trial during the
relevant period.  In addition, in context of the above, I
spoke with the State Bar Investigator on Good Friday and
informed him that I would this response done post haste.
My trial in Dallas scheduled for Wednesday has just been
non-suited and thus my ability to complete this response.
Again, the Bar's consideration of this delay in responding
would be appreciated.
    In context of Mr. Vereen's case, I am attaching a copy
of my file with this submission.  The file materials are
under Attachment A; my notes as attached under Attachment
B; materials reviewed and tendered by the client are
attached under attachment C.
    Mr. Vareen hired our firm on or about October 3, 2008.
We were hired to explore whether Mr. Vareen had a claim of
discrimination associated with the revocation and/or denial
of his bail bonding license.  It was the client's position
that he had done all things required by the County of
Brazoria to allow him to obtain his bonding license.  In
fact the record reveals that Mr. Vareen was granted a

license (see Agenda records for July 3, 2008), but the license was ultimately rescinded by the Bail Bond Board.

I have no record of the client contacting our firm twenty one times during our period of representation. I remember that there was an extended period of time between our hiring and Mr. Vereen's next contact with our firm. He preceded his termination of our firm with two phone calls (one explaining that his long period of non-contact; approximately one year); the other seeking an update of my review of the records (I requested that he come in for an interview to explain the pro's and con's of the litigation. I explained that I needed have all the information at present (we were still within the statutory period), but would have the information when he came in for an appointment. Mr. Vereen also expressed his lack of desire not proceed. His letter requesting a full refund is reflective of this position. The next request was through the bar for a fee refund.

Mr. Vereen signed a non-refundable retainer contract. The time expended on his case was approximately twenty five (25) hours. If you desire a time and accounting record I can provide the same. My billable rate in cases such as this is $350.00 an hour. In context of resolution of the money issue, we will refund $8,000.00 on or before June 1, 2011.

I have not breached by relationship with the client. Because of intervening circumstances, a lawsuit was not filed but the non-filing were not the fault of this firm.

Thank you for your attention to same.

Sincerely,

Anthony P. Griffin
A Griffin Lawyers
1115 Twenty First Street
Galveston, Texas   77550
409.763.0386
1.800.750.5034
Facsimile No. 409.763.4102

APG/
files

FED EX

license (see Agenda records for July 3, 2008), but the license was ultimately rescinded by the Bail Bond Board.

I have no record of the client contacting our firm twenty one times during our period of representation. I remember that there was an extended period of time between our hiring and Mr. Vereen's next contact with our firm. He preceded his termination of our firm with two phone calls (one explaining that his long period of non-contact; approximately one year); the other seeking an update of my review of the records (I requested that he come in for an interview to explain the pro's and con's of the litigation. I explained that I needed have all the information at present (we were still within the statutory period), but would have the information when he came in for an appointment. Mr. Vereen also expressed his lack of desire not proceed. His letter requesting a full refund is reflective of this position. The next request was through the bar for a fee refund.

Mr. Vereen signed a non-refundable retainer contract. The time expended on his case was approximately twenty five (25) hours. If you desire a time and accounting record I can provide the same. My billable rate in cases such as this is $350.00 an hour. In context of resolution of the money issue, we will refund $8,000.00 on or before June 1, 2011

I have not breached by relationship with the client. Because of intervening circumstances, a lawsuit was not filed but the non-filing were not the fault of this firm.

Thank you for your attention to same.

Sincerely,

Anthony P. Griffin
A Griffin Lawyers
1115 Twenty First Street
Galveston, Texas   77550
409.763.0386
1.800.750.5034
Facsimile No. 409.763.4102

APG/
files

FED EX

xc: Ceasar Vereen
192 County Road 698B
Angleton, Texas  77515

Interoffice - Rita Westerman
(please note docket)

## BEFORE THE EVIDENTIARY PANEL OF THE
## STATE BAR DISTRICT NO. 5B GRIEVANCE COMMITTEE

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, | § | H0021132504 [CEASAR W. VEREEN] |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| ANTHONY P. GRIFFIN, | § | |
| | § | |
| Respondent. | § | |

### JUDGMENT OF PUBLIC REPRIMAND

#### Parties and Appearance

On August 13, 2012, came to be heard the above-styled and numbered cause. Petitioner, the

**COMMISSION FOR LAWYER DISCIPLINE**, appeared by and through its attorney of record,

Shannon Breaux Sauceda, Assistant Disciplinary Counsel, and announced ready. Respondent,

**ANTHONY P. GRIFFIN** (hereinafter referred to as "Respondent"), Texas Bar Number 08455300,

appeared in person and through attorney of record, Norma Venso, and announced ready.

#### Jurisdiction and Venue

The Evidentiary Panel 5B having been duly appointed to hear this complaint by the chair of

the Grievance Committee for STATE BAR OF TEXAS District 5, finds that it has jurisdiction over the

parties and the subject matter of this action and that venue is proper.

#### Professional Misconduct

The Evidentiary Panel, having considered all of the pleadings, evidence, stipulations, and

argument, finds Respondent has committed Professional Misconduct as defined by Rule 1.06(V) of

the TEXAS RULES OF DISCIPLINARY PROCEDURE.

## Findings of Fact

The Evidentiary Panel, having considered the pleadings, evidence and argument of counsel, makes the following findings of fact and conclusions of law:

1. Respondent is an attorney licensed to practice law in Texas and is a member of THE STATE BAR OF TEXAS.

2. Respondent resides in and maintains his principal place of practice in Galveston County, Texas.

3. On or about October 3, 2008, Ceasar Vereen (hereinafter referred to as "Vereen") hired Respondent for representation in a discrimination claim associated with the revocation and/or denial of his bail bonding license. Vereen paid Respondent Ten Thousand and No/100 Dollars ($10,000.00) for the representation.

4. During the course of the representation, Vereen made numerous attempts to contact Respondent to ascertain the status of the case, but was usually informed that Respondent was not available at that time. Respondent did not return Vereen's calls. On a few occasions Vereen reached Respondent directly and during these brief calls, Respondent indicated that he did not have time to speak and told Vereen to call back.

5. Meanwhile, Respondent failed to take any action to pursue Vereen's case, other than to make an open records request.

6. By letter dated December 2, 2010, Vereen effectively terminated the representation and requested a refund of his fees; however, Respondent failed to return any unearned fees.

7. The Chief Disciplinary Counsel of the STATE BAR OF TEXAS has incurred reasonable attorneys' fees and direct expenses associated with this Disciplinary Proceeding in the amount of Three Thousand Nine Hundred Seventy-Nine and 48/100 Dollars ($3,979.48)

8. Respondent owes restitution in the amount of Nine Thousand and No/100 Dollars ($9,000.00) payable to Ceasar Vereen.

## Conclusions of Law

The Evidentiary Panel concludes that, based on foregoing findings of fact, the following TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT have been violated: 1.01(b)(1) [in representing a client, a lawyer shall not neglect a legal matter]; 1.03(a) [a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for

information]; and **1.15(d)** [upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payments of fee that has not been earned].

## Sanction

The Evidentiary Panel, having found Respondent has committed Professional Misconduct, heard and considered additional evidence regarding the appropriate sanction to be imposed against Respondent. After hearing all evidence and argument and after having considered the factors in Rule 2.18 of the TEXAS RULE OF DISCIPLINARY PROCEDURE, the Evidentiary Panel finds that the proper discipline of the Respondent for each act of Professional Misconduct is a Public Reprimand.

Accordingly, it is **ORDERED, ADJUDGED** and **DECREED** that a Public Reprimand be imposed against Respondent in accordance with the TEXAS RULES OF DISCIPLINARY PROCEDURE. The Evidentiary Panel finds that the sanction imposed against Respondent is the appropriate sanction for each of the violations set forth in this *Judgment*.

## Restitution, Attorneys' Fees and Expenses

It is further **ORDERED** Respondent shall pay restitution on or before September 14, 2012, to Ceasar Vereen in the amount of Nine Thousand and No/100 Dollars ($9,000.00). Respondent shall pay the restitution by certified or cashier's check or money order made payable to Ceasar Vereen and delivered to the STATE BAR OF TEXAS, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, Texas 78711-2487 (1414 Colorado St., Austin, Texas 78701).

It is further **ORDERED** Respondent shall pay all reasonable and necessary attorneys' fees and direct expenses to the STATE BAR OF TEXAS in the amount of Three Thousand Nine Hundred Seventy-Nine and 48/100 Dollars ($3,979.48). The payment shall be due and payable on or before

September 14, 2012, and shall be made by certified or cashier's check or money order. Respondent shall forward the funds, made payable to the STATE BAR OF TEXAS, to the Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, Texas 78711-2487 (1414 Colorado St., Austin, Texas 78701).

It is further **ORDERED** that all amounts ordered herein are due to the misconduct of Respondent, are assessed as a part of the sanction in accordance with Rule 1.06(Y) of the TEXAS RULES OF DISCIPLINARY PROCEDURE. Any amount not paid shall accrue interest at the maximum legal rate per annum until paid and the STATE BAR OF TEXAS shall have all writs and other post-judgment remedies against Respondent in order to collect all unpaid amounts.

## Publication

This reprimand shall be made a matter of record and appropriately published in accordance with the TEXAS RULES OF DISCIPLINARY PROCEDURE.

## Other Relief

All requested relief not expressly granted herein is expressly **DENIED**.

SIGNED this ____day of August_____, 2012.

EVIDENTIARY PANEL
DISTRICT NO. 5B
STATE BAR OF TEXAS

LINDSAY GLOVER
District 5B Presiding Member

# TAB 10

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

**RECEIVED** MAR 2 0 2012

March 19, 2012

*Via Certified Mail No. 7004 1350 0002 6835 5366,*
*Return Receipt Requested*

Anthony P. Griffin
1115 21st Street
Galveston, Texas 77550-4624

RE:   Case No. H0111134143     **Kristina Guzman – Anthony P. Griffin**

Dear Mr. Griffin:

The Office of Chief Disciplinary Counsel has completed its investigation of the above-referenced Complaint and determined on March 6, 2012, that there is Just Cause to believe that you have committed one or more acts of Professional Misconduct, as defined by the TEXAS RULES OF DISCIPLINARY PROCEDURE (TRDP).

In accordance with TRDP 2.14D, a statement of your acts and/or omissions and the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT that the Chief Disciplinary Counsel contends are violated by the alleged acts and/or omissions follows:

> On or about May 12, 2010, Kristina Guzman (hereinafter referred to as "Complainant") hired Anthony P. Griffin (hereinafter referred to as "Respondent") for representation in an employment retaliation matter. Respondent's fee was Five Thousand and No/100 Dollars ($5,000.00). Complainant paid Respondent a total amount of Four Thousand One Hundred and No/100 Dollars ($4,100.00), with an agreement to pay the remaining balance in installments. Respondent and Complainant did not execute an employment contract.
>
> Thereafter, Respondent failed to take any action on Complainant's part except for preparing a rough draft of the petition in or around April 2011.
>
> During the course of the representation, Complainant made numerous attempts to contact Respondent to ascertain the status of her case; however, Respondent failed to communicate with Complainant.

g:\general\griffin.a_sbs\143_guzman\correspondence\election letter.docx

**600 Jefferson, Suite 1000  Houston, Texas 77002**
Phone: (713) 758-8200  Toll Free: (866) 224-5999  Fax: (713) 758-8292



**EXHIBIT**
D-38

## STATE BAR OF TEXAS
*Office of the Chief Disciplinary Counsel*

Anthony P. Griffin
March 19, 2012
RE: Case No. H1111-34143
Page 2

On or about July 11, 2011, Complainant left a message for Respondent notifying him that she might be moving out of state and therefore, was requesting a refund of unearned fees. Minutes later, Respondent finally responded that he would not refund her money, but would look at her file and call her back. Respondent failed to call Complainant as promised. As such, on or about August 24, 2011, Complainant sent Respondent a letter whereby she terminated Respondent's representation and requested a detailed invoice of the services he provided, as well as the return of her client file. Respondent failed to provide Complainant with an accounting and further failed to return her client file.

These alleged acts violate the following TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT:

| | |
|---|---|
| **1.01(b)(1)** | in representing a client, a lawyer shall not neglect a legal matter entrusted to the lawyer; |
| **1.03(a)** | a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information; |
| **1.04(a)** | a lawyer shall not enter into an arrangement for, charge, or collect an illegal fee or unconscionable fee; |
| **1.04(d)** | a contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined; |
| **1.14(b)** | upon receiving funds or other property in which a client has an interest, a lawyer shall promptly render a full accounting regarding such property upon request; and |
| **1.15(d)** | upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payments of fee that has not been earned. |

Pursuant to TRDP 2.15, you must notify this office whether you elect to have the Complaint heard by an Evidentiary Panel of the District Grievance Committee or in a district court of proper venue, with or without a jury. **The election must be in writing and served upon the Chief Disciplinary Counsel's Office no later than twenty (20) days after your receipt of this**

## STATE BAR OF TEXAS
*Office of the Chief Disciplinary Counsel*

Anthony P. Griffin
March 19, 2012
RE: Case No. H111134143
Page 3

**notice.** Failure to file a timely election shall conclusively be deemed an affirmative election to proceed before an Evidentiary Panel in accordance with TRDP 2.17 and 2.18.

Enclosed is a form in which to indicate your election and principal place of practice. It should be mailed to the undersigned at the address shown at the bottom of this letter. In making your election, you should be aware than an Evidentiary Panel proceeding is confidential unless a public sanction is entered and that a **private reprimand is only available before an Evidentiary Panel.** District court proceedings are public and a private reprimand is not an available sanction.

If you have any questions or concerns, please contact the undersigned at the phone number listed below.

Sincerely,

Shannon Breaux Sauceda
Assistant Disciplinary Counsel

Enclosure: *Respondent's Election and Principal Place of Practice Certification*

CF8-1B

| COMPLAINT AGAINST | § | |
| | § | |
| ANTHONY P. GRIFFIN | § | H0111134143 [KRISTINA GUZMAN] |
| | § | |
| GALVESTON COUNTY, TEXAS | § | |

## RESPONDENT'S ELECTION &
## PRINCIPAL PLACE OF PRACTICE CERTIFICATION

I, Anthony P. Griffin, hereby elect: (Choose <u>one</u> of the following)

_____ District Court

_____ Evidentiary Hearing - District Grievance Committee

I, Anthony P. Griffin, hereby certify that:

_____(Physical Address – no P.O. Box)

_____(City), _____(County),

Texas, is my principal place of practice.

SIGNED this _____ day of _____, 2012.

_____
ANTHONY P. GRIFFIN

**\*\*RETURN THIS FORM WITHIN <u>20</u> DAYS OF RECEIPT OF ELECTION NOTICE\*\***

*Galveston Island*
*Galveston, Texas 77550*

January 27, 2012

Jai Collier
Assistant Disciplinary Counsel
Office of the Chief Disciplinary Counsel
State Bar of Texas
600 Jefferson, Suite 1000
Houston, Texas   77002

    RE:   H0111134143 - KRISTINA GUZMAN - ANTHONY PAUL
        GRIFFIN

        (RESPONSE TO GRIEVANCE)

Ms. Collier:

    Please find enclosed the hard copy of the above referenced documents.  Thank you for your attention to same.

        Sincerely,

        Anthony P. Griffin
        A Griffin Lawyers
        1115 Twenty First Street
        Galveston, Texas   77550
        409.763.0386
        1.800.750.5034
        Facsimile No. 409.763.4102

APG/
files

Encls. - Response & Attachments 1 - 4

91 7108 2133 3934 9976 8562

FACSIMILE TRANSMISSION AND REGULAR MAIL

xc:  Kristina L. Guzman

CERTIFIED MAIL, RRR NO. 91 7108 2133 3934 9976 8562

*A GRIFFIN LAWYERS*

*Galveston Island*
*Galveston, Texas 77550*

January 27, 2012

Jai Collier
Assistant Disciplinary Counsel
Office of the Chief Disciplinary Counsel
State Bar of Texas
600 Jefferson, Suite 1000
Houston, Texas  77002

    RE:  H0111134143 – KRISTINA GUZMAN – ANTHONY P.
        GRIFFIN

       (RESPONSE TO GRIEVANCE)

Ms. Collier:

Please accept this letter as our response to the grievance filed by the above person. Please note as follows:

- We were hired on May 10, 2010 by Ms. Guzman. The client was referred by Barbara Smith, a former client.
- We were hired to look at an employment discrimination case and a tortious interference claim.[1] A copy of my file materials are enclosed under herein (attachment 1).
- There is in the file a copy of a letter dated May 10, 2010, confirming the payment of a retainer $5,000.00 and one-third of the recovery. I have searched my computer and have not found that I followed through and provided a contract of employment, but I am willing to provide

---

[1] The problem with the client's EEOC charge related to her not being an employee of BP. This was explained to her; she was not capable of bringing an employment discrimination claim against a non-employer.

xc:  Kristina Guzman


CERTIFIED MAIL, RRR NO. 91 7108 2133 3934 9976 8562

CAUSE NO. 12CV1732

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, | § | IN THE DISTRICT COURT OF |
| Petitioner, | § | |
| | § | |
| vs. | § | |
| | § | GALVESTON COUNTY, TEXAS |
| ANTHONY P. GRIFFIN, | § | |
| | § | |
| Respondent. | § | |
| | § | 10th JUDICIAL DISTRICT |

## AGREED JUDGMENT OF PROBATED SUSPENSION

### Parties and Appearance

On this day, came to be heard the above-styled and numbered cause. Petitioner, the COMMISSION FOR LAWYER DISCIPLINE, by and through its attorney of record, Shannon Breaux Sauceda, Assistant Disciplinary Counsel, and Respondent, **ANTHONY P. GRIFFIN** (hereinafter referred to as "Respondent"), Texas Bar Number 08455300, by and through his attorney of record, Norma Venso, announce that an agreement has been reached in the above-styled matter.

### Jurisdiction and Venue

On the 18th day of July, 2012, pursuant to Rule 3.02 of the TEXAS RULES OF DISCIPLINARY PROCEDURE, the SUPREME COURT OF TEXAS appointed the Honorable Darlene Byrne to preside over this disciplinary action. The Court finds that it has jurisdiction over the parties and the subject matter of this action, and that venue is proper. Both Parties waived their rights to trial by jury.

### Professional Misconduct

The Court, having considered the pleadings and the agreement of the parties, finds that Respondent has committed Professional Misconduct as defined by Rule 1.06(V) of the TEXAS RULES OF DISCIPLINARY PROCEDURE. Respondent has committed professional misconduct as defined by

Rule 1.06V of the TEXAS RULES OF DISCIPLINARY PROCEDURE and in violation of Rules 1.03(a) [a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information]; 1.04(d) [a contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined]; and 1.15(d) [upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payments of fee that has not been earned], of the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT; Article X, Section 9, of the STATE BAR RULES.

### Sanction

It is **AGREED** and **ORDERED** that the sanction of a Probated Suspension shall be imposed against Respondent in accordance with the TEXAS RULES OF DISCIPLINARY PROCEDURE.

Accordingly, it is **ORDERED, ADJUDGED** and **DECREED** that Respondent be suspended from the practice of law for a period of one (1) year, with the suspension being fully probated pursuant to the terms stated below. The period of probated suspension shall begin on August 30, 2013, and shall end on August 29, 2014.

### Terms of Probation

It is further **AGREED AND ORDERED** that during all periods of suspension, Respondent shall be under the following terms and conditions:

1.    Respondent shall not violate any term of this *Judgment*.

2.    Respondent shall not engage in professional misconduct as defined by Rule 1.06(V) of the TEXAS RULES OF DISCIPLINARY PROCEDURE.

3.  Respondent shall not violate any state or federal criminal statutes.

4.  Respondent shall keep the STATE BAR OF TEXAS membership department notified of current mailing, residence and business addresses and telephone numbers.

5.  Respondent shall comply with Minimum Continuing Legal Education requirements.

6.  Respondent shall comply with Interest on Lawyers Trust Account (IOLTA) requirements.

7.  Respondent shall promptly respond to any request for information from the Chief Disciplinary Counsel in connection with any investigation of any allegations of professional misconduct.

8.  Respondent shall pay all reasonable and necessary attorneys' fees and direct expenses as ordered in this *Judgment*.

9.  Respondent shall pay restitution as ordered in this *Judgment*.

## Probation Revocation

Upon determination that Respondent has violated any term of this *Judgment*, the Chief Disciplinary Counsel may, in addition to all other remedies available, file a motion to revoke probation with the Court and serve a photocopy of the motion on Respondent pursuant to Tex.R.Civ.P. 21a. Revocation will not be invoked on the basis of grievance matters pending against Respondent at the time that this *Judgment* is executed.

The Court shall conduct an evidentiary hearing. At the hearing, the Court shall determine by a preponderance of the evidence whether Respondent has violated any term of this *Judgment*. If the Court finds grounds for revocation, the Court shall enter an order revoking probation and imposing an active suspension upon Respondent from the practice of law for a period of one (1) year commencing on or after the date of revocation. Respondent shall not be given credit for any term of probation served prior to revocation.

It is further **AGREED AND ORDERED** that any conduct on the part of Respondent which serves as the basis for a motion to revoke probation may also be brought as independent grounds for discipline as allowed under the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT and TEXAS RULES OF DISCIPLINARY PROCEDURE.

Restitution, Attorneys' Fees and Expenses

It is further **AGREED** and **ORDERED** Respondent shall pay restitution to Kristina Guzman in the amount of Two Thousand Three Hundred Fifty and No/100 Dollars ($2,350.00). The restitution payment shall be made by certified or cashier's check or money order and made payable to Kristina Guzman. The payment shall be submitted to the Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, Texas 78711-2487 (1414 Colorado St., Austin, Texas 78701), on or before March 5, 2013.

It is further **AGREED** and **ORDERED** Respondent shall pay all reasonable and necessary attorneys' fees and direct expenses to the STATE BAR OF TEXAS in the amount of Two Thousand Five Hundred and No/100 Dollars ($2,500.00). The payment or attorneys' fees and direct expenses shall be made by certified or cashier's check or money order and made payable to the STATE BAR OF TEXAS. The payment shall be submitted to the Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, Texas 78711-2487 (1414 Colorado St., Austin, Texas 78701), on or before March 5, 2013.

It is further **AGREED** and **ORDERED** that all amounts ordered herein are due to the misconduct of Respondent and are assessed as a part of the sanction in accordance with Rule 1.06(Y) of the TEXAS RULES OF DISCIPLINARY PROCEDURE. Any amount not paid shall accrue interest at the maximum legal rate per annum until paid and the STATE BAR OF TEXAS shall have all writs and other

post-judgment remedies against Respondent in order to collect all unpaid amounts.

## Publication

This suspension shall be made a matter of record and appropriately published in accordance with the TEXAS RULES OF DISCIPLINARY PROCEDURE.

## Other Relief

IT IS FURTHER ORDERED that the Clerk of this Court shall forward a certified copy of the current *Disciplinary Petition* on file in this case, along with a copy of this *Judgment* to the following: (1) CLERK OF THE SUPREME COURT OF TEXAS, Supreme Court Building, Austin, Texas 78711; (2) The STATE BAR OF TEXAS, Office of the Chief Disciplinary Counsel, P. O. Box 12487, Austin, Texas 78711; and (3) Respondent, by and through his attorney of record, Norma Venso, 830 Apollo St., Houston, Texas 77058.

IT IS ORDERED that all costs of court incurred in the prosecution of this lawsuit shall be taxed against Respondent, for which the Clerk may have execution if they are not timely paid.

All requested relief not expressly granted herein is expressly DENIED.

SIGNED this _20_ day of _March_, 2013.

_____
HON. DARLENE BYRNE,
JUDGE PRESIDING

AGREED AS TO BOTH FORM AND SUBSTANCE:

**STATE BAR OF TEXAS**
*Office of the Chief Disciplinary Counsel*

LINDA A. ACEVEDO
Chief Disciplinary Counsel


SHANNON BREAUX SAUCEDA
Assistant Disciplinary Counsel
State Bar No. 24002896
600 Jefferson, Suite 1000
Houston, Texas 77002
Phone:    (713) 758-8200
Fax:    (713) 758-8292

**ATTORNEYS FOR PETITIONER,
COMMISSION FOR LAWYER DISCIPLINE**

NORMA VENSO
Attorney at Law
State Bar No. 20545250
830 Apollo Street
Houston, Texas 77058
Phone:    (409) 789-8661
Fax:    (281) 286-9990

**ATTORNEY FOR RESPONDENT,
ANTHONY P. GRIFFIN**


ANTHONY P. GRIFFIN
State Bar No. 08455300

## CITATION PROFESSIONAL CIVIL PROCESS

### THE STATE OF TEXAS

COMMISSION FOR LAWYER DISCIPLINE VS. ANTHONY P. GRIFFIN

Cause No.: 12-CV-1732

10th District Court of Galveston County

TO: Anthony P. Griffin, 1115 21st Street, Galveston, Texas 77550, or any other place he may be found.

> GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the 10th District Court of Galveston County sitting in Galveston, Texas, and the; Original Petition - OCA was filed; July 30, 2012. It bears cause number 12-CV-1732 and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, on this the 30th day of July, 2012.

Issued at the request of:
Shannon Breaux Sauceda
State Bar of Texas
Office of the Chief Disciplinary Counsel
600 Jefferson, Suite 1000
Houston, Texas 77002

Doryn Danner Glenn, District Clerk
Galveston County, Texas

By: _____
Shailja Dixit, Deputy

SEE ATTACHED FORM
*NOTE: Status Conference set: 11/01/2012 at 10:00am*

### OFFICER/AUTHORIZED RETURN

Came to hand on the _____ day of _____, 20___ at _____ o'clock ___. M. and executed at_____ in _____County, Texas, on the _____ day of _____, 20___ at _____ o'clock ___m, by delivering to_____, in person a true copy of this Citation together with the accompanying _____ copy(ies) of the ; Original Petition - OCA attached thereto and I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this the _____ day of _____, 20___.

Fee-Serving: _____

Amount: _____

_____
Sheriff/Constable

_____ County, Texas

BY: _____
Authorized Person/Deputy Signature

On this day personally appeared _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this _____ day of _____ 20 _____

_____
Notary Public

CAUSE NO. 12 CV 173

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, | § | IN THE DISTRICT COURT OF |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| ANTHONY P. GRIFFIN, | § | |
| | § | |
| Respondent. | § | 10TH JUDICIAL DISTRICT |

## ORIGINAL DISCIPLINARY PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Petitioner, the **COMMISSION FOR LAWYER DISCIPLINE**, a committee of the STATE BAR OF TEXAS, and would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

Pursuant to Rules 190.1 and 190.3 of the TEXAS RULES OF CIVIL PROCEDURE, Petitioner intends discovery in this case to be conducted under the Level 2 Discovery Control Plan.

### II. PARTIES

Petitioner is the **COMMISSION FOR LAWYER DISCIPLINE** (hereinafter referred to as "Petitioner"), a committee of the STATE BAR OF TEXAS.

Respondent is **ANTHONY P. GRIFFIN** (hereinafter referred to as "Respondent"), Texas Bar Card No. 08455300, a licensed attorney and a member of the STATE BAR OF TEXAS.

### III. NATURE OF PROCEEDING

Petitioner brings this disciplinary action pursuant to the STATE BAR ACT, TEXAS GOVERNMENT CODE ANNOTATED §81.001, *et seq.* (Vernon 2003); the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT; and the TEXAS RULES OF DISCIPLINARY PROCEDURE. The Complaint that forms the basis of this cause of action was filed on or after January 1, 2004.

## IV. VENUE

Respondent's principal place of practice is Galveston County, Texas; therefore, venue is appropriate in Galveston County, Texas, pursuant to Rule 3.03 of the TEXAS RULES OF DISCIPLINARY PROCEDURE. **Respondent may be served at his business address, 1115 21st Street, Galveston, Texas 77550, or any place he may be found.**

## V. PROFESSIONAL MISCONDUCT

The acts and omissions of Respondent, as hereinafter alleged, constitute professional misconduct as defined by Rule 1.06V of the TEXAS RULES OF DISCIPLINARY PROCEDURE.

## VI. CAUSE OF ACTION

1. On or about May 12, 2010, **KRISTINA GUZMAN** (hereinafter referred to as "**GUZMAN**") hired Respondent for representation in an employment retaliation matter. Respondent's fee was Five Thousand and No/100 Dollars ($5,000.00). **GUZMAN** paid Respondent a total amount of Four Thousand One Hundred and No/100 Dollars ($4,100.00), with an agreement to pay the remaining balance in installments. Respondent and **GUZMAN** did not execute an employment contract.

2. Thereafter, Respondent failed to take any action on **GUZMAN'S** part except for preparing a rough draft of the petition in or around April 2011.

3. During the course of the representation, **GUZMAN** made numerous attempts to contact Respondent to ascertain the status of her case; however, Respondent failed to communicate with **GUZMAN**.

4. On or about July 11, 2011, **GUZMAN** left a message for Respondent notifying him that she might be moving out of state and therefore, was requesting a refund of unearned fees. Minutes later, Respondent finally responded that he would not refund her money, but

would look at her file and call her back. Respondent failed to call **GUZMAN** as promised. As such, on or about August 24, 2011, **GUZMAN** sent Respondent a letter whereby she terminated Respondent's representation and requested a detailed invoice of the services he provided, as well as the return of her client file. Respondent failed to provide **GUZMAN** with an accounting and further failed to return her client file.

## VII. RULE VIOLATIONS

The acts and/or omissions of Respondent described above constitute conduct in violation of the following Rules of the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT:

**1.01(b)(1)**   in representing a client, a lawyer shall not neglect a legal matter entrusted to the lawyer;

**1.03(a)**   a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information;

**1.04(a)**   a lawyer shall not enter into an arrangement for, charge, or collect an illegal fee or unconscionable fee;

**1.04(d)**   a contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined;

**1.14(b)**   upon receiving funds or other property in which a client has an interest, a lawyer shall promptly render a full accounting regarding such property upon request; and

**1.15(d)**   upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payments of fee that has not been earned.

## VIII.

The Complaint that forms the basis of this cause of action was brought to the attention of the Office of the Chief Disciplinary Counsel of the STATE BAR OF TEXAS by **KRISTINA GUZMAN'S** filing of a grievance on or about November 28, 2011.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner, the **COMMISSION FOR LAWYER DISCIPLINE**, respectfully prays that this Court discipline Respondent, **ANTHONY P. GRIFFIN**, by reprimand, suspension or disbarment, as the facts shall warrant; order restitution to Complainant, if applicable; and grant all other relief, general or specific, at law or in equity, to which Petitioner may show itself to be justly entitled including, without limitation, expenses, costs of court, and attorneys' fees.

Respectfully submitted,

**STATE BAR OF TEXAS**
*Office of the Chief Disciplinary Counsel*

**LINDA A. ACEVEDO**
Chief Disciplinary Counsel

**SHANNON BREAUX SAUCEDA**
Assistant Disciplinary Counsel
State Bar No. 24002896
600 Jefferson, Suite 1000
Houston, Texas 77002
Phone:          (713) 758-8200
Fax:            (713) 758-8292

**ATTORNEYS FOR PETITIONER,**
**COMMISSION FOR LAWYER DISCIPLINE**

# THE DISTRICT COURTS OF GALVESTON COUNTY
## CIVIL CASE INFORMATION STATEMENT

| The case Information Statement is for administrative purposes only. It shall be filed with the Parties Original Pleadings and shall be served upon all other parties to the action. All Status Conferences will be set for Thursdays following 90 days from the date of filing according to each Courts scheduled times ||
|---|---|
| 10th District Court – 10:00 A.M. | 212th District Court – 9:00 A.M. |
| 56th District Court – 9:30 A.M. | 405th District Court – 9:30 A.M. |
| 122nd District Court – 9:30 A.M. | |

## Notice of Status Conference Setting: Please calendar this event
### Date 11/01/2012 set in the 10th District Court

12-CV-1732 - 10th District Court

Commission For Lawyer Discipline vs. Anthony P Griffin

| **Name of Primary Attorney filing this form** | **Name of Opposing Attorney, if known** |
|---|---|
| Attorney Name | Attorney Name |
| Attorney Bar No. | Attorney Bar No. |
| Attorney Address | Attorney Address |
| Attorney Phone No._____ | Attorney Phone No. _____ |
| Attorney Fax No. | Attorney Fax No. |

Briefly describe the case, including special characteristics that may warrant extended discovery or accelerated disposition.
If discovery **LEVEL 3** is requested, explain why. Attach additional sheets, if necessary.

Estimated time for discovery                    Estimated trial time

Do you presently anticipate adding any parties?         If so when?

**Level Assignment Preferred: (please check one)**

| Level 1_____ | Level 2_____ | Level 3_____ |
|---|---|---|
| $50,000 or less | All Other Cases | Court Order Only |

Is this case suitable for ADR? (yes or no)_____         ADR Method? _____

Signature of Attorney_____         Date signed _____

Printed Name of Attorney:_____

## ORDER OF THE SUPREME COURT OF TEXAS

### Misc. Docket No. 12-9119

Appointment of a District Judge to Preside
in a State Bar Disciplinary Action

The Supreme Court of Texas hereby appoints the Honorable Darlene Byrne, Judge of the 126th District Court, Austin, Texas, to preside in the Disciplinary Action styled:

*The Commission for Lawyer Discipline v. Anthony P. Griffin*

to be filed in a District Court of Galveston County, Texas.

The Clerk of the Supreme Court shall promptly forward to the District Clerk of Galveston County, Texas, a copy of the Disciplinary Petition and this Order for filing pursuant to Rule 3.03, Texas Rules of Disciplinary Procedure.

As ordered by the Supreme Court of Texas, in chambers,

With the Seal thereof affixed at the City
of Austin, this 19th day of July, 2012.

BLAKE HAWTHORNE, CLERK
SUPREME COURT OF TEXAS

This assignment, made by Misc. Docket No. 12-9119, is also an assignment by the Chief Justice of the Supreme Court of Texas pursuant to Texas Government Code, § 74.057.

Signed this _18th_ day of July, 2012.

_Wallace B. Jefferson_
Wallace B. Jefferson
Chief Justice

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

December 21, 2011

*CMRRR#: 70101870000315035500*

Mr. Anthony Paul Griffin
1115 21st Street
Galveston, Texas 77550-4624

Re:    H0111134143   Kristina Guzman - Anthony Paul Griffin

Dear Mr. Griffin:

The Office of Chief Disciplinary Counsel has received the above-referenced Grievance, a copy of which is enclosed with this notice. This office has examined the Grievance and determined that the information provided alleges Professional Misconduct. Pursuant to the Texas Rules of Disciplinary Procedure, this matter has been classified as a Complaint.

Please advise this office immediately if you are represented in this matter by an attorney.

You must furnish to this office a written response to the Complaint within thirty (30) days of receipt of this notice. The response should address specifically each allegation contained in the Complaint, and should further provide all information and documentation necessary for a determination of Just Cause as defined in the Texas Rules of Disciplinary Procedure. **Pursuant to Rule 2.10 of the Texas Rules of Disciplinary Procedure, you are required to provide a copy of your response directly to the Complainant.**

**Pursuant to Rules 8.01(b) and 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct, failure or refusal to timely furnish a response or other information requested by the Chief Disciplinary Counsel, without timely asserting legal grounds to do so, constitutes Professional Misconduct.**

The Office of Chief Disciplinary Counsel maintains as confidential Disciplinary Proceedings, except that the pendency, subject matter, and status of a Disciplinary Proceeding may be disclosed by the Chief Disciplinary Counsel if the Respondent has waived confidentiality or the Disciplinary Proceeding is based upon conviction of a serious crime. The Chief Disciplinary Counsel may provide appropriate information, including the response, to law enforcement agencies, under Rule 6.08 of the Texas Rules of Disciplinary Procedure.

You will be notified in writing of further proceedings in this matter.

Sincerely,

Jay L. Collier
Assistant Disciplinary Counsel
Office of the Chief Disciplinary Counsel
State Bar of Texas
JLC/ra

Enclosure(s): Grievance (**Copy of Complaint**)

CF2-3.

RECEIVED

DEC 20 2011

STATE BAR OF TEXAS
HOUSTON CDC

OFFICE OF THE CHIEF DISCIPLINARY COUNSEL
STATE BAR OF TEXAS
GRIEVANCE FORM

RECEIVED

NOV 07 2011

Chief Disciplinary Counsel
State Bar of Texas

RETURNING
To Sender

NOV 10 2011

RECEIVED

NOV 28 2011

Chief Disciplinary Counsel
State Bar of Texas

I.  GENERAL INFORMATION

Before you fill out this paperwork, there may be a faster way to resolve the issue you are currently having with an attorney.

If you are considering filing a grievance against a Texas attorney for any of the following reasons:

~   You believe your attorney is neglecting your case.
~   Your attorney does not return phone calls or keep you informed about the status of your case.
~   You have fired your attorney but are having problems getting your file back from the attorney.

**You may want to consider contacting the Client-Attorney Assistance Program (CAAP) at 1-800-932-1900.**

CAAP was established by the State Bar of Texas to help people resolve these kinds of issues with attorneys quickly, without the filing of a formal grievance.

CAAP can resolve many problems without a grievance being filed by providing information, by suggesting various self-help options for dealing with the situation, or by contacting the attorney either by telephone or letter.

I have __✓__ I have not _____ contacted the Client-Attorney Assistance Program.

**NOTE: Please be sure to fill out each section completely. Do not leave any section blank. If you do not know the answer to any question, write "I don't know."**

II.  INFORMATION ABOUT YOU -- PLEASE KEEP CURRENT

1.  TDCJ/SID # __N/A__   ☒ Mr.
    Immigration # _____   ☒ Ms.  Name: __Kristina Guzman__

    Address: __

    _____

    City: _____ State: _____ Zip Code: _____

0411                                                                1

2. Employer: _____

   Employer's Address: _____

   _____

3. Telephone number: Residence _____ Work: _____
   Other: _____

4. Drivers License # _____ Date of Birth _____

5. Name, address, and telephone number of person who can always reach you.

   Name _____ Address _____

   _____ Telephone _____

6. Do you understand and write in the English language? _yes_____
   If no, what is your primary language? _____
   Who helped you prepare this form? _____
   Will they be available to translate future correspondence during this process? _____

7. **Are you a Judge?** NO _____
   If yes, please provide Court, County, City, State: _____

III. INFORMATION ABOUT ATTORNEY

   Note: Grievances are not accepted against law firms. You must specifically name the attorney against whom you are complaining. A separate grievance form must be completed for each attorney against whom you are complaining.

1. Attorney name: _Anthony Griffin_ Address: _1115 Moody Ave_
   City: _Galveston_ State: _TX_ Zip Code: _77550_

2. Telephone number: Work 409-763-0386 Home _____ Other 713-408-1346

3. Have you or a member of your family filed a grievance about this attorney previously?
   Yes ___ No ✓ If "yes", please state its approximate date and outcome. _____

   _____

0411                                                                                    2

Have you or a member of your family ever filed an appeal with the Board of Disciplinary Appeals about this attorney?

Yes _____ No ✓ If "yes," please state its approximate date and outcome.

_____

4.  Please check one of the following:
    ✓ This attorney was **hired** to represent me.
    _____ This attorney was **appointed** to represent me.
    _____ This attorney was hired to represent **someone else**.

    Please give the date the attorney was hired or appointed. May 12, 2010

    Please state what the attorney was hired or appointed to do. Represent
    me for being retaliated against previous
    employer / site I was working at

5.  What was your fee arrangement with the attorney? $ 5,000

    _____

    How much did you pay the attorney? $4,100

    _____

    **If you signed a contract and have a copy, please attach.**
    **If you have copies of checks and/or receipts, please attach.**
    **Do not send originals.**

6.  If you did not hire the attorney, what is your connection with the attorney? Explain briefly

    _____

    _____

7.  Are you currently represented by an attorney? No
    If yes, please provide information about your current attorney: _____

    _____

8.  Do you claim the attorney has an impairment, such as depression or a substance use disorder? If yes, please provide specifics (your **personal** observations of the attorney

0411                                                                 3

such as slurred speech, odor of alcohol, ingestion of alcohol or drugs in your presence etc., including the date you observed this, the time of day, and location).

_____NO_____

_____

9. Did the attorney ever make any statements or admissions to you or in your presence that would indicate that the attorney may be experiencing an impairment, such as depression or a substance use disorder? If so, please provide details.

_____NO_____

_____

IV. INFORMATION ABOUT YOUR GRIEVANCE

1. Where did the activity you are complaining about occur?

County: Galveston     City: Galveston

2. If your grievance is about a lawsuit, answer the following, if known:

a. Name of court _____

b. Title of the suit _____

c. Case number and date suit was filed _____

d. If you are not a party to this suit, what is your connection with it? Explain briefly.

_____

If you have copies of court documents, please attach.

3. Explain in detail why you think this attorney has done something improper or has failed to do something which should have been done. Attach additional sheets of paper if necessary.

If you have copies of letters or other documents you believe are relevant to your grievance, please attach. Do not send originals.

Include the names, addresses, and telephone number of all persons who know something about your grievance.

Also, please be advised that a copy of your grievance will be forwarded to the attorney named in your grievance.

On May 12, 2010 Mr. Griffin was hired to represent me for a retaliation case against my previous employer, Kristina-vs-BP. Griffin confirmed that he would represent me for a fee of $5,000. At the time I wasn't employed and was only able to bring to Mr. Griffin $4,100. I let Griffin know that my unemployment had stopped and I wouldn't be able to make a payment until I found a job. Griffin was kind enough to accept that agreement verbally. My last payment of $100.00 was made after the contract deadline for the payment retainer fee of $5000. On April 14, 2011 was the first appointment scheduled to meet with Griffin for 5:00pm. Prior to driving to Galveston from Texas City, I called to confirm the appointment. At approximately 4.55pm I arrived at Griffin office. He acknowledged me and clearly spoke that he was in court all day and that he couldn't speak to me because he had a headache. He spoke with his assistant Rita and advised her to schedule me an appointment for the following Sunday April 17, 2011 for a 10:00 am appointment. On April 17, 2011, I Kristina Guzman arrived at his office for 10:00am. Griffin spent roughly 15 minutes typing a rough draft of what he said he was going to present. He did not complete the rough draft and stated that he would fill out the finalize copy. He stated I should receive it within a couple of days. A week went by and I made contact his law firm inquiring the status of the finalized copy. His assistant Rita said he had supposedly mailed out the letter but yet I Never receive anything

## V.   HOW DID YOU LEARN ABOUT THE STATE BAR OF TEXAS' ATTORNEY GRIEVANCE PROCESS?

__ Yellow Pages
✓ Internet
__ Other

0411                                                                 5

## VI. ATTORNEY-CLIENT PRIVILEGE WAIVER

I hereby expressly waive any attorney-client privilege as to the attorney, the subject of this grievance, and authorize such attorney to reveal any information in the professional relationship to the Office of Chief Disciplinary Counsel of the State Bar of Texas.

I understand that the Office of Chief Disciplinary Counsel maintains as confidential the processing of Grievances.

Signature: _Kristine Guzman_ Date: _11-3-11_

TO ENSURE PROMPT ATTENTION, THE GRIEVANCE SHOULD BE MAILED TO:

THE OFFICE OF CHIEF DISCIPLINARY COUNSEL
P.O. Box 13287
Austin, Texas 78711

0411

6

On July 30, 2011 at 10:30am I contacted Griffin law firm and spoke with a male assistant who answered the phone and advised that Griffin was out of the office and wouldn't be returning until later that week. I stated to the individual that I've been calling for weeks and months and was tired of leaving a voicemail message and would never receive a call back. The individual suggest that I call Griffin on a direct cell phone line, and the number he gave me was (713) 408-1346. At 10:32 am I contacted Griffin who didn't answer so I left him a voice message stating that I had made many calls inquiring the status of the case and had not received a call back and that I was possibly moving out of the states and was requesting my refund of money back due to the false agreement we held from the May 12, 2010. Griffin returned my phone call back and at approximately 10:36am and replied that "it didn't work like that, and give him a couple of days to look over my files". He stated that he would contact me within a couple of days. I never received a call from Griffin like he said from the previous phone conversation we held. So on August 24, 2011 I sent Griffin a certified letter through the USPS letting him know that I wanted all work to be stopped, I wanted a bill receipt of all the work he have done, and to turn over all files. In return Griffin sent in the mail a letter stating NO REFUND/ CLOSING FILE. He had stated in his letter that "We have performed consistent with our contract," which was a false statement. No work other than the rough draft he typed was done which took place on April 17, 2011. Mr. Griffin had confirmed that the lawsuit would not take longer than a year to finalize. After our meeting we held on April 17, 2011 he stated that from that date it would be one month exactly and everything would be finalized.

*A GRIFFIN LAWYERS*

*Galveston, Texas 77550*

May 12, 2010

Kristina L. Guzman

RE:   THANK YOU/CONFIRMATION

Ms. Guzman:

Please accept this letter as confirmation of the payment of $3,000.00 on your retainer of $5,000.00 (balance will be payable over 90 day period). Please note that we will prepare a contract and forward under separate cover. Thank you for considering our firm.

Sincerely,

Anthony P. Griffin
A Griffin Lawyers
1115 Moody
Galveston, Texas   77550
409.763.0386
1.800.750.5034
Facsimile No. 409.763.4102

APG/
files

c:word.guzman_kristina_client_confirmation

*ANTHONY P. GRIFFIN, INC.*
*A Professional Corporation*
*Lawyers*

*Galveston Island*
*Galveston, Texas 77550*

July 6, 2010

To: Kristina Guzman

From: Anthony P. Griffin, Inc.

Payment received on July 6, 2010 of 1,000.

CAUSE NO. _____

KRISTINA L. GUZMAN     :     IN THE. _____

V.                   JUDICIAL DISTRICT COURT


BP CORPORATION - USA
AND MICHAEL CASTANEDA      GALVESTON COUNTY, TEXAS

### PLAINTIFF, KRISTINA L. GUZMAN'S, ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COUIRT:

This lawsuit is brought by Kristina L. Guzman,      ⸜ hereinafter and sometimes referred to as Plaintiff, against BP Corporation and Michael Castaneda, hereinafter referred to as Defendants. Plaintiff brings this suit complaining that her rights under Texas law have been violated. Plaintiff sues for damages:

I.

This matter is a schedule 2 matter as that term is defined under the Texas Rules of Civil Procedure.

II.

At all times material to this action, Plaintiff has been a resident of the County of Galveston.

Defendant, BP Corporation, can be served with process by serving its registered agent, to-wit:

_____.

Defendant, Michael Castaneda, can be served with process by serving him at _____.

III.

Plaintiff began employment with Wackenhunt Security on November 3, 2009 as a Patrol Officer at the BP, Texas City, Texas site. Plaintiff worked the site without incident or complaint.

On or about September 27, 2009, Plaintiff was called in office, based on a complaint from Ben Weir, Security Operations Center. Plaintiff told that Weir complained with respect to her having a tongue ring. Plaintiff denied having a ring and a picture was taken of her tongue. During the process of taking the picture, Plaintiff was informed as to who made the complaint and was informed by Reza Ahwazi, Wackenhut BP Project Manager, that Ben Weir wanted her out of the plant.

On or about September 25, 2009, Ben Weir, approached Plaintiff and inquired whether she changed her hair for him. Plaintiff didn't know what to say to the comment. Plaintiff then went to her management Reza Ahwazi and reported the comment. She informed her management she didn't know Mr. Weir and did not know why the comment was being made (a good faith complaint). Mr. Ahwazi stated he would investigate the matter.

IV.

In Ahwazi's investigative report he explains that he presented the complaint to Ben Weir and Castaneda. The following information is found in the report:

> I immediately proceeded to SOC to communicate the incident with Ben Weir first and ask him If he was involved in these inappropriate comments. I brought the matter to Officer Ben Weir attention. He answered its bunch of B.S. and asked to bring this matter to Michael Castaneda's attention. Officer Ben Weir and I walked to Mr. Castaneda's office and I handed over the statement by Officer Guzman to Mr. Castaneda, after a very brief look at the statement Mr. Castaneda aid, (this is stupid) and that nothing makes sense, moments later Mr. Castaneda turned over the statement hack to me and said (forget about it) and there's no merit to this and no one needs to know about this. Although I believed that this matter should be investigated by BP further, I decided that for the sake of our contract and of our officers, I thought it would be best that I closed the case with no fault on Officer Ben Weir's side.

Wackenut's contract and existence in the BP ended February 12, 2010. The new contract was taken over by Securitas Security. Securitas hired all of the other patrol personnel that were under the contract with Wackenhut, but did not hire Plaintiff. When Plaintiff inquired of Securitas why she was not hired, Plaintiff was informed that BP did not want her out at the facility. It is Plaintiff's belief that she was denied employment with Securitas because of her good faith complaint that she reported about Weir's comments.

V.

Anthony Griffin


Mr. Griffin per our conversation we held on 07-30-2011 at approximately 1032am. I am requesting that all work on the case Kristina Guzman –vs. - BP be stopped. I am also requesting that you provide a detailed bill receipt and turnover all files. I have made previous phone calls a week after talking with you about requesting my funds of $4,100 dollars back that was advised by yourself.


Thank You

Kristina L. Guzman

ROSE TORRES
Notary Public, State of Texas
My Commission Expires:
12/31/2014

*A GRIFFIN LAWYERS*

*Galveston Island*
*Galveston, Texas 77550*

August 29, 2011

Kristina L. Guzman

RE:   NO REFUND/CLOSING FILE

Ms. Guzman:

Please note that I am acknowledging that you have a desire to terminate the processing of your case because of your moving from the area.  Please note that there will be no refund.  We have performed consistent with our contract. Good luck in the future and on your move.

Sincerely,

Anthony P. Griffin
A Griffin Lawyers
1115 Twenty First Street
Galveston, Texas  77550
409.763.0386
1.800.750.5034
Facsimile No. 409.763.4102

APG/
files

xc:   Interoffice - Rita Westerman
      (close file)

c:word.guzman_kristina_client3_transmittal

CAUSE NO. 12-CXV-1732

COMMISSION FOR LAWYER DISCIPLINE          IN THE 10TH

V.                                        JUDICIAL DISTRICT COURT

ANTHONY P. GRIFFIN                        GALVESTON COUNTY, TEXAS

RESPONDENT'S, ANTHONY P. GRIFFIN, FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Respondent, Anthony P. Griffin, files this his first amended answer to the complaint filed and would show unto the Court as follows, to-wit:

I.

The allegations are denied in all parts and Respondent asserts a general denial to same.

II.

Respondent would plead more specifically, as follows:

A.    The Commission is correct that Guzman entered a contract of employment and failed to comply with the full terms of the contract. Under the terms of the contract of employment the relationship is terminated by the failure to comply with the full terms of same, including payment of all fees. To Respondent's knowledge the contract was both discussed orally and in writing; the written document can not be located.

B.    Respondent engaged in work for Guzman, met with

Respondent on a number of occasions and discussed with her the viability of any claim she sought to bring against any opposing party. In context of the representation, Respondent prepared a rough draft of a petition for Guzman and discussed with her what was viable and what was not a viable claim. At some point in time in the representation, Guzman decided not to proceed forward with her claims and said she no longer wanted to proceed with the litigation. Respondent explained that her new adventure was commendable, but that counsel was not an insurance company and that work had been performed on her behalf and that she was not entitled to a retainer refund. Guzman sought a full retainer refund when in fact the agreement was the retainer was non-refundable; Respondent although a lawyer is entitled to quantum meruit for his work, time and effort in this matter.

C. Respondent denies any rule violation. Respondent had kept in touch with the client, the fee in question was not illegal or unconscionable and the lawyer engaged in activity to protect the client's interest.

D. Respondent also has provided to the client the client's file and provided the basis for no fee refund, including the recitation of the contract of

employment and then an accounting when the contract was not located and a request by the State Bar of Texas.

### III.

### PRAYER

It is prayed that the subject relief be denied in all parts.

DATE: January 9, 2013.

Respectfully submitted,

/S/ ANTHONY P. GRIFFIN

ANTHONY P. GRIFFIN
A GRIFFIN LAWYERS
1115 TWENTY FIRST STREET
GALVESTON, TEXAS 77550
409.763.0386
1.800.750.5034
FACSIMILE NO. 409.763.4102

STATE BAR NO. 08455300

CERTIFICATE OF SERVICE

This is to certify that on this the 9th day of January, 2013, the foregoing document was forwarded to opposing counsel by facsimile transmission and regular mail, to-wit:

SHANNON BREAUX SAUCEDA
ASSISTANT DISCIPLINARY COUNSEL
STATE BAR OF TEXAS
OFFICE OF THE CHIEF DISCIPLINARY COUNSEL
600 JEFFERSON, SUITE 1000
HOUSTON, TEXAS  77002

/s/ ANTHONY P. GRIFFIN

ANTHONY P. GRIFFIN

c:word.grievance_folder_[guzman_kristina]_respondent_first_amended_answer

*A GRIFFIN LAWYERS*

*Galveston Island*
*Galveston, Texas 77550*

February 21, 2013

Shannon Sauceda
Assistant Disciplinary Counsel
Office of the Chief Disciplinary Counsel
State Bar of Texas
600 Jefferson, Suite 1000
Houston, Texas 77002

  RE: H0111134143 - KRISTINA GUZMAN - ANTHONY PAUL
    GRIFFIN; IN THE 10TH JUDICIAL DISTRICT COURT;
    GALVESTON COUNTY, TEXAS; CAUSE NO. 12-CV-1732

    (AGREED JUDGMENT)

Ms. Sauceda:

  Please find enclosed the above referenced documents.
The same are for your processing. Thank you.

        Sincerely,

        Anthony P. Griffin
        A Griffin Lawyers
        1115 Twenty First Street
        Galveston, Texas 77550
        409.763.0386
        1.800.750.5034
        Facsimile No. 409.763.4102

APG/
files

Encl. - Agreed Judgment

xc:   Norma Venso, Esq.
      Attorney at Law
      830 Apollo Street
      Houston, Texas   77058

      [WITH ATTACHMENTS]

CAUSE NO. 12CV1732

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, | § | IN THE DISTRICT COURT OF |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| ANTHONY P. GRIFFIN, | § | |
| | § | |
| Respondent. | § | 10th JUDICIAL DISTRICT |

## AGREED JUDGMENT OF PROBATED SUSPENSION

### Parties and Appearance

On this day, came to be heard the above-styled and numbered cause. Petitioner, the

**COMMISSION FOR LAWYER DISCIPLINE**, by and through its attorney of record, Shannon

Breaux Sauceda, Assistant Disciplinary Counsel, and Respondent, **ANTHONY P. GRIFFIN**

(hereinafter referred to as "Respondent"), Texas Bar Number 08455300, by and through his attorney

of record, Norma Venso, announce that an agreement has been reached in the above-styled matter.

### Jurisdiction and Venue

On the 18th day of July, 2012, pursuant to Rule 3.02 of the TEXAS RULES OF DISCIPLINARY

PROCEDURE, the SUPREME COURT OF TEXAS appointed the Honorable Darlene Byrne to preside over

this disciplinary action. The Court finds that it has jurisdiction over the parties and the subject

matter of this action, and that venue is proper. Both Parties waived their rights to trial by jury.

### Professional Misconduct

The Court, having considered the pleadings and the agreement of the parties, finds that

Respondent has committed Professional Misconduct as defined by Rule 1.06(V) of the TEXAS RULES

OF DISCIPLINARY PROCEDURE. Respondent has committed professional misconduct as defined by

Rule 1.06V of the TEXAS RULES OF DISCIPLINARY PROCEDURE and in violation of **Rules 1.03(a)** [a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information]; **1.04(d)** [a contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined]; and **1.15(d)** [upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payments of fee that has not been earned], of the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT; Article X, Section 9, of the STATE BAR RULES.

## Sanction

It is **AGREED** and **ORDERED** that the sanction of a Probated Suspension shall be imposed against Respondent in accordance with the TEXAS RULES OF DISCIPLINARY PROCEDURE.

Accordingly, it is **ORDERED, ADJUDGED** and **DECREED** that Respondent be suspended from the practice of law for a period of one (1) year, with the suspension being fully probated pursuant to the terms stated below. The period of probated suspension shall begin on August 30, 2013, and shall end on August 29, 2014.

## Terms of Probation

It is further **AGREED AND ORDERED** that during all periods of suspension, Respondent shall be under the following terms and conditions:

1.    Respondent shall not violate any term of this *Judgment*.

2.    Respondent shall not engage in professional misconduct as defined by Rule 1.06(V) of the TEXAS RULES OF DISCIPLINARY PROCEDURE.

3. Respondent shall not violate any state or federal criminal statutes.

4. Respondent shall keep the STATE BAR OF TEXAS membership department notified of current mailing, residence and business addresses and telephone numbers.

5. Respondent shall comply with Minimum Continuing Legal Education requirements.

6. Respondent shall comply with Interest on Lawyers Trust Account (IOLTA) requirements.

7. Respondent shall promptly respond to any request for information from the Chief Disciplinary Counsel in connection with any investigation of any allegations of professional misconduct.

8. Respondent shall pay all reasonable and necessary attorneys' fees and direct expenses as ordered in this *Judgment*.

9. Respondent shall pay restitution as ordered in this *Judgment*.

## Probation Revocation

Upon determination that Respondent has violated any term of this *Judgment*, the Chief Disciplinary Counsel may, in addition to all other remedies available, file a motion to revoke probation with the Court and serve a photocopy of the motion on Respondent pursuant to Tex.R.Civ.P. 21a. Revocation will not be invoked on the basis of grievance matters pending against Respondent at the time that this *Judgment* is executed.

The Court shall conduct an evidentiary hearing. At the hearing, the Court shall determine by a preponderance of the evidence whether Respondent has violated any term of this *Judgment*. If the Court finds grounds for revocation, the Court shall enter an order revoking probation and imposing an active suspension upon Respondent from the practice of law for a period of one (1) year commencing on or after the date of revocation. Respondent shall not be given credit for any term of probation served prior to revocation.

It is further **AGREED AND ORDERED** that any conduct on the part of Respondent which serves as the basis for a motion to revoke probation may also be brought as independent grounds for discipline as allowed under the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT and TEXAS RULES OF DISCIPLINARY PROCEDURE.

### Restitution, Attorneys' Fees and Expenses

It is further **AGREED** and **ORDERED** Respondent shall pay restitution to Kristina Guzman in the amount of Two Thousand Three Hundred Fifty and No/100 Dollars ($2,350.00). The restitution payment shall be made by certified or cashier's check or money order and made payable to Kristina Guzman. The payment shall be submitted to the Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, Texas 78711-2487 (1414 Colorado St., Austin, Texas 78701), on or before March 5, 2013.

It is further **AGREED** and **ORDERED** Respondent shall pay all reasonable and necessary attorneys' fees and direct expenses to the STATE BAR OF TEXAS in the amount of Two Thousand Five Hundred and No/100 Dollars ($2,500.00). The payment or attorneys' fees and direct expenses shall be made by certified or cashier's check or money order and made payable to the STATE BAR OF TEXAS. The payment shall be submitted to the Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, Texas 78711-2487 (1414 Colorado St., Austin, Texas 78701), on or before March 5, 2013.

It is further **AGREED** and **ORDERED** that all amounts ordered herein are due to the misconduct of Respondent and are assessed as a part of the sanction in accordance with Rule 1.06(Y) of the TEXAS RULES OF DISCIPLINARY PROCEDURE. Any amount not paid shall accrue interest at the maximum legal rate per annum until paid and the STATE BAR OF TEXAS shall have all writs and other

post-judgment remedies against Respondent in order to collect all unpaid amounts.

## Publication

This suspension shall be made a matter of record and appropriately published in accordance with the TEXAS RULES OF DISCIPLINARY PROCEDURE.

## Other Relief

**IT IS FURTHER ORDERED** that the Clerk of this Court shall forward a certified copy of the current *Disciplinary Petition* on file in this case, along with a copy of this *Judgment* to the following: (1) CLERK OF THE SUPREME COURT OF TEXAS, Supreme Court Building, Austin, Texas 78711; (2) The STATE BAR OF TEXAS, Office of the Chief Disciplinary Counsel, P. O. Box 12487, Austin, Texas 78711; and (3) Respondent, by and through his attorney of record, Norma Venso, 830 Apollo St., Houston, Texas 77058.

**IT IS ORDERED** that all costs of court incurred in the prosecution of this lawsuit shall be taxed against Respondent, for which the Clerk may have execution if they are not timely paid.

All requested relief not expressly granted herein is expressly **DENIED**.

SIGNED this _____ day of _____, 2013.

 

 

HON. DARLENE BYRNE,
JUDGE PRESIDING

AGREED AS TO BOTH FORM AND SUBSTANCE:

**STATE BAR OF TEXAS**
*Office of the Chief Disciplinary Counsel*

LINDA A. ACEVEDO
Chief Disciplinary Counsel


_____
SHANNON BREAUX SAUCEDA
Assistant Disciplinary Counsel
State Bar No. 24002896
600 Jefferson, Suite 1000
Houston, Texas 77002
Phone:          (713) 758-8200
Fax:            (713) 758-8292

ATTORNEYS FOR PETITIONER,
COMMISSION FOR LAWYER DISCIPLINE

_____
NORMA VENSO
Attorney at Law
State Bar No. 20545250
830 Apollo Street
Houston, Texas 77058
Phone:          (409) 789-8661
Fax:            (281) 286-9990

ATTORNEY FOR RESPONDENT,
ANTHONY P. GRIFFIN


_____
ANTHONY P. GRIFFIN
State Bar No. 08455300

# TAB 11

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, | § | H0031234738 [POLLY REDDIN] |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| ANTHONY P. GRIFFIN, | § | |
| | § | |
| Respondent. | § | |

## JUDGMENT OF PARTIALLY PROBATED SUSPENSION

### Parties and Appearance

On October 14, 2013, came to be heard the above-styled and numbered cause. Petitioner, the

**COMMISSION FOR LAWYER DISCIPLINE**, appeared by and through its attorney of record.

Shannon Breaux Sauceda, Assistant Disciplinary Counsel, and announced ready. Respondent,

**ANTHONY P. GRIFFIN** (hereinafter referred to as "Respondent"), Texas Bar Number 08455300,

appeared in person and through his attorney of record, Norma Venso, and announced ready.

### Jurisdiction and Venue

The Evidentiary Panel 5-2 (formerly 5B) having been duly appointed to hear this complaint

by the chair of the Grievance Committee for STATE BAR OF TEXAS District 5, finds that it has

jurisdiction over the parties and the subject matter of this action and that venue is proper.

### Professional Misconduct

The Evidentiary Panel, having considered all of the pleadings, evidence, stipulations, and

argument, finds Respondent has committed Professional Misconduct as defined by Rule 1.06(V) of

the TEXAS RULES OF DISCIPLINARY PROCEDURE.



## Findings of Fact

The Evidentiary Panel, having considered the pleadings, evidence and argument of counsel, makes the following findings of fact and conclusions of law:

1. Respondent is an attorney licensed to practice law in Texas and is a member of the STATE BAR OF TEXAS.

2. Respondent resides in and maintains his principal place of practice in Galveston County, Texas.

3. On or about October 4, 2011, Polly Reddin (hereinafter referred to as "Reddin") hired Respondent to file a civil suit related to the payment of a debt. Reddin paid Respondent Five Thousand and No/100 Dollars ($5,000.00) for the representation with the understanding from Respondent that he would file suit on her behalf.

4. During the course of the representation, Reddin made numerous attempts to contact Respondent to ascertain the status of her case; however, Respondent failed to communicate with Reddin.

5. Throughout the representation, Reddin made several appointments to meet with Respondent, which were later canceled. When Reddin met with Respondent on February 27, 2012, Respondent presented Reddin with a petition that contained several errors. As a result, on March 6, 2012, Reddin sent Respondent an email whereby she terminated his representation and requested a refund of her retainer. Respondent failed to refund any unearned portion of the retainer until July 2013.

6. The Chief Disciplinary Counsel of the STATE BAR OF TEXAS has incurred reasonable attorneys' fees and direct expenses associated with this Disciplinary Proceeding in the amount of One Thousand Six Hundred and No/100 Dollars ($1,610.00), Five Hundred and No/100 Dollars ($500.00) of which has already been paid by Respondent.

7. Respondent owes restitution in the amount of Five Thousand and No/100 Dollars (5,000.00), to Polly Reddin. This amount has already been paid by Respondent.

## Conclusions of Law

The Evidentiary Panel concludes that, based on foregoing findings of fact, the following TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT have been violated: **Rules 1.01(b)(1)** [in representing a client, a lawyer shall not neglect a legal matter entrusted to the lawyer]; **1.03(a)** [a

lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information]; and 1.15(d) [upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payments of fee that has not been earned].

## Sanction

The Evidentiary Panel, having found that Respondent has committed Professional Misconduct, heard and considered additional evidence regarding the appropriate sanction to be imposed against Respondent. After hearing all evidence and argument and after having considered the factors in Rule 2.18 of the TEXAS RULES OF DISCIPLINARY PROCEDURE, the Evidentiary Panel finds that the proper discipline of the Respondent for each act of Professional Misconduct is a Partially Probated Suspension.

Accordingly, it is **ORDERED, ADJUDGED** and **DECREED** that Respondent be suspended from the practice of law for a period of six (6) months, beginning October 15, 2013, and ending April 14, 2014. Provided Respondent complies with the following terms and conditions, Respondent shall be actively suspended from the practice of law for a period of three (3) months, beginning October 15, 2013, and ending January 14, 2014. If Respondent complies with all of the following terms and conditions timely, the three (3) month period of probated suspension shall begin on January 15, 2014, and shall end on April 14, 2014.

1. Respondent shall pay all reasonable and necessary attorneys' fees and direct expenses to the STATE BAR OF TEXAS in the amount of One Thousand Six Hundred Ten and No/100 Dollars ($1,610.00). In July 2013, Respondent made a payment to the STATE BAR OF TEXAS in the amount of Five Hundred and No/100 Dollars ($500.00). The remaining payment One Thousand One Hundred Ten and No/100 Dollars ($1,110.00) shall be due and payable on or before January 14, 2014, and shall be made by certified or cashier's check or money order. Respondent shall forward the funds, made payable to the STATE

BAR OF TEXAS, to the STATE BAR OF TEXAS, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, Texas 78711-2487 (1414 Colorado St., Austin, Texas 78701).

2. Respondent shall pay restitution to Polly Reddin in the amount of Five Thousand and No/100 Dollars ($5,000.00). In July 2013, Respondent tendered payment to Polly Reddin in the amount of Five Thousand and No/100 Dollars ($5,000.00), and has therefore satisfied this condition of the *Judgment*.

3. Respondent shall complete the Law Office Management Program by January 14, 2014, and provide proof of completion to the STATE BAR OF TEXAS, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, Texas 78711-2487 (1414 Colorado St., Austin, Texas 78701), by January 14, 2014.

4. Respondent shall make contact with the Chief Disciplinary Counsel's Offices' Compliance Monitor at 877-953-5535, ext. 1334 and Special Programs Coordinator at 877-953-5535, ext. 1323, not later than seven (7) days after receipt of a copy of this *Judgment* to coordinate Respondent's compliance.

Should Respondent fail to comply with all of the above terms and conditions timely, Respondent shall remain actively suspended until the date of compliance or until April 14, 2014, whichever occurs first.

## Terms of Active Suspension

Respondent shall pay all reasonable and necessary attorneys' fees and direct expenses to the STATE BAR OF TEXAS in the amount of One Thousand Six Hundred Ten and No/100 Dollars ($1,610.00). In July 2013, Respondent made a payment to the STATE BAR OF TEXAS in the amount of Five Hundred and No/100 Dollars ($500.00). The remaining payment One Thousand One Hundred Ten and No/100 Dollars ($1,110.00) shall be due and payable on or before January 14, 2014, and shall be made by certified or cashier's check or money order. Respondent shall forward the funds, made payable to the STATE BAR OF TEXAS, to the STATE BAR OF TEXAS, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, Texas 78711-2487 (1414 Colorado St., Austin, Texas 78701).

Respondent shall pay restitution to Polly Reddin in the amount of Five Thousand and No/100 Dollars ($5,000.00). In July 2013, Respondent tendered payment to Polly Reddin in the amount of Five Thousand and No/100 Dollars ($5,000.00), and has therefore satisfied this condition of the *Judgment*.

Respondent shall complete the Law Office Management Program by January 14, 2014, and provide proof of completion to the STATE BAR OF TEXAS, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, Texas 78711-2487 (1414 Colorado St., Austin, Texas 78701), by January 14, 2014.

It is further **ORDERED** that during the term of active suspension ordered herein, or that may be imposed upon Respondent by the BOARD OF DISCIPLINARY APPEALS (hereinafter referred to as "BODA") as a result of a probation revocation proceeding, Respondent shall be prohibited from practicing law in Texas; holding himself out as an attorney at law; performing any legal services for others; accepting any fee directly or indirectly for legal services; appearing as counsel or in any representative capacity in any proceeding in any Texas or Federal court or before any administrative body; or holding himself out to others or using his name, in any manner, in conjunction with the words "attorney at law," "attorney," "counselor at law," or "lawyer."

It is further **ORDERED** that Respondent shall immediately notify each of Respondent's current clients and opposing counsel in writing of this suspension.

In addition to such notification, it is further **ORDERED** that Respondent shall return any files, papers, unearned monies and other property belonging to current clients in Respondent's possession to the respective clients or to another attorney at the client's request.

It is further **ORDERED** that Respondent shall file with the STATE BAR OF TEXAS, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, Texas 78711-2487 (1414 Colorado St.,

Austin, Texas 78701) on or before thirty (30) days after the date this *Judgment* is signed, an affidavit stating all current clients and opposing counsel have been notified of Respondent's suspension and that all files, papers, monies and other property belonging to all current clients have been returned as ordered herein.

It is further **ORDERED** that Respondent shall, immediately, notify in writing each and every justice of the peace, judge, magistrate, administrative judge or officer and chief justice of each and every court or tribunal in which Respondent has any matter pending of the terms of this *Judgment*, the style and cause number of the pending matter(s), and the name, address and telephone number of the client(s) Respondent is representing.

It is further **ORDERED** that Respondent shall file with the STATE BAR OF TEXAS, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, Texas 78711-2487 (1414 Colorado St., Austin, Texas 78701) on or before thirty (30) days after the date this *Judgment* is signed, an affidavit stating Respondent has notified in writing each and every justice of the peace, judge, magistrate, and chief justice of each and every court in which Respondent has any matter pending of the terms of this judgment, the style and cause number of the pending matter(s), and the name, address and telephone number of the client(s) Respondent is representing in Court.

It is further **ORDERED** that Respondent shall immediately surrender his law license and permanent State Bar Card to the STATE BAR OF TEXAS, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, Texas 78711-2487 (1414 Colorado St., Austin, Texas 78701), to be forwarded to the SUPREME COURT OF TEXAS.

### Terms of Probation

It is further **ORDERED** that during all periods of suspension, Respondent shall be under the following terms and conditions:

1.  Respondent shall not violate any term of this *Judgment.*

2.  Respondent shall not engage in professional misconduct as defined by Rule 1.06(V) of the TEXAS RULES OF DISCIPLINARY PROCEDURE.

3.  Respondent shall not violate any state or federal criminal statutes.

4.  Respondent shall keep the STATE BAR OF TEXAS membership department notified of current mailing, residence and business addresses and telephone numbers.

5.  Respondent shall comply with Minimum Continuing Legal Education requirements.

6.  Respondent shall comply with Interest on Lawyers Trust Account (IOLTA) requirements.

7.  Respondent shall promptly respond to any request for information from the Chief Disciplinary Counsel in connection with any investigation of any allegations of professional misconduct.

## Probation Revocation

Upon information that Respondent has violated a term of this *Judgment,* the Chief Disciplinary Counsel may, in addition to all other remedies available, file a motion to revoke probation pursuant to Rule 2.23 of the TEXAS RULES OF DISCIPLINARY PROCEDURE with the Board of Disciplinary Appeals (hereinafter referred to as "BODA") and serve a copy of the motion on Respondent pursuant to Tex.R.Civ.P. 21a.

BODA shall conduct an evidentiary hearing. At the hearing, BODA shall determine by a preponderance of the evidence whether Respondent has violated any term of this *Judgment.* If BODA finds grounds for revocation, BODA shall enter an order revoking probation and placing Respondent on active suspension from the date of such revocation order. Respondent shall not be given credit for any term of probation served prior to revocation.

It is further **ORDERED** that any conduct on the part of Respondent which serves as the basis for a motion to revoke probation may also be brought as independent grounds for discipline as

allowed under the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT and TEXAS RULES OF DISCIPLINARY PROCEDURE.

## Restitution, Attorneys' Fees and Expenses

It is further **ORDERED** Respondent shall pay restitution to Polly Reddin in the amount of Five Thousand and No/100 Dollars ($5,000.00). In July 2013, Respondent tendered payment to Polly Reddin in the amount of Five Thousand and No/100 Dollars ($5,000.00), and has therefore satisfied this condition of the *Judgment*.

It is further **ORDERED** Respondent shall pay all reasonable and necessary attorneys' fees and direct expenses to the STATE BAR OF TEXAS in the amount of One Thousand Six Hundred Ten and No/100 Dollars ($1,610.00). In July 2013, Respondent made a payment to the STATE BAR OF TEXAS in the amount of Five Hundred and No/100 Dollars ($500.00). The remaining payment One Thousand One Hundred Ten and No/100 Dollars ($1,110.00) shall be due and payable on or before January 14, 2014, and shall be made by certified or cashier's check or money order. Respondent shall forward the funds, made payable to the STATE BAR OF TEXAS, to the STATE BAR OF TEXAS, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, Texas 78711-2487 (1414 Colorado St., Austin, Texas 78701).

It is further **ORDERED** that all amounts ordered herein are due to the misconduct of Respondent, are assessed as a part of the sanction in accordance with Rule 1.06(Y) of the TEXAS RULES OF DISCIPLINARY PROCEDURE. Any amount not paid shall accrue interest at the maximum legal rate per annum until paid and the STATE BAR OF TEXAS shall have all writs and other post-judgment remedies against Respondent in order to collect all unpaid amounts.

## Publication

This suspension shall be made a matter of record and appropriately published in accordance with the TEXAS RULES OF DISCIPLINARY PROCEDURE.

## Other Relief

All requested relief not expressly granted herein is expressly **DENIED**.

SIGNED this 22nd day of October , 2013.

EVIDENTIARY PANEL
DISTRICT NO. 5-2
STATE BAR OF TEXAS

KELLY HAAS
District 5-2 Presiding Member

# STATE BAR OF TEXAS



RECEIVED JUL 1 8 2012

*Office of the Chief Disciplinary Counsel*

July 16, 2012

*Via Certified Mail No. 7010 1870 0003 1503 6200,*
*Return Receipt Requested*

Anthony P. Griffin
1115 21st Street
Galveston, Texas 77550-4624

RE:  Case No. H0031234738      Polly Reddin – Anthony P. Griffin

Dear Mr. Griffin:

The Office of Chief Disciplinary Counsel has completed its investigation of the above-referenced Complaint and determined on July 5, 2012, that there is Just Cause to believe that you have committed one or more acts of Professional Misconduct, as defined by the TEXAS RULES OF DISCIPLINARY PROCEDURE (TRDP).

In accordance with TRDP 2.14D, a statement of your acts and/or omissions and the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT that the Chief Disciplinary Counsel contends are violated by the alleged acts and/or omissions follows:

> On or about October 4, 2011, Polly Reddin (hereinafter referred to as "Complainant") hired Anthony P. Griffin (hereinafter referred to as "Respondent") to file a civil suit related to the payment of a debt. Complainant paid Respondent Five Thousand and No/100 Dollars ($5,000.00) for the representation with the understanding from Respondent that he would file suit on her behalf.
>
> During the course of the representation, Complainant made numerous attempts to contact Respondent to ascertain the status of her case; however, Respondent failed to communicate with Complainant. Complainant made an appointment to meet with Respondent on February 24, 2012, which was later canceled. When Complainant met with Respondent on February 27, 2012, Respondent presented Complainant with a petition that contained several errors. Complainant made another appointment to meet with Respondent on March 2, 2012, but that appointment was also canceled. At the next appointment scheduled on March 5,

g:\general\griffin.a_sbs\738_reddin\correspondence\election letter.docx

**600 Jefferson, Suite 1000  Houston, Texas 77002**
**Phone: (713) 758-8200  Toll Free: (866) 224-5999  Fax: (713) 758-8292**

# STATE BAR OF TEXAS
*Office of the Chief Disciplinary Counsel*

Anthony P. Griffin
July 16, 2012
RE: Case No. H0031234738
Page 2

2012, Complainant was informed that the corrected paperwork was not ready and to come back the next day. On March 6, 2012, Complainant called Respondent's office before she made the trip and was told that Respondent was out of town and her corrected paperwork still was not ready. As a result, on March 6, 2012, Complainant sent Respondent an email whereby she terminated his representation and requested a refund of her retainer. Respondent failed to refund any unearned portion of the retainer.

These alleged acts violate the following TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT:

**1.01(b)(1)**   in representing a client, a lawyer shall not neglect a legal matter entrusted to the lawyer;

**1.03(a)**   a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information; and

**1.15(d)**   upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payments of fee that has not been earned.

Pursuant to TRDP 2.15, you must notify this office whether you elect to have the Complaint heard by an Evidentiary Panel of the District Grievance Committee or in a district court of proper venue, with or without a jury. **The election must be in writing and served upon the Chief Disciplinary Counsel's Office no later than twenty (20) days after your receipt of this notice.** Failure to file a timely election shall conclusively be deemed an affirmative election to proceed before an Evidentiary Panel in accordance with TRDP 2.17 and 2.18.

Enclosed is a form in which to indicate your election and principal place of practice. It should be mailed to the undersigned at the address shown at the bottom of this letter. In making your election, you should be aware than an Evidentiary Panel proceeding is confidential unless a public sanction is entered and that a **private reprimand is only available before an Evidentiary Panel.** District court proceedings are public and a private reprimand is not an available sanction.

COMPLAINT AGAINST                    §
                                     §
ANTHONY P. GRIFFIN                   §      H000031234738 [POLLY REDDING]
                                     §
GALVESTON, TEXAS                     §
                                     §

## RESPONDENT'S ELECTION &
## PRINCIPAL PLACE OF PRACTICE CERTIFICATION

**I, Anthony P. Griffin, hereby elect:** (Choose <u>one</u> of the following)

_____ District Court

_____ Evidentiary Hearing - District Grievance Committee


**I, Anthony P. Griffin, hereby certify that:**


_____(Physical Address – no P.O. Box)


_____(City), _____(County),

Texas, is my principal place of practice.


**SIGNED** this _____ day of _____, 2012.


_____
ANTHONY P. GRIFFIN

**\*\*RETURN THIS FORM WITHIN <u>20</u> DAYS OF RECEIPT OF ELECTION NOTICE\*\***

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

April 10, 2012

<u>*CMRRR#: 70101870000315040597*</u>

RECEIVED APR 1 2 2012

Mr. Anthony Paul Griffin
1115 21st Street
Galveston, Texas 77550-4624

Re: H0031234738 Polly Reddin - Anthony Paul Griffin

Dear Mr. Griffin:

The Office of Chief Disciplinary Counsel has received the above-referenced Grievance, a copy of which is enclosed with this notice. This office has examined the Grievance and determined that the information provided alleges Professional Misconduct. Pursuant to the Texas Rules of Disciplinary Procedure, this matter has been classified as a Complaint.

Please advise this office immediately if you are represented in this matter by an attorney.

You must furnish to this office a written response to the Complaint within thirty (30) days of receipt of this notice. The response should address specifically each allegation contained in the Complaint, and should further provide all information and documentation necessary for a determination of Just Cause as defined in the Texas Rules of Disciplinary Procedure. **Pursuant to Rule 2.10 of the Texas Rules of Disciplinary Procedure, you are required to provide a copy of your response directly to the Complainant.**

**Pursuant to Rules 8.01(b) and 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct, failure or refusal to timely furnish a response or other information requested by the Chief Disciplinary Counsel, without timely asserting legal grounds to do so, constitutes Professional Misconduct.**

The Office of Chief Disciplinary Counsel maintains as confidential Disciplinary Proceedings, except that the pendency, subject matter, and status of a Disciplinary Proceeding may be disclosed by the Chief Disciplinary Counsel if the Respondent has waived confidentiality or the Disciplinary Proceeding is based upon conviction of a serious crime. The Chief Disciplinary Counsel may provide appropriate information, including the response, to law enforcement agencies, under Rule 6.08 of the Texas Rules of Disciplinary Procedure.

You will be notified in writing of further proceedings in this matter.

Sincerely,

J.G. Molleston
Houston Regional Counsel
Office of the Chief Disciplinary Counsel
State Bar of Texas
JGM/ra

Enclosure(s): Grievance (**Copy of Complaint**)

CF2-3.

OFFICE OF THE CHIEF DISCIPLINARY COUNSEL
STATE BAR OF TEXAS RECEIVED
GRIEVANCE FORM

APR 02 2012

STATE BAR OF TEXAS
HOUSTON CDC

**I.    GENERAL INFORMATION**

Before you fill out this paperwork, there may be a faster way to resolve the issue you are currently having with an attorney.

If you are considering filing a grievance against a Texas attorney for any of the following reasons:

~    You believe your attorney is neglecting your case.
~    Your attorney does not return phone calls or keep you informed about the status of your case.
~    You have fired your attorney but are having problems getting your file back from the attorney.

**You may want to consider contacting the Client-Attorney Assistance Program (CAAP) at 1-800-932-1900.**

CAAP was established by the State Bar of Texas to help people resolve these kinds of issues with attorneys quickly, without the filing of a formal grievance.

CAAP can resolve many problems without a grievance being filed by providing information, by suggesting various self-help options for dealing with the situation, or by contacting the attorney either by telephone or letter.

I have _____  I have not __✓___ contacted the Client-Attorney Assistance Program.

**NOTE: Please be sure to fill out each section completely. Do not leave any section blank. If you do not know the answer to any question, write "I don't know."**

**II.   INFORMATION ABOUT YOU – PLEASE KEEP CURRENT**

1.    TDCJ/SID # _____   Mr.
                                 ✓Ms.  Name: _Polly Reddin_____
      Immigration # _____

      Address: _                        _____

      _____

      City: _____   State: _____   Zip Code: _____

0411                                                                        1

2. Employer:___ _____

   Employer's Address:__ _____

   _____

3. Telephone number: Residence _____ Work: __ _____
   Other: _____

4. Drivers License # _____ Date of Birth __/__/__

5. Name, address, and telephone number of person who can always reach you.

   Name _____ Address _____

   _____ Telephone _____

6. Do you understand and write in the English language? ___Yes___
   If no, what is your primary language? _____
   Who helped you prepare this form? ___No one___
   Will they be available to translate future correspondence during this process? _____

7. **Are you a Judge?** ___No___
   If yes, please provide Court, County, City, State: _____

## III. INFORMATION ABOUT ATTORNEY

Note: Grievances are not accepted against law firms. You must specifically name the attorney against whom you are complaining. A separate grievance form must be completed for each attorney against whom you are complaining.

1. Attorney name: _Anthony Griffin_ Address: _1115 moody_

   City: _Galveston_ State: _Texas_ Zip Code: _77550_

2. Telephone number: Work _409-763-0386_ Home _____ Other _800-750-5034_

3. Have you or a member of your family filed a grievance about this attorney previously?
   Yes ___ No _✓_ If "yes", please state its approximate date and outcome. _____

   _____

0411

2

Have you or a member of your family ever filed an appeal with the Board of Disciplinary Appeals about this attorney?

Yes _____ No ✓ If "yes," please state its approximate date and outcome.

_____

4. Please check one of the following:
   ✓_____ This attorney was **hired** to represent me.
   _____ This attorney was **appointed** to represent me.
   _____ This attorney was hired to represent **someone else**.

   Please give the date the attorney was hired or appointed. _10-4-11_

   Please state what the attorney was hired or appointed to do. _I hired him to_
   _represent me against Chicago Title and Kershaw_
   _Enterprises._

5. What was your fee arrangement with the attorney? _$5000.⁰⁰ retainer +_
   _33% of fee's Collected_

   How much did you pay the attorney? _$ 5000.⁰⁰_

   _____

   **If you signed a contract and have a <u>copy</u>, please attach.**
   **If you have <u>copies</u> of checks and/or receipts, please attach.**
   **<u>Do not send originals</u>.**

6. If you did not hire the attorney, what is your connection with the attorney? Explain briefly

   _____

   _____

7. Are you currently represented by an attorney? _No_
   If yes, please provide information about your current attorney: _____

   _____

8. Do you claim the attorney has an impairment, such as depression or a substance use disorder? If yes, please provide specifics (your **personal** observations of the attorney

0411                                                                              3

such as slurred speech, odor of alcohol, ingestion of alcohol or drugs in your presence etc., including the date you observed this, the time of day, and location).

_____

_____

9. Did the attorney ever make any statements or admissions to you or in your presence that would indicate that the attorney may be experiencing an impairment, such as depression or a substance use disorder? If so, please provide details.

_____

_____

IV. INFORMATION ABOUT YOUR GRIEVANCE

1. Where did the activity you are complaining about occur?

County: Galveston     City: Galveston

2. If your grievance is about a lawsuit, answer the following, if known:

a. Name of court _____

b. Title of the suit Polly World Inc vs Kershaw Enterprisess Inc.

c. Case number and date suit was filed Never Filed

d. If you are not a party to this suit, what is your connection with it? Explain briefly.

_____

**If you have copies of court documents, please attach.**

3. Explain in detail why you think this attorney has done something improper or has failed to do something which should have been done. Attach additional sheets of paper if necessary. Attached

**If you have copies of letters or other documents you believe are relevant to your grievance, please attach. Do not send originals.**

**Include the names, addresses, and telephone number of all persons who know something about your grievance.**

0411                                                          4

**Also, please be advised that a copy of your grievance will be forwarded to the attorney named in your grievance.**

On 10/4/2011 I went to Anthony Griffins Office to speak with him about a case. He agreed to take my case against Kershaw Enterprises and told me to include Chicago Title. He told me to bring him a #5000.⁰⁰ retainer ASAP because he was going to be filing suits in the Courts the next week. I brought him the check for the retainer to get the suit started and it cleared my bank by 10/7/2011. 5 months went by with nothing in Dec 2011 I kept calling his office and everytime I asked to speak to him he was out. I left voice message and never was called back. January 7th 2012 I called again and was told because of the holiday nothing had been done. February 13th 2012. I sent an e-mail to Mr Griffin and again to response to the e-mail. Finally February 22nd 2012. I drove to Galveston to see if his office was still there. His Secretary told me again Mr. Griffin was not there "he was throwing out Junk" She set up an appointment for me because I began to Complain about it had been

V. **HOW DID YOU LEARN ABOUT THE STATE BAR OF TEXAS' ATTORNEY GRIEVANCE PROCESS?**

____ Yellow Pages
____ Internet
✓ Other

0411                                                                5

Continued from pg 5

5 months and nothing had been done. She said lets schedule an appointment for you to look over papers Friday and that way he will have to do something. So Friday comes along February 24th 2012 and they called and cancelled my appt. because they said there computers were down.
So I insisted this was rediculious and something needed to get started so she schedule me for Monday the 27th. When I got there I felt like papers had been thrown together to shut me up. The amount was wrong and there are type errors in the interest amount. When I asked Mr. Griffin were the paper work was against the Title Company his response was "Why would you sue them?" I then explained to him it was his idea in our original meeting. This just made me realize he had not even looked over my file and how long it had been pushed to the side he could remember anything. He kept asking what was the job of a Title Company. He is an attorney he should know that in my opinion. I made

Page 4

another appointment to come back
You said you would have corrected
paper work for me. So my next
appointment was March 2nd 2012.
So March 2nd comes along and
guess what my appointment was
Cancelled again. I then asked Mr.
Griffins office for my retainer back
to I could employ a new attorney.
his secretary connected me with
him and he picked up the phone
very unproffesionally and told me
to Calm down he would have everything
together March 5th. So On March
5th I drove to Galveston to get my
corrected papers to be told they werent
ready to come in the morning and I
was hung up on. So before making
another wasted trip to Galveston I
called first to be told Mr. Griffin
left for Louisiana and my papers
again were not done Try tomorrow.
When I asked what time I was
rudely told by the secretary I dont
Know All I can tell you is what he
Said. I feel lille I have been
Completely mistreated by this

attorney and have simply asked
for my money back to be told NO!!
If he had done anything for me
it would be understandable but
he has done nothing for me except
take my money. He _never_ returns
phone calls, won't answer e-mails.
I'm sure this is not appropriate
behavior for an attorney. Please help.

Sincerely

Polly Reddin

## VI. ATTORNEY-CLIENT PRIVILEGE WAIVER

I hereby expressly waive any attorney-client privilege as to the attorney, the subject of this grievance, and authorize such attorney to reveal any information in the professional relationship to the Office of Chief Disciplinary Counsel of the State Bar of Texas.

I understand that the Office of Chief Disciplinary Counsel maintains as confidential the processing of Grievances.

Signature: _Polly Beddius_     Date: _3-12-12_

TO ENSURE PROMPT ATTENTION, THE GRIEVANCE SHOULD BE MAILED TO:

THE OFFICE OF CHIEF DISCIPLINARY COUNSEL
**P.O. Box 13287**
**Austin, Texas 78711**

0411

6

HP Officejet J6400 All-in-One series

**Fax Log for**
First Step Daycare 2
(409) 948-9901
Mar 06 2012 1:02PM

## Last Transaction

| Date | Time | Type | Station ID | Duration | Pages | Result |
|------|------|------|-----------|----------|-------|--------|
| Mar 6 | 1:00PM | Fax Sent | 7634102 | 1:08 | 2 | OK |

**Note:**

Image on Fax Send Report is set to Off

An image of page 1 will appear here for faxes that are sent as Scan and Fax.

**From:** Polly <      _        ⌣        >
     **To:** anthonypgriffin <anthonypgriffin@gmail.com>
**Subject:** refund of retainer
    **Date:** Tue, 6 Mar 2012 12:24 pm

Dear Mr. Griffin, I am writing this letter to end our client / Lawyer relationship. I am requesting a refund of my retainer for the following reasons: I came in and spoke to you about my situation and you agreed to take the case. At that time you told me our best bet was to file suit against the title company because they had neglected to do there jobs to protect me and included First Step Learning Center also. You told me you would be filing suit the followng week so you needed a $5000.00 retainer. I agreed to this and rushed to come up with the money. Here we are 5 months later and nothing has been done. I have e-mailed you and recieved no response to e-mails I have called on several occasions and dont even get the courtesy of a returned call. I finally drove to Galveston to see if your office was even still there to be told by the secretary you werent there you were out getting rid of junk. She set me up an appointment for February 24th 2012 and it was cancelled by your office. I was told to come in on Monday the 27th when I got there I felt like some papers had been thrown together to shut me up. When I asked about the lawsuit against the title company you asked me why would I sue them? I then reminded you it was your idea. I then had to refresh your memory on that. Which just proves my point Ive been pushed to the side and its been to long since my file has even been looked at. I then got another appointment to come back on March 2nd 2012. I explained to you we have wasted to much time and needed to move on this. So March 2nd comes and again your office cancelled my appointment. When I asked for my money back your response to me was to calm down you would have everything together for me Monday March 5th 2012 so I again drove to Galveston to collect my paperwork and I was again informed they werent ready to come in the morning .So March 6th is here  I thought I better call before making another wasted trip to Galveston I was then told by your office that you were in Lousianna and my stuff was still not ready and you had e-mailed me. I checked my e-mail and never recieved anything from you. When I questioned her the response I get is all I can do is tell you what he said. Well I think Ive been patient enough and clearly not treated in a professional manner. I am very disppointed in the way things have been handled. I would like to recieve my retainer back ASAP so we can move forward. Thank You, Polly Reddin

*Polly Reddin*

**From:** Polly <

**To:** anthonypgriffin <anthonypgriffin@gmail.com>

**Subject:** Suit for First Step Daycare or Polly World Inc.

**Date:** Mon, 13 Feb 2012 3:55 pm

```
--i Mr. Griffin, I was trying to follow up on the suit. I looked on my
books and I paid the retainer in october. I thought by now we might
have started something but I still havent heard anything from your
office. Do You --now when we might get things started? Please call and
let me know something. Thank You Polly Reddin 409-771-1854
```

never responded to.

**POLLY WORLD INC.**
**FIRST STEP DAYCARE**
409-741-3000
2910 53RD ST.
GALVESTON, TX 77551

5678

45-630-1131

Date 10-4-11

Pay to the
order of _____ Anthony Griffin _____ | $ 5000 00/xx

Five thousand & No/100 _____ Dollars

TEXAS FIRST BANK
4129 PABKED BEACH
GALVESTON, TX 77554
409-945-9589
www.texasfirstbank.com

For _____ Retainer _____

Polly Bell

20111006005500626455 3475

20111006005500626455 3475

FOR DEPOSIT ONLY

October 4, 2011

## CONTRACTUAL AGREEMENT

### Parties to Agreement

This is to authorize A GRIFFIN LAWYERS/ANTHONY P. GRIFFIN, INC., hereinafter and sometimes referred to as LAWYERS, to act as lawyers for the undersigned, POLLY REDDIN, hereinafter and sometimes referred to as CLIENT(S), relative to all matters concerning breach of contract, deceptive trade, etc..

### You are Hiring Us to Do What?

1. To investigate your case to determine the viability of the case.

2. To advise you as to the viability of same.

3. To work with you with respect to your case including appearing on your behalf before any corporation, official, board, department, administrative body or to file suit and in any Court (Federal or State), if necessary and if warranted.

### Retainer/What is it?/What does It Mean?/What It Isn't?

1. In consideration of the services rendered and to be rendered to client by the said law firm, the client

agrees to pay $5,000.00.

2. Your retainer is the consideration to hire ANTHONY P. GRIFFIN, INC., LAWYERS.

3. Said retainer is non-refundable. This means that once the fee is paid, it shall be deemed earned. This does not mean that the retainer represents the total attorney fees due the firm (see 4 herein).

4. This retainer fee should not be interpreted as constituting the full reasonable fee to which the Lawyers may be entitled for services performed pursuant to an award of the Court or settlement.

## Attorney Fee Determination

The determination of attorneys' fees shall be made as follows:

1. The attorney has the right to petition the Court, in the event the plaintiff prevails in this litigation, for reasonable attorneys' fees, consistent with the Texas law. If the lawyer elects to receive the fee award from the Court, then any such fees awarded by the Court shall not be paid by the client or out of the client's portion. This paragraph contemplates the attorney petitioning the Court for additional fees. This does not take place unless you are the prevailing

2

party in the litigation.

2. The client is informed that the attorneys' hourly rate ranges from $250.00 to $500.00 an hour in the civil rights arena. The rate depends on the nature of the case, the tasks to be performed, the reputation of the lawyers, and other factors defined by the relative case law and the civil litigation and/or area of practice.

3. The lawyers are entitled to thirty three and third (33 1/3%) of any and all recovery obtained on behalf of the client (gross recovery) which may be obtained by virtue of compromise settlement/trial/verdict.

4. This provision allowing a contingent basis for recovery of attorneys' fees does not prevent the attorney from applying for the collecting attorney fees under the Texas law.

5. Any fee awarded by the Court shall be applied dollar for dollar to offset the contingent fee set out above (by way of example - if the client recovers $100.00, the attorney fee award shall derive off the top of the $100.00 and forty percent (40%) 33%oo shall be deducted leaving the client a recovery of $60.00). If on application for reasonable attorney fees the Court

3

awards $35.00 in lawyer fees, the client's obligation shall be $25.00 (a dollar for dollar application).

6. In the event the reasonable attorney fee award exceeds the contingent fee award, there shall be no deduction of fees from the Client's portion and the fee award will be the attorney's sole recovery of fees. No excess over the contingent fee amount shall be applied to the Client's recovery.

7. In the event the contingent fee, or vice versa, award exceeds the award by the Court, the Lawyers are awarded the greater of the two sums.

## Cost - We Will Front Litigation Cost, Unless Agreed Otherwise.
### How Do We Get Our Money Back?

Cost associated with this litigation shall be deducted from the client's portion. By way of example -

- If recovery is $100.00 (by compromise settlement) and

- Attorney fees deducted at 33⅓% = $60.00

- Then costs would be deducted from the client's balance. Therefore,

- If costs associated with the suit was $10.00, then the client's recovery would be $60.00 minus $10.00 = $50.00.

4

The same type of deduction of costs takes place under circumstances where contingent fees do not apply.

### Guarantees - None

There are no guarantees held out with respect to the results of this litigation.

### Withdrawal, Malfeasance, Breach of Contract

1. Withdrawal: Lawyers have an ethical obligation to represent the Client zealously within the bounds of the law, but the Lawyers also have an obligation, when material representation surfaces or where there is a breach of the terms of this contract by the Client, to withdraw from the representation of the Client. Nothing in this contract guarantees any results, including whether a suit will or will not be filed or any other matters that border on guarantees. The only guarantee relates to the representation within the confines of the Code of Professional Responsibility (zealously within the bounds of the law). It has been explained orally that the Lawyers' obligation to the Court and the rules of ethics require investigation and examination of the facts.

2. Investigation/If No Case: If the facts reveal no case

5

exists, the Lawyer shall promptly advise the client and terminate the relationship. The retainer again is non-refundable.

3. Investigation/Material Breach: If the investigation reveals a material breach, lie, or misstatement by the client, the Lawyer will advise the Client as to how such breach affects the Lawyer's ability to proceed in the representation. If termination is appropriate, the Lawyer(s) shall advise the client of her rights and shall promptly take any necessary acts to protect the Client (advise as to action) and the firm's rights. Again, the retainer shall be deemed non-refundable.

## Privilege of Firm

It shall be the exclusive privilege of Lawyers to determine when and where suits shall be filed. Again, Lawyers retain the discretion whether to obligate the office in the appeal process.

## Compromise

No compromise or settlement of Client's claims will be made without the consent of both Client and Lawyers.

## Power of Attorney

Lawyers are hereby granted full authority to sign all legal instruments, pleadings, drafts, authorizations and papers that shall be reasonably necessary to conclude settlement and/or reduce to possession any and all monies or other things of value due to Client under this claim as fully as Client could so do in person.

## Keeping the Client Informed

Lawyers agree to produce copies of documents as related to this litigation and to keep the client fully informed.

## Venue Lies in Galveston County

All sums due and payable at Lawyers' office in Galveston County, Texas.

SIGNED AND AGREED to on this the ____ day of

_____, 2011.

_____

POLLY REDDIN

SIGNED AND AGREED to on this the ____ day of

_____, 2011.

_____

ANTHONY P. GRIFFIN
A GRIFFIN LAWYERS
1115 MOODY
GALVESTON, TEXAS   77550
409.763.0385
1.800.750.5034
FACSIMILE NO. 409.763.4102
agriffin@agriffinlawyers.com
anthonypgriffin@gmail.com

c:word.reddin_polly.contract_employment

8

## NOTICE OF CLIENTS

The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys.

Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar Office of General Counsel will provide you with information about how to file a complaint.

For more information, please call 1.800.932.1900. This is a toll-free phone call.

*A GRIFFIN LAWYERS*

*Galveston Island*
*Galveston, Texas 77550*

February 27, 2012

Polly Reddin

     RE:  POLLY WORLD, INC. V. KERSHAW ENTERPRISES, INC.
           AND DEBBIE KERSHAW; IN THE _____ JUDICIAL DISTRICT
           COURT; GALVESTON COUNTY, TEXAS; CAUSE NO.

          (PLAINTIFF'S ORIGINAL PETITION) (ROUGH DRAFT)

          (DEMAND LETTER)

          (NOTICE OF LIS PENDENS)

Ms. Reddin:

    A rough draft of the lawsuit is attached. I need the total amount due on the note as of March 1, 2012. I am also enclosing a new demand letter, to perfect the recovery of attorneys' fees. The lis pendens will be filed once the lawsuit is filed.

    If you have any questions, please inform.

                    Sincerely,

                    Anthony P. Griffin
                    A Griffin Lawyers
                    1115 Twenty First Street
                    Galveston, Texas  77550
                    409.763.0386
                    1.800.750.5034
                    Facsimile No. 409.763.4102

APG/
files

Encls.

*Galveston Island*
*Galveston, Texas 77550*

February 27, 2012

Debbie Kershaw
Kershaw Enterprises, Inc.
2910 Mary Moody Northern Boulevard
Galveston, Texas  77551

RE:  DEMAND ON NOTE – CONTRACT ON LOAN AGREEMENT DATED FEBRUARY 20, 2008 BETWEEN POLLY WORLD, INC. AND KERSHAW ENTERPRISES, INC.

(DEMAND)

Ms. Kershaw and/or To Whom It May Concern:

Please accept this letter as supplement to the letter forwarded to you back on December 23, 2010.  Please note that note in past due and demand is made on same.  If payment is not made within ten (10) days from the receipt of this letter, a suit will be brought to protect the client's interest.  The suit will also include a claim for reasonable and necessary attorneys' fees to collect the subject debt.

Thank you for your attention to this matter.

Sincerely,

Anthony P. Griffin
A Griffin Lawyers
1115 Twenty First Street
Galveston, Texas  77550
409.763.0386
1.800.750.5034
Facsimile No. 409.763.4102

APG/
files

Encl. – Contract

CERTIFIED MAIL, RRR NO. 91 7108 2133 3934 9976 8494
AND REGULAR MAIL

*A GRIFFIN LAWYERS*

*Galveston Island*
*Galveston, Texas 77550*

March 8, 2012 - 10:00 A.M.

TO:        POLLY REDDIN

FROM:      ANTHONY P. GRIFFIN
           A GRIFFIN LAWYERS
           1115 MOODY
           GALVESTON, TEXAS   77550
           409.763.4102

RE:    POLLY WORLD, INC. V. KERSHAW ENTERPRISES, INC.
       AND DEBBIE KERSHAW; IN THE ____ JUDICIAL DISTRICT
       COURT; GALVESTON COUNTY, TEXAS; CAUSE NO. _____

       (CONFIRMATION THAT RELATIONSHIP TERMINATED)

NO. OF PAGES FAXED - ____(inclusive of cover)

     If you have difficulty receiving this transmission or any part thereof, please call 409.763.0366.

c:word.reddin_polly.fax_client

*A GRIFFIN LAWYERS*

*Galveston Island*
*Galveston, Texas 77550*

March 7, 2012


Polly Reddin


        RE:   POLLY WORLD, INC. V. KERSHAW ENTERPRISES, INC.
              AND DEBBIE KERSHAW; IN THE ____ JUDICIAL DISTRICT
              COURT; GALVESTON COUNTY, TEXAS; CAUSE NO.
              _____

              (CONFIRMATION THAT RELATIONSHIP TERMINATED)

              (CONFIRMATION THAT CONTRACT OF EMPLOYMENT CALLS
              FOR A NON-REFUNDABLE RETAINER)

Ms. Reddin:

        Please note that this confirms the termination of our
relationship.  If you need additional copies of the
materials from your file, please inform.  The copy and/or
documents in my file are copies of documents tendered to me
by you.  This also confirms that our retainer is non-
refundable.  If you desire us to provide you a description
of the scope and nature of the work performed, please
inform.

                              Sincerely,


                              Anthony P. Griffin

A Griffin Lawyers
1115 Twenty First Street
Galveston, Texas   77550
409.763.0336
1.800.750.5034
Facsimile No. 409.763.4102

APG/
files

xc:   Interoffice - Rita Westerman
      (please close file)

*A GRIFFIN LAWYERS*

*Galveston Island*
*Galveston, Texas 77550*

March 7, 2012

Polly Reddin

RE:  POLLY WORLD, INC. V. KERSHAW ENTERPRISES, INC.
AND DEBBIE KERSHAW; IN THE ____ JUDICIAL DISTRICT
COURT; GALVESTON COUNTY, TEXAS; CAUSE NO.
_____

(CONFIRMATION THAT RELATIONSHIP TERMINATED)

(CONFIRMATION THAT CONTRACT OF EMPLOYNMENT CALLS
FOR A NON-REFUNDABLE RETAINER)

Ms. Reddin:

Please note that this confirms the termination of our
relationship. If you need additional copies of the
materials from your file, please inform. The copy and/or
documents in my file are copies of documents tendered to me
by you. This also confirms that our retainer is non-
refundable. If you desire us to provide you a description
of the scope and nature of the work performed, please
inform.

Sincerely,

Anthony P. Griffin

A Griffin Lawyers
1115 Twenty First Street
Galveston, Texas   77550
409.763.0386
1.800.750.5034
Facsimile No. 409.763.4102

APG/
files

xc:   Interoffice – Rita Westerman
      (please close file)

CAUSE NO. _____

POLLY WORLD, INC.                    IN THE _____

V.                                   JUDICIAL DISTRICT COURT

KERSHAW ENTERPRISES, INC.,
AND DEBBIE KERSHAW                   GALVESTON COUNTY, TEXAS}

PLAINTIFF, POLLY WORLD, INC.'S, ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

This lawsuit is brought by Polly World, Inc., herein after and sometimes referred to as Plaintiff, against Kershaw Enterprises, Inc. and Debbie Kershaw, hereinafter and sometimes referred to as Defendants. Plaintiff would show unto the Court as follows:

I.

This matter is a Schedule 2 matter as that term is defined by the Texas Rules of Civil Procedure, Rule 190.3.

II.

Plaintiff, Polly World, Inc. is a corporation doing business in the State of Texas.

Kershaw Enterprises, Inc. is an entity incorporated in the State of Texas and be served with process by serving its registered agent, to-wit: _____.

Debbie Kershaw can be served with process by serving her at 2910 53rd Street, Galveston, Texas.

III.

On or about April 15, 2008, the parties entered into agreements associated with property described as Abstract 628, Page 101, M. Menard Surface of Tract 83 (542 Acres), City of Galveston, Galveston County, Texas. The agreements included Contract of Loan Agreement in which Kershaw Enterprises, Inc., and Polly World, Inc. acknowledged documentation of agreement between the Buyer (Kershaw) and Seller (Polly World) surrounding the sell of the subject property, with all existing and proposed improvements, including personal property. The written agreement provided that Lender (Polly World) agrees to a secondary lien on said property subject to Borrower's lender (Moody Bank) having the first lien on the subject property. The Contract of Loan Agreement evidencing "the loan amount of $170,000.00 being evidenced by a promissory note to Seller bearing interest at the rate of nine (5%) per annum payable in monthly installments of $1,200.00 per month. The note shall be payable at any time prior to maturity without penalty" -- (a copy of the Contract of Loan Agreement is attached herein). The parties also entered into a Purchase and Sale Agreement (attached and incorporated for all purposes). Polly World also executed a Warranty Deed with Vendor's Lien and a General Conveyance, Assignment and Bill

of Sale (attached and incorporated for all purposes herein).

## IV.

### DAMAGES AND PRAYER

Defendant has failed to pay and has defaulted on the subject due. Defendant's outstanding debts on said note is $ _____, for which Plaintiff brings this claim.

Plaintiff also prays for prejudgment and post-judgment interest, costs of court and all matters under law and equity that Plaintiff may be entitled.

Plaintiff sues for reasonable and attorneys fees.

Plaintiff prays for trial by jury.

DATE: February 27, 2012.

Respectfully submitted,

_____

ANTHONY P. GRIFFIN
A GRIFFIN LAWYERS
1115 TWENTY FIRST STREET
GALVESTON, TEXAS 77550
409.763.0386
1.800.750.5034
FACSIMILE NO. 409.763.4102

STATE BAR NO. 08455300

ATTORNEY FOR PLAINTIFF
POLLY WORLD, INC.

c:word.reddin_polly.plaintiff_original_petition.2011-3348

NOTICE OF LIS PENDENS

STATE OF TEXAS

COUNTY OF GALVESTON

Consistent with § 12.007, Texas Property Code, this Notice of Lis Pendens is filed in order to encumber real property described as follows:  Abstract 628, Page 101, M. Menard Surface of Tract 83 (542 Acres), City of Galveston, Galveston County, Texas.  This lis pendens pertains to the establishment of an interest in real property, or the enforcement of an encumbrance against real property.  An action has been filed in the district court with respect to same, styled Polly World, Inc. v. Kershaw Enterprises, Inc. and Debbie Kershaw, in the _____ Judicial District Court, Galveston County, Texas, Cause No. _____.

Affiant so swears and affirms on this the _____ day _____, 2012.


_____
POLLY REDDIN

SUBSCRIBED AND SWORN TO BEFORE ME on this the _____

day of _____, 2012.


_____
NOTARY PUBLIC IN AND FOR
STATE OF TEXAS

MY COMMISSION EXPIRES: _____

c:word.reddin_polly_lis_pendens

BEFORE THE EVIDENTIARY PANEL OF THE

STATE BAR DISTRICT NO. 5B GRIEVANCE COMMITTEE

COMMISSION FOR LAWYER DISCIPLINE,
PETITIONER,

V.                                    H0031234738 [POLLY REDDIN]

ANTHONY P. GRIFFIN,                   GALVESTON COUNTY, TEXAS
RESPONDENT.

RESPONDENT'S ORIGINAL ANSWER

TO THE HONORABLE MEMBERS OF THE GRIEVANCE COMMITTEE:

Respondent files this his response to the original evidentiary petition and asserts as follows:

1. Respondent asserts a general denial and prays that the Commission proves the allegations by the strictest proof allowed under law.

2. Respondent admits in part and denies in part the allegations contained in paragraph 1. Plaintiff was hired by the client to advise and consult. The client does not have the right under the Code/Disciplinary Rules to dictate when and where the lawsuit is filed as long as the cause is filed timely.

3. Respondent admits and denies paragraph 2. The Respondent admits that appointments were made and sometimes canceled. During one particular appointment, Respondent did tender a "rough draft" to the client to make corrections. A rough draft is what is connotes – and the notion that the same

represents malfeasance is consistent with the practice of law. In addition, Respondent would show that a lawyer's schedule oft-times is controlled by the lawyer's trial docket and the cancellation of an appointment (with notice) is a proper practice and not a violation of the Disciplinary Rules.

4. With respect to the rule violations, Respondent denies violating with respect to neglect. The facts set out by the Commission do not support same as a matter of law. In addition, the client was informed as to the status of her case and the client was tendered her paperwork in a timely fashion. The Respondent contends that the retainer was non-refundable and the work having been performed.

Prayer for Relief

5. It is prayed that the requested relief be denied herein.

DATE: October 26, 2012.

Respectfully submitted,

/S/ ANTHONY P. GRIFFIN

ANTHONY P. GRIFFIN
A GRIFFIN LAWYERS
1115 TWENTY FIRST STREET
GALVESTON, TEXAS 77550
409.763.0386
1.800.750.5034
FACSIMILE NO. 409.763.4102

STATE BAR NO. 08455300

CERTIFICATE OF SERVICE

This is to certify that the foregoing answer was forwarded to opposing counsel on this the 26th day of October, 2012 by email transmission/facsimile transmission and/or by regular mail, confirmation copy, to-wit:

SHANNON BREAUX SAUCEDA
ASSISTANT DISCIPLINARY COUNSEL
OFFICE OF THE CHIEF DISCIPLINARY COUNSEL
600 JEFFERSON, SUITE 1000
HOUSTON, TEXAS 77002

/S/ ANTHONY P. GRIFFIN

ANTHONY P. GRIFFIN

c:word.grievancefile_reddin_polly_original_answer

*A GRIFFIN LAWYERS*

*Galveston Island*
*Galveston, Texas 77550*

May 22, 2012

Robert Nelson
Chief Investigator
Office of the Chief Disciplinary Counsel
State Bar of Texas
600 Jefferson, Suite 1000
Houston, Texas   77002

RE:  H0031234738 POLLY REDDIN - ANTHONY P. GRIFFIN

(RESPONSE TO GRIEVANCE)

Mr. Nelson:

Please accept this as our response to the subject
grievance.  Please note that it is our position that we
have not violated any rights and/or duties due and owing to
the client.  In context of background, please note as
follows:

- The initial interview took place on September 29,
  2011.  The client was referred by a former
  client, Kenny Childs.
- A copy of the contract of employment is attached.
  The retainer was $5,000.00, nonrefundable.
- The client came to this office concerned with
  respect to a debt that was due and owing to her
  from a Debbie Kershaw, and Kershaw Enterprises,
  Inc.  The debt originated out of the purchase of
  a property from the client, the note was
  $170,000.00 and was signed on or about February
  2008.  The client was concerned that Kershaw
  Enterprises, Inc./Debbie Kershaw d/b/a First Step
  had violated the terms of the Loan Agreement.
  The client's argument related to the title
  company related to the client's feelings that the

title company did not prepare the appropriate paperwork to protect their interest.

- Attached under Tab B are copies of the contractual documents prepared by the title company
- The client had previous counsel in the form of Lyons & Plackemeir, P.L.L.C. This firm wrote a letter dated December 23, 2010 providing notice of the debt (Tab C).
- Under Tab 4 is the work performed for the client, to-wit: (i) letter dated October 4, 2011 transmitting the contract of employment; ii) demand letter to Kershaw adding "reasonable and necessary attorneys fees"; letter from former counsel did not have this language and thus this would have precluded the client recovering attorneys' fee; iii) the rough draft of Notice of lis pendens prepared for the client; iv) our letter dated February 27, 2012 to the client transmitting the rough draft of the lawsuit, the lis pendens and the demand letter; v) the rough draft of the lawsuit; vi) our letter dated March 7, 2012 making clear the relationship between this office and the client is now terminated.

My disagreement with the client is one related to time-line and the decisions that the lawyer traditionally makes (when and where file suit). Please note that the language contained in the contract is borrowed from the Disciplinary Code and case law. The then followed her time-line with an explicit threat ... if the lawsuit is not filed by a certain date and/or the rough completed by a certain date, then our relationship will be terminated. I agreed – the relationship should be terminated. My letter followed this agreement.

The client also inquired with respect to refund of part and/or all of the non-refundable retainer. I informed the client that I had performed work and this would not occur; our letter followed.

If any additional information is needed, please inform; my apology for the delay in transmitting this information.

Sincerely,

Anthony P. Griffin
A Griffin Lawyers
1115 Twenty First Street
Galveston, Texas  77550
409.763.0386
1.800.750.5034
Facsimile No. 409.763.4102

APG/
files

FACSIMILE TRANSMISSION AND REGULAR MAIL

xc:  Polly Reddin

c:word.grievance_folder_reddin.polly_response_grievance